IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEQUOIA TECHNOLOGY, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>DELL, INC., DELL TECHNOLOGIES, INC. AND ITS SUBSIDIARY EMC CORPORATION (AKA DELL EMC),<br><br>                Defendants. | Civil Action No. 1:18-cv-01127-LPS-CJB |

**PROCEDURES ORDER**

IT IS HEREBY ORDERED that, subject to any subsequent order of the Court, the following procedures shall govern proceedings in this matter:

1. **"Discovery Matters" Procedures.**

    a. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

    b. Should counsel find, after good faith efforts - including *verbal* communication among Delaware and Lead Counsel for all parties to the dispute - that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

    Dear Judge Stark:

    The parties in the above referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): ------------------

Delaware Counsel: ------------------

Lead Counsel: -----------------------

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

c. On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

d. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

e. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve

the dispute prior to the telephone conference and will, in that event, cancel the conference.

**2.** **Motions to Amend.**

    a. Any motion to amend (including a motion for leave to amend) a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

    c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

**3.** **Motions to Strike.**

    a. Any motion to strike any pleading or other document shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

    b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

    c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

4. **Scheduling Order.** The foregoing procedures shall be repeated in the scheduling order to be entered in this case.

| | |
|---|---|
| Dated: August 15, 2018 | BAYARD, P.A. |
| Of Counsel:<br>Nate Dilger<br>Deepali Brahmbhatt<br>One LLP<br>4000 MacArthur Blvd.,<br>East Tower, Suite 500<br>Newport Beach, CA 92660<br>ndilger@onellp.com<br>dbrahmbhatt@onellp.com<br><br>John Lord<br>One LLP<br>9301 Wilshire Blvd.<br>Penthouse Suite<br>Beverly Hills, CA 90210<br>jlord@onellp.com | /s/ *Stephen B. Brauerman*<br>Stephen B. Brauerman (sb4952)<br>600 N. King Street, Suite 400<br>Wilmington, DE 19801<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br><br>*Attorney for Plaintiff Sequoia Technology LLC* |