IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEQUOIA TECHNOLOGY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1127 (LPS) (CJB) |
| | ) | (CONSOLIDATED) |
| DELL INC., DELL TECHNOLOGIES INC. and its | ) | |
| subsidiary EMC CORPORATION (AKA DELL | ) | **REDACTED -** |
| EMC), | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |
| RED HAT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-2027 (LPS) (CJB) |
| | ) | |
| SEQUOIA TECHNOLOGY, LLC and | ) | |
| ELECTRONICS AND | ) | |
| TELECOMMUNICATIONS RESEARCH | ) | |
| INSTITUTE, | ) | |
| | ) | |
| Defendants. | ) | |

**RED HAT'S LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
REGARDING DISCOVERY DISPUTES (D.I. 199)**

OF COUNSEL:

Gregory S. Arovas, P.C.
Todd M. Friedman, P.C.
Christopher DeCoro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Edward C. Donovan, P.C.
Anders P. Fjellstedt
Abigail Lauer Litow
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 389-5000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014))
Brian P. Egan (#6227)
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Plaintiff and Counterclaim Defendant
Red Hat, Inc.*

**Original Filing Date: August 27, 2020
Redacted Filing Date: September 3, 2020**

Dear Judge Burke:

Red Hat submits this letter brief pursuant to the Court's August 21, 2020 order (D.I. 199). Fact discovery closes on November 20, 2020, and document production should have been substantially complete by May 15. D.I. 61, 115. Between June 2 and August 2, Red Hat wrote to ETRI and Sequoia's joint counsel seven times explaining the deficiencies in their responses, and initiated multiple meet-and-confers to attempt to resolve these disputes. Despite Red Hat's efforts, ETRI and Sequoia continue to avoid their obligations while benefiting from extraordinarily lopsided discovery from Red Hat. Whereas Red Hat has produced over 153,000 documents, Sequoia and ETRI together have baselessly objected to over 20 RFPs and produced only 2,100 documents (plus another 16,400 files that are broken—an unintelligible collection of images and incomplete documents which they have yet to fix). ETRI's and Sequoia's written discovery responses are likewise inadequate. And, although Sequoia has already conducted nearly 20 hours of depositions, it has only allowed one 7-hour deposition, and ETRI has allowed none. This disparity has impeded Red Hat's ability to seek follow-up discovery and forced Red Hat to rely on publicly available information for topics where ETRI and Sequoia hold unique knowledge, such as ETRI's Booyo Linux program. Sequoia cannot pretend to lack relevant discovery—it is a shell company that acts an alter-ego for Intellectual Discovery ("ID"), a well-funded South Korean sovereign patent fund. ETRI collaborated with ID to form and fund Sequoia in hopes of benefiting from patent assertions while avoiding meaningful participation in discovery. Thus, Sequoia is merely an alter-ego for ID, and ETRI and ID are who have the actual knowledge related to this litigation. With prejudice mounting and time running out, Red Hat cannot continue to wait for ETRI and Sequoia to provide proper discovery. Red Hat therefore respectfully moves the Court to order ETRI and Sequoia to cure their deficiencies soon after the Hearing.

## I.      The Court Should Compel ETRI To Cure Its Discovery Deficiencies.

ETRI originally argued that it could ignore its discovery obligations while its now-withdrawn motion to dismiss was pending. The Court rejected that argument (D.I 139), and the argument separately became moot when ETRI withdrew its motion to dismiss (D.I. 200). ETRI must participate in discovery.

***Interrogatories***. ETRI's responses to Rogs 3, 6–8, 11–13, and 16 are incomplete. Ex. A.

**Rog 3 (products that embody the patent-in-suit).** Although ETRI and Sequoia[1] initially refused to acknowledge any products that embody or practice the '436 patent, Sequoia finally identified SANtopia Volume Manager (which Sequoia also alleges establishes an earlier priority date for the patented claims). Although ETRI developed SANtopia and owns the '436 patent, ETRI's response fails to provide any information about SANtopia. Moreover, neither Sequoia nor ETRI identified Booyo as a product that practices the '436 patent. The accused Linux Logical Volume Manager 2 (LVM2) in RHEL is also found in a Red Hat-sponsored open-source Linux distribution (called Fedora) that ETRI copied and distributed, pursuant to open source licenses, as Booyo. As such, ETRI's and Sequoia's failure to address Booyo as an embodiment is not only a deficiency but is tantamount to an admission that LVM2 in RHEL does not infringe. *See* D.I. 164, 168 (explaining Booyo's relevance to this action).

---

[1] Red Hat served a common set of discovery requests on both ETRI and Sequoia, and their interrogatory responses are often similar. Accordingly, when issues with ETRI's and Sequoia's responses overlap, Red Hat will attempt to address them together.

**Rog 12 (ETRI's contributions to Linux-based products).** ETRI failed to respond, and Sequoia's response is incomplete and contradicted by its documents. For example, although Sequoia states ETRI was "marginally involved" in Booyo's development, documents show ETRI led the Booyo project, copyrighted Booyo, and licensed Booyo to third parties. Ex. J-L; D.I. 143-1 at 55-65.

**Rogs 6–8, 11, 13, 16.** ETRI's responses to these requests for basic information about this litigation are each limited to a paragraph of objections and a promise to produce documents. Rog 6 (licensing activity for the patent-in-suit) and Rog 7 (ownership interests in the patent) seek information that ETRI, the patent owner, should possess. Indeed, ETRI, as a purported research organization, would presumably have responsive licensing information regarding "related technology" per Rog 6. Rog 8 (ETRI's corporate structure), Rog 11 (ETRI's ownership and relationship with other entities), and Rog 16 (ETRI's knowledge of ID) also seek information unique to ETRI. Rog 13 (ETRI's contribution to SANtopia) is relevant at least for the same reasons as Rog 3.

_**Failure To Comply With Delaware Default Standard.**_ Both ETRI and Sequoia have consistently failed to produce documents with the format and metadata preservation required by ¶¶ 5(c) and 5(e) of the Delaware Default Standard. Ex. N at 1-2. ETRI and Sequoia's shared counsel also produced what appear to be ETRI documents with Sequoia Bates numbers, further obfuscating their origin. Failure to provide custodial and other metadata prejudices Red Hat, including by impairing follow-up discovery and depositions. Further, neither party has identified non-custodial data sources (per ¶ 3(b)). ETRI and Sequoia only recently disclosed (insufficient) ESI search terms, and Red Hat requested additional terms (per ¶ 5(b)), but neither has yet agreed to use them. Ex. O. The Court should order ETRI to re-produce documents in compliance with the Default Standard, identify non-custodial sources, and use Red Hat's requested terms.

_**Document Production.**_ Given ETRI's and Sequoia's use of insufficient ESI search terms, failure to search non-custodial sources, non-compliance with the Default Standard, and improper withholding of documents (_infra_), it is unsurprising that ETRI and Sequoia have only provided a few thousand intelligible documents which fail to satisfy Red Hat's Requests for Production (RFPs) 1–2, 6–7, 10, 12–15, 18, 21–23, 34, 37, 49–51, 56, 58–59, 67–68, 70, and 72–74. _See_ Exs. B, H, I. Because ETRI and Sequoia have not clearly distinguished their document productions— _i.e._, documents listing ETRI as the custodians are Bates-stamped as Sequoia documents—Red Hat will address their deficiencies together.

ETRI and Sequoia have refused to produce any documents responsive to RFPs 1–2, 6–7, 14 (communications and documents re: this litigation); 15, 34, 37 (documents re: damages); 67 (documents re: relationships with any entities involved in forming Sequoia); and 68, 70, 72-74 (communications with and documents re: ID). And, although ETRI and Sequoia have produced some documents responsive to RFPs 10, 12–13, 18, 21–23 (documents re: the '436 patent and related licenses), such as the patent itself and the prosecution history, their productions are missing any documents supporting the patent's validity and documents relating to licensing negotiations (save for one cease-and-desist letter sent to a third party).

ETRI's production also fails to satisfy at least RFPs 49–51, 56, and 58–59 because ETRI has provided incomplete documentation about Booyo and SANtopia. Produced documents show that more relevant, unproduced documents exist. For example, ETRI produced Booyo "Project Reports" that reference technology summaries, source code analysis, and lists of patent applications and issued patents—but the vast majority of those documents have not been produced. _See, e.g._, Ex. M at ETRI003435-39 (citing unproduced technical document); _id_. at ETRI003463

(mentioning unproduced intellectual property list).

## II.     The Court Should Compel Sequoia To Cure Its Discovery Deficiencies.

***Interrogatories***. Sequoia's responses to Rogs 1, 3–13, and 16 are deficient and should be cured. Ex. C-G. Its responses to Rogs 3–4 and 12 are deficient for the same reasons as ETRI's responses.

**Rog 1 (infringement contentions)**. Sequoia's response fails to sufficiently identify which functionality of the accused products meets specific limitations. For instance, the asserted claims require storage of four specific metadata "tables" but Sequoia has provided nearly identical evidence for each, without specifying which metadata meets which table limitation. Sequoia identifies a section of metadata named "logical volumes" for all four "table" limitations, and identified sections of metadata titled "rhel" and "physical volumes" as meeting both "disk partition table" and "extent allocation table" limitations. Ex. Q at 86-91, 101-08. Red Hat is unable to determine the specifics of Sequoia's infringement theories, and thus has been required to speculate in developing its non-infringement and invalidity arguments.

**Rog 4 (damages)**. Sequoia's response only states that it is entitled to a reasonable royalty based on the *Georgia-Pacific* factors, and lists the dates of the hypothetical negotiation and damages period. Its most recent supplement cites three cases Sequoia asserts support its refusal to respond further. As those very cases show, however, Sequoia must explain its damages theory, including the alleged relationship between the customer discovery it seeks and its damages case. *See, e.g.*, *Milwaukee Elec. Tool Corp. v. Chervon N. Am. Inc.*, 2017 WL 2445845, at *7 & n.5 (E.D. Wisc. June 6, 2017) (requiring plaintiff to offer "analysis of the factors announced in *Georgia-Pacific*"). Especially because Red Hat has produced significant discovery relevant to damages, Sequoia is required to "meaningfully articulat[e]" its basis for damages and "include a narrative explanation as to how" the documents it relies on support its theory. *GlaxoSmithKline LLC v. Teva Pharm. USA, Inc.*, No. 14-878-LPS-CJB, D.I. 101 at 1–2 (D. Del. Jan. 28, 2016); *Personal Audio, LLC v. Google LLC*, No. 17-1751-CFC-CJB, 2018 WL 4502002, at *2 (D. Del. Sept. 20, 2018). A particularly glaring omission is Sequoia's failure to address marking and compliance with 35 U.S.C. § 287, a limitation on damages. *Motorola, Inc. v. U.S.*, 729 F.2d 765, 770 (Fed. Cir. 1984). Red Hat identified Booyo and SANtopia as products that allegedly practiced at least one claim of the patent-in-suit that were not marked with the patent number. Ex. R at 1-4; Ex. S at Rogs 15, 18. To claim pre-suit damages, Sequoia must now show either that these products do not embody the claims or that ETRI ensured substantial compliance with § 287. *Arctic Cat Inc. v. Bombardier Rec. Prod. Inc*., 876 F.3d 1350, 1366 (Fed. Cir. 2017).

**Rog 9 (validity contentions) and Rog 10 (differences between accused products and prior art versions)**. For Rog 9, Sequoia solely references the statutory presumption of validity. If Sequoia intends to make additional validity arguments, it should provide—at a minimum—its contentions regarding whether any reference in Red Hat's invalidity contentions (served over 8 months ago, on December 20, 2019) is not prior art or does not satisfy one or more claim elements, as well as any secondary considerations of non-obviousness. *See Pragmatus AV, LLC v. Yahoo! Inc.*, No. 11-902-LPS-CJB, D.I. 164 at 2-3 (D. Del. June 25, 2013) (ordering plaintiff to "fully answer" validity contention interrogatory). Sequoia stated it would respond to the related Rog 10, which also bears on validity, but has not done so.

**Rogs 6–8 and 16.** Sequoia responds to these interrogatories from the perspective of the one-person shell company Sequoia, withholding ID's knowledge and information. But Sequoia cannot hide behind its *pro forma* division from ID to avoid providing this information. Red Hat's deposition

of Wooseok Yang, Sequoia's lone employee and 30(b)(6) witness, established that Sequoia is ID's alter ego.



These factors confirm Sequoia is merely ID's alter ego. *See Blair v. Infineon Techs. AG*, 720 F. Supp. 2d 462, 470–73 (D. Del. 2010). Sequoia therefore should provide discovery from Sequoia and ID, who are one and the same, including interrogatories, documents, and depositions.

Rog 6 seeks information regarding licensing activity for the '436 patent. In response, Sequoia merely cites (without explanation) the '436 patent itself, a few pages of claim charts, and a short cease-and-desist letter. Ex. C. Sequoia omits information about any discussions,

Sequoia's response should "describe in detail" the "discussion, negotiation" that led to that arrangement, among any others. Furthermore, ID's business is the accumulation and assertion of patents, and therefore it presumably has responsive information regarding "related technology" per Rog 6.  Sequoia's responses to Rog 7 (re: ownership of the '436 patent), Rog 8 (re: Sequoia's corporate structure), and Rog 16 (re: ID's business activities) likewise impermissibly omit ID's knowledge. They also improperly rely on Rule 33(d). For example, Sequoia's response to Rog 8 includes an unexplained citation to 3,798 pages of documents and purports to rely on Sequoia's "complaint" (which does not exist, as this is a declaratory judgment action brought by Red Hat). These responses do not specify where in the cited documents Red Hat can find the asked-for information. *See, e.g.*, *Harry M. v. Pa. Dep't of Public Welfare*, 2011 WL 53047, at *1 (M.D. Pa. Jan. 7, 2011) ("Rule 33(d) does not serve to eviscerate Rule 33's requirement of specificity"); *Willemijn Houdstermaatschaapij BV v. Apollo Comput. Inc.*, 707 F. Supp. 1429, 1440 (D. Del. 1989) (discussing improper use of Rule 33(d)).

**_Document Production_.** Sequoia's document production remains deficient for the same reasons as ETRI's. After the parties' recent meet-and-confer, Sequoia committed to supplementing its production by August 19, but has not yet done so. Sequoia must complete its production as soon as possible, and its supplemental production must include ID documents.

**_Deposition Responses_.** Sequoia has not satisfied its obligations to provide deposition witnesses. Sequoia's 30(b)(6) witness, Mr. Yang, was unprepared for almost every topic for which he was designated. For at least Topics 2, 5, 9–12, 14–17, 19, 24, 26–29, 32, 34, and 35, Mr. Yang could not knowledgably testify on behalf of Sequoia (partly because he was not prepared to speak for ID). Ex. V. For example, Mr. Yang could not answer questions about the Exclusive License Agreement for ETRI patents,

Sequoia also cut unreasonably short Mr. Yang's deposition so Red Hat could not fully question him, including about Topics 3, 12, 14, 21, 43–44, and 48. Because Mr. Yang was testifying in his 30(b)(1) capacity and as Sequoia's sole 30(b)(6) witness, Sequoia should not have limited the depositions to a total of 7 hours on the record (14 hours translated). *See Sabre v. First Dominion Capitol, LLC*, No. 01-cv-214, 2001 WL 1590544, at *2 (S.D.N.Y. Dec. 12, 2001) (witness designated under 30(b)(6) and noticed under 30(b)(1) subject to two 7-hour depositions); D.I. 61 ¶ 8(e)(i) (translated deposition time limit is doubled). Further, Sequoia still must offer a 30(b)(6) witness for the topics it originally refused to provide a witness for—*e.g.*, Topic 6 (products embodying the claimed invention), which is relevant to damages, affirmative defenses, and invalidity. Red Hat therefore asks the Court to order a continuation of Sequoia's 30(b)(6) deposition (with all topics to be addressed), as well as Mr. Yang's 30(b)(1) deposition.

**_Duration and Timing of Depositions._** Sequoia has imposed unilateral deposition constraints that contravene the Scheduling Order and the Federal Rules, and has refused to make reasonable accommodations for time zone differences and COVID-related travel difficulties. For example, as noted above, Sequoia stopped Mr. Yang's deposition after 7 hours on the record, contrary to the Federal Rules. Furthermore, given the pandemic and the need to conduct remote depositions in different time zones, Sequoia and ETRI should also be ordered to reasonably cooperate to schedule the depositions of Korean witnesses at mutually-acceptable times and by allocating the allowable hours over multiple mutually-acceptable days. Given the pandemic counsels toward remote depositions, and the technology allows sensible timing over several days, it makes no sense for Sequoia/ETRI to force court reporters, attorneys, and staff in the U.S. to stay up all night two nights in a row for a 14-hour translated deposition—which is the requirement Sequoia imposes by misreading the Scheduling Order ¶ 8(e)(i). Ex. W.  Sequoia proposes only to "compromise" if it is allowed to talk to its witnesses during breaks, and that would be improper. Ex. P.

**_Privilege Claims._** Sequoia improperly claimed privilege over various topics to block related testimony and document production. **(1)** Counsel instructed Mr. Yang not to answer questions about documents he reviewed to prepare for his 30(b)(6) testimony and relied on at the deposition, including documents he referenced regarding alleged dates of conception and reduction to practice of the '436 patent. Ex. T, 53:7–16, 267:19–268:2. Documents that a 30(b)(6) witness uses for preparation and relies on  for testimony are discoverable and not subject to privilege objections. *Nutramax Labs., Inc. v. Twin Labs Inc.*, 183 F.R.D. 458, 472–74 (D. Md. 1998) (granting motion to compel documents reviewed by 30(b)(6) witnesses); *Sporck v. Peil*, 759 F.2d 312, 317-18 (3d Cir. 1985) (stating standard for when documents used for a testimonial purpose at a 30(b)(6) deposition should be produced).  **(2)** Sequoia also improperly claimed privilege over questions about its litigation financing arrangements, including contingency agreements. *See* Ex. T, 129:22–130:25, 192:13–21, 194:8–17, 218:2–21, 221:24–222:9, 223:1–224:7; *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. 16-453-RGA, 2018 WL 798731, at *1 (D. Del. Feb. 9, 2018) (documents prepared "with a 'primary purpose' of obtaining a loan" not protected); *Avgoustis v. Shinseki*, 639 F.3d 1340, 1345 (Fed. Cir. 2011) (facts about fee arrangements not privileged). **(3)** Sequoia/ID's business is patent assertion, and they cannot claim privilege over valuations or analyses of the '436 patent and other relevant technology, since such acts are done for business purposes. *See* Ex. T, 141:11–15, 142:2–10, 245:12–246:5; *Corning Inc. v. SRU Biosys., LLC*, 223 F.R.D. 189, 190–91 (D. Del. 2004); *Thought, Inc. v. Oracle Corp.*, No. 12-cv-5601, 2014 WL 3940294, at *3 (N.D. Cal. Aug. 11, 2014).

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

cc:    All Counsel of Record (via electronic mail)

Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEQUOIA TECHNOLOGY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 18-1127 (LPS) (CJB) |
| | ) | (CONSOLIDATED) |
| DELL INC., DELL TECHNOLOGIES INC. and its subsidiary EMC CORPORATION (AKA DELL EMC), | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| RED HAT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-2027 (LPS) (CJB) |
| | ) | |
| SEQUOIA TECHNOLOGY, LLC and ELECTRONICS AND TELECOMMUNICATIONS RESEARCH INSTITUTE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER ON RED HAT, INC.'S MOTION TO COMPEL

Before the Court is Red Hat, Inc.'s ("Red Hat") Motion to Compel Discovery.  After

consideration of same, the Court is of the opinion that it should be GRANTED.

IT IS HEREBY ORDERED that Electronics and Telecommunications Research Institute

("ETRI") shall provide the following discovery:

1. ETRI shall supplement its responses to Red Hat's Interrogatories Nos. 3, 6, 7, 8,

11, 12, 13 and 16 by September 16, 2020.

2. ETRI shall complete its document productions by September 16, 2020.

Specifically, ETRI shall:

a) Include in a reasonable search for documents any non-custodial data sources, pursuant to Delaware Default Standard for Discovery ¶ 3(b);

b) Apply, to any sources identified pursuant to the Default Standard ¶¶ 3 (a)-(b), the ESI search terms requested by Red Hat on August 23, 2020 pursuant to the Default Standard ¶ 5 (b);

c) Produce documents pursuant to the format and metadata requirements of the Default Standard ¶¶ 5 (c)-(e), and provide corrected metadata for any previously produced documents not in compliance with those provisions; and

d) Produce documents sufficient to respond to Red Hat's document requests 1, 2, 6, 7, 10, 12, 13, 14, 15, 18, 21, 22, 23, 34, 37, 49, 50, 51, 58, 59, 67, 68, 70, 72, 73, and 74.


IT IS FURTHER ORDERED that Sequoia Technology, LLC ("Sequoia") shall provide the following discovery:

3.   Sequoia shall supplement its responses to Red Hat's Interrogatories Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 16 by September 16, 2020.

4.   Sequoia shall complete its document productions by September 16, 2020. Specifically, ETRI shall:

a) Include in a reasonable search for documents any non-custodial data sources, pursuant to Delaware Default Standard for Discovery ¶ 3(b);

b) Apply, to any sources identified pursuant to the Default Standard ¶¶ 3 (a)-(b), the ESI search terms requested by Red Hat on August 23, 2020 pursuant to the Default Standard ¶ 5 (b);

c) Produce documents pursuant to the format and metadata requirements of the Default Standard ¶¶ 5 (c)-(e), and provide corrected metadata for any previously produced documents not in compliance with those provisions; and

d) Produce documents sufficient to respond to Red Hat's document requests 1, 2, 6, 7, 10, 12, 13, 14, 15, 18, 21, 22, 23, 34, 37, 49, 50, 51, 58, 59, 67, 68, 70, 72, 73, and 74; and

e) Identify all documents relied upon by Sequoia's 30(b)(6) witness(es) to prepare for testimony, including those which Sequoia claimed as privileged in W. Yang Dep. Tr. 53:7–16, 129:22–130:25, 141:11–15, 142:2–10, 192:13–21, 194:8–17, 218:2–

21, 221:24–222:9, 223:1–224:7, 245:12–246:5, 267:19–268:2, and produce any such documents that have not yet been produced.

5.       Sequoia shall provide testimony regarding topics that Sequoia's counsel previously claimed as privileged in the deposition of Mr. Wooseok Yang.  See W. Yang Dep. Tr. 53:7–16, 129:22–130:25, 141:11–15, 142:2–10, 192:13–21, 194:8–17, 218:2–21, 221:24–222:9, 223:1–224:7, 245:12–246:5, 267:19–268:2.

6.       The Rule 30(b)(6) deposition of Sequoia and Rule 30(b)(1) deposition of Mr. Wooseok Yang is to be continued for a total of up to 14 hours total in English (28 hours translated). Sequoia may designate someone else other than Mr. Yang to complete the deposition of Sequoia under Rule 30(b)(6).

7.       Sequoia shall provide, no later than October 30, 2020, a sufficiently knowledgeable and prepared witness to testify regarding Topic Nos. 2, 5, 9, 10, 11, 12, 14, 15, 16, 17, 19, 24, 26, 27, 28, 29, 32, 34, and 35 pursuant to Red Hat's May 26, 2020 Rule 30(b)(6) deposition notice.

8.       Sequoia is effectively an alter-ego for Intellectual Discovery, and therefore, in providing the aforementioned discovery, Sequoia shall account for the knowledge, information, testimony, or other resources of Intellectual Discovery as if they were Sequoia's own.


IT IS FURTHER ORDERED that the Parties are to cooperate in good faith to schedule depositions reasonably accommodating the time zones of all participants, particularly in view of the commonplace remote depositions during the present pandemic.  To facilitate reasonable accommodation, parties may break depositions over multiple days so that they occur during the participants' normal waking hours, to the extent possible.  At the same time, to avoid depositions lasting only a few hours over many days, each day of the deposition shall last at least 5 hours on the record, or until the limit of the deposition is exhausted.

IT IS FURTHER ORDERED that the following clarifies the duration of depositions, but does not displace any provisions in the Scheduling Order (D.I. 61).   Under Paragraph 8(e)(i) of the Scheduling Order, the parties are entitled to 7 hours in English (14 hours translated) per deposition.  This means that a Rule 30(b)(1) deposition may last up to 7 hours, and a Rule 30(b)(6) may last up to 7 hours.  In the event a party designates multiple witnesses to provide testimony under Rule 30(b)(6), then each witness may be allocated 7 hours in English (14 hours translated) for his or her 30(b)(6) deposition, in addition to the time limit set for each of his or her individual Rule 30(b)(1) depositions.  Each inventor may be deposed for fourteen (14) hours.  Deposition time limits are doubled if requiring translation from a foreign language.  No single deposition of any one witness can exceed two consecutive business days, except by mutual agreement.  If continuation past two consecutive business days is necessary to complete a deposition, and the parties do not agree to extend to the next consecutive business day, then the parties may schedule the deposition for the next available non-consecutive business day.

_____
Magistrate Judge Christopher J. Burke

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEQUOIA TECHNOLOGY, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>DELL, INC., DELL TECHNOLOGIES, INC. and its subsidiary EMC CORPORATION (AKA DELL EMC),<br><br>      Defendants. | C.A. No: 18-1127-LPS-CJB<br>**LEAD CASE** |
| RED HAT, INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>SEQUOIA TECHNOLOGY, LLC and ELECTRONICS AND TELECOMMUNICATIONS RESEARCH INSTITUTE,<br><br>      Defendants. | C.A. No: 18-2027-LPS-CJB |
| SEQUOIA TECHNOLOGY, LLC<br><br>      Counterclaim Plaintiff,<br><br>      v.<br><br>RED HAT, INC. and INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>      Counterclaim Defendants. | C.A. No: 18-2027-LPS-CJB |

**ELECTRONICS AND TELECOMMUNICATIONS RESEARCH INSTITUTE'S
SUPPLEMENTAL RESPONSES TO RED HAT'S FIRST AND SECOND SET OF
COMMON  INTERROGATORIES (NOS. 1-16)**

Pursuant to Fed. R. Civ. Proc. 33, Electronics and Telecommunications Research Institute

("ETRI") hereby supplements its Responses to the First and Second Set of Interrogatories[1]

(collectively, the "First Set of Interrogatories") propounded by Counterclaim-Defendant Red Hat,

Inc. ("Red Hat").  ETRI is not responding to Defendants Dell Inc., Dell Technologies Inc., and

EMC Corporation ("Dell"); Defendant Hewlett Packard Enterprise Company ("HPE");

Defendants Hitachi, Ltd. and Hitachi Vantara Corporation ("Hitachi"); Defendant Super Micro

Computer, Inc. ("Super Micro") collectively ("Customers") because of the Court Order staying

those cases.  Red Hat and Customers are referenced here in individual capacity or as a group as

"Defendant" or "Defendants."

## PRELIMINARY STATEMENT

The following responses and objections to Defendant's Interrogatories are made on the

basis of information that is presently known and available to ETRI and its attorneys.  ETRI's

discovery, investigation and preparation for trial is not yet complete and is continuing as of the

date of this response.  ETRI expressly reserves the right to continue its discovery and investigation

for facts, witnesses and supplemental data that may reveal information which, if presently within

its knowledge, would have been included in these responses and objections.  Without obligation,

ETRI reserves the right to change or supplement these responses as discovery continues, and as

subsequent analysis of that discovery may lead to new contentions or legal theories.  ETRI

specifically reserves the right to present additional information at trial as may be disclosed through

---

[1] As Red Hat served the First and Second Set of Interrogatories on the same day on ETRI,
ETRI will treat both sets as one and responds to both sets herein.

its continuing discovery and investigation, including any information omitted from these responses as a result of mistake, error, oversight, or inadvertence.

ETRI reserves the right to object on appropriate grounds to the introduction into evidence of any portion of these responses.  The inclusion of any specific objection to an interrogatory is neither intended as, nor shall in any way be deemed to be, a waiver of any other specific objection made herein or asserted at a later date.  In addition, the failure to include at this time any specific objection to an interrogatory is neither intended as, nor in any way shall be deemed to be, a waiver of ETRI's right to assert that or any other objection at a later date.

Except for facts explicitly admitted herein without qualification, no admission of any nature whatsoever is to be implied or inferred in the responses referenced herein.  All responses must be construed as given on the basis of present knowledge and recollection.  Any interrogatory deemed as continuing is objected to as oppressive, burdensome, and improper and will not be regarded as continuing in nature.

## **GENERAL OBJECTIONS**

ETRI makes the following General Objections to Defendant's First Set of Interrogatories:

1.      ETRI objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks information protected from disclosure by any privilege or immunity including, without limitation, the attorney-client privilege, the joint-defense privilege, the self-critical analysis privilege, or the work product immunity from discovery.  Inadvertent disclosure of any such information shall not constitute a waiver of any privilege or immunity and shall not waive the rights of ETRI to object to the use of any such information during this action.

2.      ETRI objects to each Interrogatory in the First Set of Interrogatories to the extent that it fails to comply with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of the District of Delaware.

3.      ETRI objects to the definitions contained in the First Set of Interrogatories to the extent that they make one or more of the Interrogatories overly broad, unduly burdensome, harassing, and unreasonable.

4.      ETRI objects to the definitions of the First Set of Interrogatories to the extent they purport to impose on ETRI an obligation to provide information for or on behalf of any person or entity other than the ETRI and/or purports to seek information that is within the possession, custody, or control of Defendant, and ETRI expressly declines to do so.

5.      ETRI objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks information equally or more readily available to Defendant.

6.      ETRI objects to each Interrogatory in the First Set of Interrogatories on the grounds that it is compound, overbroad, duplicative, burdensome, and/or harassing.

7.      ETRI objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks confidential, non-public, proprietary, trade secret, and/or commercially sensitive information.

8.      ETRI objects to each Interrogatory in the First Set of Interrogatories to the extent that it intends to shift the burden of preparation of Defendant's case to ETRI.

9.      ETRI objects to each Interrogatory in the First Set of Interrogatories to the extent that it does not adequately specify the information to be provided, and therefore forces ETRI to anticipate the actual nature of the information that Defendant wishes to discover.

10.     ETRI objects to each Interrogatory in the First Set of Interrogatories to the extent that it requires ETRI to provide information or documents which are claimed by ETRI to be privileged.

11.     ETRI objects to each Interrogatory in the First Set of Interrogatories to the extent that the documents and information are equally available, or only available, to Defendant and are contained within Defendant's own files, have been utilized for purposes of the underlying action and are thus available as court files, and are equally available to Defendant and have been for quite some time and thus demonstrates that Defendant propounded these demands purely to harass, intimidate and cause expense to ETRI, in a manner counterproductive to the proper purposes of discovery.  ETRI further objects in that most of the information responsive to these Requests has already been provided to Defendant.  Therefore, most of these Requests are repetitive, duplicative, oppressive, financially detrimental and burdensome to ETRI.

12.     ETRI objects to each Interrogatory in the First Set of Interrogatories to the extent that it exceeds the scope of the claims and defenses on file in the action or are not proportional to the needs of the case.

13.     ETRI objects to each Interrogatory in the First Set of Interrogatories to the extent that it contains discrete subparts and/or subparagraphs, and in so doing, seeks improperly to expand the First Set of Interrogatories beyond the maximum number of 25 total Interrogatories.

14.     Moreover, ETRI is unable to search exhaustively for all information possessed by third parties whom ETRI does not have control or authority over.  All responses herein are based on a reasonably diligent inquiry within the four corners of ETRI's facilities.

15.     ETRI has filed a dispositive motion to dismiss Red Hat's complaint for lack of subject matter jurisdiction and standing, lack of personal jurisdiction and insufficient service of

process. (D.I. 81).  ETRI reserves its right to amend these responses after the Court rules on its

Motion to Dismiss.

### RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

For each Asserted Claim, identify and describe in detail all factual bases for your

contentions that Red Hat or its Customers infringe or have infringed the Patent-in-Suit (including

literal infringement, infringement by the doctrine of equivalents, direct infringement, inducement

of infringement, and contributory infringement), such contentions to include an identification of

each Accused Product, and each Accused Operating System used in connection with each Accused

Product so as to allegedly infringe the Patent-in-Suit, and an element-by-element identification in

chart form identifying how each Accused Operating System and Accused Product meets the

Asserted Claims. Such element-by-element identification shall expressly identify any differences

between each Accused Operating System (including RHEL, CentOS, Ubuntu, Oracle Linux, SUSE

Enterprise Linux, and HP-UX) that Plaintiff contends is relevant to the practice of the Asserted

Claims; if no such differences exists, your response shall state so expressly. Your response shall

identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate

to your contentions, and the persons most knowledgeable about the factual bases for your

contentions.

### RESPONSE TO INTERROGATORY NO. 1:

ETRI specifically incorporates its general objections herein as if fully set forth in response

to this interrogatory. ETRI objects to this interrogatory as having multiple sub-parts, each of which

counts against the total number of interrogatories Red Hat may serve in this case.  ETRI further

objects to this interrogatory to the extent it calls for the disclosure of expert information at a time

and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. ETRI also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.  ETRI further objects to this request as vague, ambiguous, overbroad, unduly burdensome, and seeking information not relevant to the issues in this case, and not proportional to the needs of the case.  Subject to and without waiving its general and specific objections, ETRI has not alleged infringement in this action to date.

**INTERROGATORY NO. 2:**

Provide all factual bases for any contentions that Red Hat or its Customers had pre-suit knowledge of the Patent-in-Suit or notice (actual or constructive) of its alleged infringement, including the date and manner in which you contend Red Hat or its Customers were first notified or became aware of the Patent-in-Suit and any facts you contend show that Red Hat or its Customers knew or should have known that they infringed the Patent-in-Suit.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your contentions, and the persons most knowledgeable about the factual bases for your contentions.

**RESPONSE TO INTERROGATORY NO. 2:**

ETRI specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. ETRI objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case.  ETRI further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. ETRI also objects to this Interrogatory to the extent it calls for the disclosure of information that

is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.  ETRI further objects to this request as vague, ambiguous, overbroad, unduly burdensome, and seeking information not relevant to the issues in this case, and not proportional to the needs of the case.  Subject to and without waiving its general and specific objections, ETRI has not alleged infringement in this action to date.

**INTERROGATORY NO. 3:**

Identify each product, other than the Accused Products, that embodies or that you have contended embodies or practices (either currently or in the past) any claim of the Patent-in-Suit, such identification to include the manufacturer of such product; whether such product was publicly used, sold, or offered for sale; whether such product was licensed to practice the Patent-in-Suit; and whether such product was marked with the number of the Patent-in-Suit.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

**RESPONSE TO INTERROGATORY NO. 3:**

ETRI specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. ETRI objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case.  ETRI further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. ETRI also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.  ETRI further objects to this request as vague, ambiguous, overbroad, unduly burdensome, and seeking information not relevant to the issues in

this case, and not proportional to the needs of the case.  Subject to and without waiving its general and specific objections, ETRI has not alleged infringement in this action to date.

**INTERROGATORY NO. 4:**

For each Accused Product and each Asserted Claim, describe in detail your contentions as to the appropriate method of calculating damages, and identify the factual and legal bases for the damages you contend you are entitled to recover as a result of Red Hat and its Customers' alleged infringement, including whether your damages claims are based on lost profits, a reasonable royalty, or another damages theory; any royalty rate, royalty base, lost profits, disgorgements, enhanced damages, attorneys' fees, or costs that you contend are appropriate; your products that you contend compete with the Accused Products; any non-infringing alternatives; the date you contend the hypothetical negotiation would have occurred with respect to the Patent-in-Suit; and the time period for which you contend you are entitled to recover damages from Red Hat or its Customers due to any alleged infringement of the Patent-in-Suit.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your contentions, and the persons most knowledgeable about the factual bases for your contentions.

**RESPONSE TO INTERROGATORY NO. 4:**

ETRI specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. ETRI objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case.  ETRI further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. ETRI also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to

the attorney-client and work product privileges.  ETRI further objects to this request as vague, ambiguous, overbroad, unduly burdensome, and seeking information not relevant to the issues in this case, and not proportional to the needs of the case.  Subject to and without waiving its general and specific objections, ETRI has not alleged infringement in this action to date.

**INTERROGATORY NO. 5:**

For each Asserted Claim of the Patent-in-Suit, describe in detail all facts and circumstances relating to conception and reduction to practice of that claim, including the priority date for which you contend for each claim, the dates and locations of conception and reduction to practice, both actual and constructive, and any alleged diligence from conception to reduction to practice; identify all persons knowledgeable of such conception, diligence, and/or reduction to practice and the subject matter of each person's knowledge and the nature of each such person's participation and/or contribution.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

**RESPONSE TO INTERROGATORY NO. 5:**

ETRI specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. ETRI objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case.  ETRI further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. ETRI also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.  ETRI further objects to this request as vague,

ambiguous, overbroad, unduly burdensome, and seeking information not relevant to the issues in this case, and not proportional to the needs of the case.  Subject to and without waiving its general and specific objections, ETRI responds as follows: For purposes of United States law, ETRI claims a priority date as early as September 2000, and no later than the date of the foreign application of July 27, 2001.  Mr. Chang-Soo Kim has knowledge of these dates.  Pursuant to Federal Rule of Civil Procedure 33(d), ETRI will produce documents from which responsive information can be determined upon entry of a Protective Order.

**INTERROGATORY NO. 6:**

Describe in detail any offer, discussion, negotiation, or agreement to license (in part or in whole), sell, covenant not to sue, or grant other rights in the Patent-in-Suit or related technology, or any other licensing activity for the Patent-in-Suit or related technology, including a description of the participants, dates, outcomes, and terms of such offers, discussions, negotiations, or agreements.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

**RESPONSE TO INTERROGATORY NO. 6:**

ETRI specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. ETRI objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case.  ETRI further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. ETRI also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to

the attorney-client and work product privileges.  ETRI further objects to this request as vague, ambiguous, overbroad, unduly burdensome, and seeking information not relevant to the issues in this case, and not proportional to the needs of the case.  Subject to and without waiving its general and specific objections, ETRI responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), ETRI will produce documents from which responsive information can be determined upon entry of a Protective Order.

**INTERROGATORY NO. 7:**

Describe in detail the ownership or other rights to the Patent-in-Suit, including an identification of every person with any past or current financial or other interest in the Patent-in-Suit; whether you contend such person is a small entity for purposes of payment of fees to the United States Patent Office, and, if so, the basis for such contention; each instance in which the Patent-in-Suit has been assigned (for each such instance, identifying the date, assignor, assignee, and scope of assignment); the circumstances and details of any sales agreements, licenses, or royalty-sharing programs including between Plaintiff and any named inventor; and the circumstances and details of any agreements, licenses, or royalty-sharing programs including between Sequoia and ETRI.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

**RESPONSE TO INTERROGATORY NO. 7:**

ETRI specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. ETRI objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case.  ETRI further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time

and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. ETRI also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges. ETRI further objects to this request as vague, ambiguous, overbroad, unduly burdensome, and seeking information not relevant to the issues in this case, and not proportional to the needs of the case.  Subject to and without waiving its general and specific objections, ETRI responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), ETRI will produce documents from which responsive information can be determined upon entry of a Protective Order.

**INTERROGATORY NO. 8:**

      Identify and describe in detail the current and former composition, ownership, and corporate structure of Sequoia and ETRI, including without limitation, the creation and funding of Sequoia, the relationship between Sequoia and ETRI, an identification of the directors, officers, employees, and investors of Sequoia, the positions, titles and interests of those individuals in Sequoia, and the identity of all persons and entities with any interest in any damages award or other relief that Sequoia and ETRI may obtain as a result of this lawsuit.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

**RESPONSE TO INTERROGATORY NO. 8:**

      ETRI specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. ETRI objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case.  ETRI further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time

-12-

and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. ETRI also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges. ETRI further objects to this request as vague, ambiguous, overbroad, unduly burdensome, and seeking information not relevant to the issues in this case, and not proportional to the needs of the case.  Subject to and without waiving its general and specific objections, ETRI responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), ETRI will produce documents from which responsive information can be determined upon entry of a Protective Order.

**INTERROGATORY NO. 9:**

Separately for each Asserted Claim of the Patent-in-Suit, set forth all bases for any contention that the claim is not invalid, including the basis for any contentions that the prior art identified by Red Hat or its Customers does not anticipate or render obvious the claim, or that the identified reference does not qualify as prior art, the level of ordinary skill at the time of the invention, and any objective evidence or secondary considerations of nonobviousness of the Asserted Claim.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your contentions, and the persons most knowledgeable about the factual bases for your contentions.

**RESPONSE TO INTERROGATORY NO. 9:**

ETRI specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. ETRI objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case.  ETRI further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time

and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. ETRI also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.  ETRI further objects to this request as vague, ambiguous, overbroad, unduly burdensome, and seeking information not relevant to the issues in this case, and not proportional to the needs of the case.  Subject to and without waiving its general and specific objections, ETRI has not alleged infringement in this action to date.

**INTERROGATORY NO. 10:**

Separately for each Accused Operating System that was in public use prior to the priority date of the Patent-in-Suit (including at least Red Hat Linux versions 7.2 and earlier, SuSE Linux versions 7.3 and earlier, HP-UX versions 11i v1 and earlier), or any other operating system that used or included the Linux Logical Volume Manager, identify any differences relevant to the alleged infringement of the Patent-in-Suit between the version(s) of such operating system in use before the priority date of the Patent-in-Suit and the version(s) of such operating systems that you contend infringe the Patent-in-Suit.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your contentions, and the persons most knowledgeable about the factual bases for your contentions.

**RESPONSE TO INTERROGATORY NO. 10:**

ETRI specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. ETRI objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case.  ETRI further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order.

ETRI also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges. ETRI further objects to this request as vague, ambiguous, overbroad, unduly burdensome, and seeking information not relevant to the issues in this case, and not proportional to the needs of the case. Subject to and without waiving its general and specific objections, ETRI has not alleged infringement in this action to date.

**INTERROGATORY NO. 11:**

Describe in detail the ownership of ETRI and relationship between ETRI and any other past or present entity (including subsidiary, joint venture, or otherwise) in which ETRI had or has an interest. Such entities shall include at least the ETRI USA R&D Design Center, the ETRI Open Source Center, and Intellectual Discovery. Your response shall specifically include the nature of the relationship between ETRI and such entity; the function of such entity; the services provided by such entity; the structure and organization of such entity; identification of the directors, officers, employees, and investors of each such entity; identification of all documents, witnesses, and things which relate to Your response; and the three persons most knowledgeable about the factual bases of Your response.

**RESPONSE TO INTERROGATORY NO. 11:**

ETRI specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. ETRI objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. ETRI further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. ETRI also objects to this Interrogatory to the extent it calls for the disclosure of information that

-15-

is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges. ETRI further objects to this request as vague, ambiguous, overbroad, unduly burdensome, and seeking information not relevant to the issues in this case, and not proportional to the needs of the case.

Subject to and without waiving its general and specific objections, ETRI responds as follows: ETRI operates as a separate and independent legal entity from Sequoia and does not act as Sequoia's agent.  Since 2008 or 2009, ETRI has maintained a branch office in California as the ETRI USA R&D Center. The branch office is currently located at 3003 North 1st Street #338, San Jose, California 95134.  ETRI's San Jose branch office is essentially dormant.  The branch employs a part time office manager, but does not employ any full-time personnel.  ETRI's branch office does not presently conduct business or research activities and does not engage in patenting or patent-related activities, including patent licensing activities.   The Open Source Center was established as a subsection of ETRI in 2017. The Open Source Center is responsible for ETRI's open source policies and governance as well as supporting an open source compliance for the software developing in ETRI.  This Center currently consists of 5 full-time employees.  Pursuant to Federal Rule of Civil Procedure 33(d), ETRI will produce documents from which responsive information can be determined upon entry of a Protective Order.

**<u>INTERROGATORY NO. 12:</u>**

Identify and describe each Linux-based product or service for which ETRI has contributed to its research, development, marketing, sales, distribution, and/or support. Such products or services shall include at least Booyo Linux, Qplus, and N2OS, and Your response shall include an identification of all technical documents, invention or research reports, domestic and worldwide sales and distribution documents, and evidence of commercial success related to such products or

services; an identification of each version of such products or services, including the date each version was released; an identification of all employees, personnel, and individuals involved in each version, along with a description of the role or contribution of each individual; an identification of all documents, witnesses, and things which relate to Your response; and an identification of the three persons most knowledgeable about the factual bases of Your response.

## RESPONSE TO INTERROGATORY NO. 12:

ETRI specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. ETRI objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case.  ETRI further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. ETRI also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges. ETRI further objects to this request as vague, ambiguous, overbroad, unduly burdensome, and seeking information not relevant to the issues in this case, and not proportional to the needs of the case.

Subject to and without waiving its general and specific objections, ETRI responds as follows: ETRI is willing to meet and confer to narrow the scope of the request.

## INTERROGATORY NO. 13:

Describe in detail the contributions by ETRI to the research, development, marketing, sales, distribution, and/or support of the SANtopia system. Your response shall include at least a description of each module of the SANtopia system, including SANtopia Volume Manager, SANtopia Buffer Manager, SANtopia Lock Manager, and SANtopia File Manager; an

identification of all technical documents, invention or research reports, domestic and worldwide sales and distribution documents, and evidence of commercial success related to SANtopia; an identification of each version of SANtopia, including the date each version was released, whether such version was marked with the number of any patent, and whether such version was downloaded or distributed in the United States; an identification of all employees, personnel, and individuals involved with SANtopia, along with a description of the role or contribution of each individual; an identification of all documents, witnesses, and things which relate to Your response, and the three persons most knowledgeable about the factual bases of Your response.

## **RESPONSE TO INTERROGATORY NO. 13:**

ETRI specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. ETRI objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case.  ETRI further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. ETRI also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges. ETRI further objects to this request as vague, ambiguous, overbroad, unduly burdensome, and seeking information not relevant to the issues in this case, and not proportional to the needs of the case.

Subject to and without waiving its general and specific objections, ETRI responds as follows:  Pursuant to Federal Rule of Civil Procedure 33(d), ETRI will produce documents from which responsive information can be determined upon entry of a Protective Order.

-18-

**INTERROGATORY NO. 14:**

Describe in detail all past and present litigations or legal disputes within the United States involving ETRI, ETRI-owned or licensed patents, Sequoia, Intellectual Discovery, or Global Raid Technology, LLC. Your response shall include at least an identification of the parties involved; the issues in dispute including any patents or patent licenses; witnesses, including experts and corporate witnesses; the resolution of the litigation; an identification of all employees, personnel, and individuals who participated, along with a description of the role or contribution of each individual; an identification of all documents, witnesses, and things which relate to Your response; and the three persons most knowledgeable about the factual bases of Your response.

**RESPONSE TO INTERROGATORY NO. 14:**

ETRI specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. ETRI objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case.  ETRI further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. ETRI also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges. ETRI further objects to this request as vague, ambiguous, overbroad, unduly burdensome, and seeking information not relevant to the issues in this case, and not proportional to the needs of the case.  ETRI further objects to the extent the information is readily attainable by both parties.  ETRI further objects to the extent this request seeks information regarding third parties.

Subject to and without waiving its general and specific objections, ETRI responds as follows:  ETRI is willing to meet and confer to narrow the scope of this request.

**INTERROGATORY NO. 15:**

Identify and describe in detail all past and present business contacts, relationships, investments, sources of revenue (including patent licensing), and the nature of all business conducted with the United States. Your response shall include at least an identification of the parties involved; the State; the mission and/or nature of the business or contact; an explanation of Your licensing relationship with Intellectual Discovery; witnesses, including experts and corporate witnesses; an identification of all employees, personnel, and individuals involved, along with a description of the role or contribution of each individual; an identification of all documents, witnesses, and things which relate to Your response; and the three persons most knowledgeable about the factual bases of Your response.

**RESPONSE TO INTERROGATORY NO. 15:**

ETRI specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. ETRI objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case.  ETRI further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. ETRI also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges. ETRI further objects to this request as vague, ambiguous, overbroad, unduly burdensome, and seeking information not relevant to the issues in

this case, and not proportional to the needs of the case.  ETRI further objects to the extent this request seeks information regarding third parties.

Subject to and without waiving its general and specific objections, ETRI responds as follows:  ETRI is willing to meet and confer to narrow the scope of this request.

## INTERROGATORY NO. 16:

Identify and describe in detail your knowledge of the business of Intellectual Discovery, including ownership, investments, sources of revenue, officers, directors, investors, organizational charts, and the nature of all business conducted with the United States. Your response shall specifically include the function of the business; the services provided; the corporate structure; identification of the directors, officers, employees, and investors along with a description of their role or contribution; an identification of all documents, witnesses, including experts and corporate witness, and things which relate to Your response; and the three persons most knowledgeable about the factual bases of Your response.    ETRI further objects to the extent this request seeks information regarding third parties.

## RESPONSE TO INTERROGATORY NO. 16:

ETRI specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. ETRI objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case.  ETRI further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. ETRI also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges. ETRI further objects to this request as vague,

ambiguous, overbroad, unduly burdensome, and seeking information not relevant to the issues in this case, and not proportional to the needs of the case.

Subject to and without waiving its general and specific objections, ETRI responds as follows: ETRI has no corporate or legal relationship with Intellectual Discovery.  ETRI does have a contractual relationship with Intellectual Discovery.   Knowledge about the business of Intellectual Discovery can be obtained from publicly available sources.  Pursuant to Federal Rule of Civil Procedure 33(d), ETRI will produce documents from which responsive information can be determined upon entry of a Protective Order.


Dated: June 10, 2020

OF COUNSEL:                                    BAYARD, P.A.

Nate Dilger                                        */s/ Stephen B. Brauerman*
Deepali Brahmbhatt                          Stephen B. Brauerman (#4952)
One LLP                                            600 N. King Street, Suite 400
4000 MacArthur Blvd.                       Wilmington, DE 19801
East Tower, Suite 500                        (302) 655-5000
Newport Beach, CA 92660               sbrauerman@bayardlaw.com
ndilger@onellp.com
dbrahmbhatt@onellp.com                *Attorneys for Defendant Electronics and*
                                                            *Telecommunications Research Institute.*

John Lord
One LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
jlord@onellp.com

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEQUOIA TECHNOLOGY, LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>DELL, INC., DELL TECHNOLOGIES, INC.<br>and its subsidiary EMC CORPORATION<br>(AKA DELL EMC),<br><br>     Defendants. | C.A. No: 18-1127-LPS-CJB<br>**LEAD CASE** |
| RED HAT, INC.,<br><br>     Plaintiff,<br><br>     v.<br><br>SEQUOIA TECHNOLOGY, LLC and<br>ELECTRONICS AND<br>TELECOMMUNICATIONS RESEARCH<br>INSTITUTE,<br><br>     Defendants. | C.A. No: 18-2027-LPS-CJB |
| SEQUOIA TECHNOLOGY, LLC<br><br>     Counterclaim Plaintiff,<br><br>     v.<br><br>RED HAT, INC. and INTERNATIONAL<br>BUSINESS MACHINES CORPORATION,<br><br>     Counterclaim Defendants. | C.A. No: 18-2027-LPS-CJB |

**ELECTRONICS AND TELECOMMUNICATIONS RESEARCH INSTITUTE'S
RESPONSES TO RED HAT'S FIRST AND SECOND SET OF COMMON REQUESTS
FOR PRODUCTION OF DOCUMENTS (NOS. 1-75)**

Pursuant to Fed. R. Civ. Proc. 34, Electronics and Telecommunications Research Institute

("ETRI") hereby serves its Responses to the First and Second Set of Requests for Production of

Documents (collectively "First Set of Requests for Production")[1] propounded by Counterclaim-

Defendant Red Hat, Inc. ("Red Hat").   ETRI is not responding to Defendants Dell Inc., Dell

Technologies Inc., and EMC Corporation ("Dell"); Defendant Hewlett Packard Enterprise

Company ("HPE"); Defendants Hitachi, Ltd. and Hitachi Vantara Corporation ("Hitachi");

Defendant Super Micro Computer, Inc. ("Super Micro") collectively ("Customers") because of the

Court Order staying those cases.   Red Hat or Customers are referenced herein individually or

collectively as "Defendant" or "Defendants."

## PRELIMINARY STATEMENT

ETRI has not completed its investigation relating to this action, has not completed

discovery in this action, and has not completed preparation for trial.   As discovery proceeds, facts,

information, evidence, documents and things may be discovered that are not set forth in these

Responses, but which might have been responsive to Defendant's Requests.   The following

Responses are based on ETRI's knowledge, information, and belief at this time, and are complete

as to ETRI's best knowledge at this time.   These Responses were prepared based on ETRI's good

faith interpretation and understanding of the individual Requests and are subject to correction of

inadvertent errors or omissions, if any.   These Responses are provided without prejudice to

subsequent   revision   or   supplementation   based   upon   any   information,   evidence,   and/or

---

[1]   As Red Hat served the First and Second Set of Requests for Production on the same day on
ETRI, ETRI will treat both sets as one and responds to both sets herein.

documentation that hereinafter may be discovered.  ETRI reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these Responses.  ETRI assumes no obligation to voluntarily supplement or amend these Responses to reflect information, evidence, documents and things discovered following service of these Responses.

## GENERAL OBJECTIONS

ETRI objects to the definitions of "Plaintiff," "You," or "Your" for including both Sequoia and ETRI as vague, ambiguous, overbroad, and unduly burdensome. ETRI will interpret "Plaintiff" to mean Plaintiff Sequoia Technology LLC, and "You" "Your" and "ETRI" to mean just ETRI.  To the extent Defendant's broad definitions of these terms is even intelligible, it would result in discovery out of proportion to the needs of the case and would impose a burden and expense outweighing any likely benefit.

ETRI objects to the definition of "Prior Art" to the extent Red Hat's definition seeks to define or fix a legal term that is inconsistent with the statutory definition in 35 U.S.C. §§ 102 and 103 et. seq.

ETRI Interface further objects to the terms "related to" and "relating to" in the Requests as vague, ambiguous, overbroad, and unduly burdensome. To the extent Defendant's use of these terms is even intelligible, it would result in discovery out of proportion to the needs of the case and would impose a burden and expense outweighing any likely benefit.

ETRI objects to Defendant's Requests as a whole and to each Request contained therein, to the extent that they seek documents and communications that are not relevant to any party's claim or defense or proportional to the needs of the case.

ETRI objects to Defendant's Requests as a whole and to each Request contained therein, to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

ETRI objects to Defendant's Requests as a whole and to each Request contained therein, to the extent they seek to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.

ETRI objects to all Requests and concomitant definitions and instructions to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Delaware.

ETRI objects to Defendant's Requests as a whole, and to each Request contained therein, to the extent they seek private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

By agreeing to search for or to produce responsive information or by producing such information, ETRI does not admit that such responsive documents exist, or admit to the competence, relevance, materiality, or admissibility of such information or the information contained therein, and specifically reserves its rights to object to the use of such information on any grounds, including irrelevance and/or inadmissibility.  ETRI's Responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. ETRI reserves the right to amend or update its responses to the Requests with additional information pursuant to its continuing discovery.

All General Objections are incorporated by reference into each Response as though set forth fully therein.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents and communications relating to This Litigation, including all communications between Sequoia and ETRI, to or from inventors of the Patent-in-Suit or their agents, or to or from any third party relating to This Litigation or the Patent-in-Suit.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

-4-

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to when you first learned of the alleged infringement by Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to the interpretation, scope, or construction of any term of any Asserted Claim in the Patent-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information

other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show your organizational structure and corporate formation, as well as the organizational structure of any Person who has or has had any ownership or financial interest in the patent-in-suit, and for each including the relationships among any divisions, parent organizations, affiliates, subsidiaries, or other related entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue

burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show the current status of your incorporation or formation and the incorporation or formation of any Person who has or has had any ownership or financial interest in the patent-in-suit, for each identifying all investors, parent organizations, affiliates, subsidiaries, and any other related entities with the Delaware Division of Corporations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 6:**

All documents identified, relied upon, examined, or otherwise used in preparing Plaintiff's Complaints and Answer and Counterclaims in This Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 7:**

All documents requested by, identified, relied upon, examined, or otherwise used in answering any interrogatory or request for admission served by Defendants in This Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information

other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 8:**

All documents described in your Initial Disclosures under Rule 26(a)(1) and any supplemental disclosures under Rule 26(e) of the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 9:**

All sworn testimony, statements, declarations, or affidavits previously provided by any person identified in your initial disclosures under Rule 26(a)(1) and supplemental disclosures under Rule 26(e) of the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 10:**

All licenses, agreements, and/or covenants not to sue that identify, cover, recite, or otherwise relate to the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 11:**

All documents produced or provided to you by any third party in connection with This Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

-11-

ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to the negotiation of any conveyances, licenses, agreements, and/or covenants not to sue relating to the '436 Patent, regardless of whether any agreement was reached.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession

or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and things concerning any rights or ownership (past, present, or future) in the '436 Patent, any related Application, and any Related Patent, including but not limited to any agreements, assignments, offers to assign (whether past or present, in whole or in part), transfers of ownership, licenses, sublicenses, or liens of the '436 Patent, as well as any communications concerning any rights or ownership of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and things that support or refute your contention that Red Hat and/or its Customers infringes any claim of the '436 Patent, including direct infringement under 35 U.S.C. § 271(a), inducement of infringement under 35 U.S.C. § 271(b), and contributory infringement under 35 U.S.C. § 271(c).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 15:**

All documents that you believe support your contention that Red Hat and its Customers are liable for increased damages as a result of the alleged infringement of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to identify all persons and entities affiliated in any way with Plaintiff that have a financial or other interest in the outcome of this case, including documents concerning the nature and amount of each such interest, as well as documents sufficient to identify such persons and entities providing any type of funding or other financial support related to this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is

obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 17:**

All documents relating to any charge, contention, or claim by you that any entity other than Red Hat and its Customers has infringed the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

-16-

**REQUEST FOR PRODUCTION NO. 18:**

All documents that support or refute the patentability, validity, invalidity, non-obviousness, utility, enforceability, and/or unenforceability of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and things upon which you intend to rely to establish the level of ordinary skill in the art(s) to which the subject matter of the '436 Patent pertains and all documents and things concerning the state of the art and/or the level of skill in the art associated with the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client

privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and things tending to support or demonstrate the existence of any secondary or objective indicia of non-obviousness (such as commercial success, long-felt need, failed attempts of others to solve a problem, initial skepticism, industry recognition and praise, unexpected results or properties, licenses, and copying by others) of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

-18-

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and things concerning the existence of any problem that you contend has been addressed or solved by the alleged inventions claimed in the '436 Patent - including any failure by those skilled in the art to appreciate the problem.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and things that support or refute whether the '436 Patent complies with the written description and enablement requirements of 35 U.S.C § 112.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating to the preparation and/or prosecution of the application for the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information

-20-

other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify all individuals who participated in the drafting and/or prosecution of the application that led to the '436 Patent or any parents, divisionals, continuations, continuations in part, or foreign counterparts thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession

or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 25:**

The complete prosecution file from any individuals or organizations who participated in the drafting and/or prosecution of the application that led to the '436 Patent or any parents, divisionals, continuations, continuations in part, or foreign counterparts thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue

burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 26:**

All prior art to the '436 Patent of which Plaintiff is aware and that is in Plaintiff's possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 27:**

All documents relating to any prior art (including publications and systems) reviewed in connection with the preparation or prosecution of the applications that led to the '436 Patent or any parents, divisionals, continuations, continuations in part, or foreign counterparts thereof, whether or not cited to the USPTO or any foreign patent office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 28:**

All documents relating to the conception, reduction to practice or development of any alleged invention of the '436 Patent, including any documents including invention disclosures that allegedly corroborate the conception date or circumstances of the reduction to practice of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary

-24-

business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 29:**

All documents concerning each inventor of the '436 Patent, including any consulting agreements, any agreements entered into in connection with This Litigation or any other litigation, any publications authored or co-authored by any of the inventors of the '436 Patent, and any documents or communications concerning the determination of inventorship, for each inventor for the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

## REQUEST FOR PRODUCTION NO. 30:

All curriculum vitae and/or résumés for each inventor of the '436 Patent.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 31:**

All sworn testimony, statements, declarations, or affidavits (oral or written) previously provided by any inventor of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show the first public use or first public disclosure to any person or entity of any aspect of the claimed subject matter of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 33:**

All textbooks, articles, journals, speeches, presentations, and other publications of any kind in Plaintiff's possession, custody, or control that refer or relate to the alleged invention(s) claimed in the '436 Patent.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 33:</u>**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

**<u>REQUEST FOR PRODUCTION NO. 34:</u>**

All documents relating to any alleged damages that you are claiming in This Litigation, including all documents on which you intend to rely as evidence supporting any damages theory that you intend to assert in This Litigation - including without limitation, all documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty under 35 U.S.C. § 284 (including a reasonable royalty rate and a reasonable royalty base) for the '436 Patent.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 34:</u>**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.  ETRI further objects to the extent the request seeks expert testimony or documents outside the scope of Fed. R. Civ. P. 26 governing expert discovery.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications referring or relating to any patented technologies that you have licensed or attempted to license.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

-30-

**REQUEST FOR PRODUCTION NO. 36:**

All documents relating to or reflecting any attempts to buy, sell, or license the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 37:**

All documents relating to or reflecting any valuation of the '436 Patent, whether standing alone or as part of a larger portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary

business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and things relating to any litigation, arbitration, USPTO proceeding, or other proceeding in which the '436 Patent has been or is currently at issue, including but not limited to the following documents and things: (a) pleadings and other documents filed with a court; (b) all transcripts (in ASCII form as well as manuscript form) of depositions, hearings and/or trials, audiovisual recordings of depositions, hearings, and/or trials and exhibits marked at depositions, hearings and/or trials; (c) third-party subpoenas and any documents produced in response thereto; (d) expert reports; (e) correspondence (including email and facsimile); (f) any claim charts or other claim analysis prepared in connection with the litigation; (g) all documents served on, provided to, or received from opposing parties, including any discovery requests (e.g., document requests, interrogatories, requests for admission) and responses thereto (including documents produced in

response to document requests); (h) all documents you provided or intend to provide to an expert or consultant retained for the purpose of This Litigation; (i) any technical standard(s) implicated by the '436 Patent; and (j) all rulings regarding claim construction, validity, infringement, license defense, enforceability, or any other defenses raised in any such litigation.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 39:**

All documents provided to or reviewed by any experts in This Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case. ETRI further objects to the extent the request seeks expert testimony or documents outside the scope of Fed. R. Civ. P. 26 governing expert discovery.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and things that you produced, or intend to produce, in any litigation or administrative proceeding involving the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is

obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

## REQUEST FOR PRODUCTION NO. 41:

All documents and things that concern or include revenue or expenditures relating to (a) the '436 Patent, (b) any of the alleged inventions claimed in the '436 Patent, or (c) any third party which You contend has infringed the '436 Patent, including minutes, agendas, transcripts, and notes for any call or meeting involving analysts, auditors, investors, or your board of directors or any other governing or advisory organization.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession

-35-

or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 42:**

All documents related to or reflecting Plaintiff's efforts to monitor, evaluate, or analyze the technologies, products, or business activities of its competitors, including, without limitation, Red Hat and its Customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue

burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

## REQUEST FOR PRODUCTION NO. 43:

All documents that relate to or constitute opinions, analyses, studies, or evaluations of each version of the accused products (including RHEL, CentOS, Ubuntu, Oracle Linux, SUSE Linux, or HP-UX) you allege infringes one or more claims of the '436 Patent.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and things relating to Your involvement with, support for, development of, use of, or distribution of open-source software, including that which relates to or utilizes the Linux kernel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and things relating to Your involvement with, interaction with, and support for the Linux Foundation, including any communications with the Linux Foundation or any of its officers, members, or employees, including its President Jim Zemlin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and things relating to Your involvement with, interaction with, and support for Open Source Development Labs (OSDL), including any communications with the Linux Foundation or any of its officers, members, or employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information

-39-

other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and things relating to Your involvement with, interaction with, and support for any standards-setting organization (including the Telecommunications Technology Association, or "TTA"), related to open-source software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and things relating to any standards related to open-source software, including the Linux Server Specification issued by TTA as TTAS.KO-05.0037 (and later versions) and the Linux Desktop Specification issued by TTA as TTAS.KO-05.0038 (and later versions).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and things relating to any Linux distribution that You have developed, sponsored, contributed to, or distributed, including Booyo Linux, Qplus, and N2OS.

-41-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and things relating to Booyo Linux, including download lists of "Buyo" from IgetLinux (via its website, http://www.igentlinux.com).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is

obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 51:**

A copy of each version of Booyo Linux (including source code), including every version that was distributed to the public or to persons outside of ETRI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and things relating to Qplus.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 53:**

A copy of each version of Qplus (including source code), including every version that was distributed to the public or to persons outside of ETRI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

-44-

ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

## REQUEST FOR PRODUCTION NO. 54:

All documents and things relating to N2OS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 55:**

A copy of each version of N2OS (including source code), including every version that was distributed to the public or to persons outside of ETRI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 56:**

All documents and things relating to SANtopia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

-46-

ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.  ETRI further objects to this request as duplicative of a prior request.

**REQUEST FOR PRODUCTION NO. 57:**

A copy of each version of SANtopia (including source code), including every version that was distributed to the public or to persons outside of ETRI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue

burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 58:**

All documents and things that relate to or constitute opinions, analyses, studies, or evaluations of open source software, including those which utilize the Linux kernel, Booyo Linux, Qplus, N2OS, and/or SANtopia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 59:**

All documents and things relating to Booyo Linux Installation CDs and/or live CDs, including all websites from which they were available, including distribution lists of the 1000 copies of Linux boot solution 'Live CD' produced by IgetLinux and distribution list of the 3000

copies of 'Buyo' based Linux OS distributed by Samsung Electronics, Cinetia Information & Communication, Iget Linux, Woori Linux, POSDATA, LG NSYS, NTC Cube, and Clonix at Soft Expo held on December 1, 2005, and the related product descriptions. See http://www.clunix.com/company04/4021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 60:**

All documents and things relating to ETRI's involvement in, support for, development of, or relation to open source governance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary

business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

## REQUEST FOR PRODUCTION NO. 61:

All documents and things relating to ETRI's utilization of or participation in the open source software community worldwide.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession

or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

## REQUEST FOR PRODUCTION NO. 62:

All documents and things relating to ETRI's formation, business contacts, relationships, and/or involvement in the formation, governance, or business of any subsidiaries, related entities, controlled entities, and agents, including but not limited those within the United States (including the ETRI USA R&D Center).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue

burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 63:**

All documents and things related to the ETRI Open Source Center ("OSC"), established at least as of June 2017, and sufficient to show the funding of the ETRI OSC, open source governance by ETRI OSC (including ETRI OSC's responses to open source), and role of ETRI OSC (including license patent dispute support, policy and strategy establishment, and license inspection support).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 64:**

All documents and things relating to Your business contacts, relationships, and any business conducted within the United States, including within the State of Delaware.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 65:**

All documents and things relating to Your sources of revenue, including patent licensing, within the United States and South Korea.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is

obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

## REQUEST FOR PRODUCTION NO. 66:

All documents and things sufficient to identify all litigations and legal disputes involving You within the United States, including disputes over any patents owned or licensed by You.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 67:**

All documents and things sufficient to show any relationships, involvement, investments, or support by You in any entities involved in the formation or business of Sequoia, including those related to Global Raid, LLC and Intellectual Discovery.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 68:**

All documents and things relating to Your licensing relationship with Intellectual Discovery or any other third party entity within the United States or South Korea.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 69:**

All documents and things referring or relating to any meetings, conferences, corporate or business events, trade shows, lectures, or seminars attended by You or Your representatives in the United States since 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client

privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and things referring or relating to Intellectual Discovery or any of its owners, officers, employees, personnel, or agents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI is willing to meet and confer to narrow the scope of this Request.

-57-

**REQUEST FOR PRODUCTION NO. 71:**

All documents and things evidencing or otherwise related to the named inventors' knowledge of, use of, or familiarity with (either before or after the date of purported invention of the '436 Patent) any logical volume manager, including the Linux Logical Volume Manager, the HP-UX Logical Volume Manager, and the AIX Logical Volume Manager.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 72:**

All communications from or to any of the named inventors or any other person employed by or otherwise associated with You or Intellectual Discovery, and all documents authored by,

reviewed by, or in the possession of any such persons, that mentions, discusses, analyzes, or otherwise relates to any logical volume manager, including the Linux Logical Volume Manager, the HP-UX Logical Volume Manager, and the AIX Logical Volume Manager.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 73:**

All communications, including to or from the named inventors or any other person employed by or otherwise associated with You or Intellectual Discovery, mentioning or otherwise related to the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control. ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 74:**

All communications, including to or from the named inventors or any other person employed by or otherwise associated with You or Intellectual Discovery, and all documents authored by, reviewed by, or in the possession of any such persons, related to the opinion, belief, or question that any other person or product infringed any claim of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary

business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiver of any of the foregoing, ETRI will produce responsive non-privileged documents, to the extent such documents can be located and retrieved without undue burden. ETRI expects to begin producing such documents as PDF files (or, alternatively, TIFF images) upon entry of a Protective Order.

**REQUEST FOR PRODUCTION NO. 75:**

A copy of all publications by the named inventors or any other person employed by or otherwise associated with You or Intellectual Discovery that mentions, discusses, analyzes, or otherwise relates to any logical volume manager, including the Linux Logical Volume Manager, the HP-UX Logical Volume Manager, and the AIX Logical Volume Manager.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

In addition to its General Objections incorporated herein, ETRI objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. ETRI further objects to this Request to the extent it seeks to require ETRI to provide information

other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  ETRI additionally objects to this Request to the extent that it seeks documents and things outside of ETRI's custody, possession or control.  ETRI additionally objects to this request as overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case.

Dated: June 10, 2020

OF COUNSEL:

Nate Dilger
Deepali Brahmbhatt
One LLP
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
ndilger@onellp.com
dbrahmbhatt@onellp.com

John Lord
One LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
jlord@onellp.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (#4952)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com

*Attorneys for Defendant Electronics and Telecommunications Research Institute*

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEQUOIA TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DELL, INC., DELL TECHNOLOGIES, INC. and its subsidiary EMC CORPORATION (AKA DELL EMC), <br><br> Defendants. | C.A. No: 1:18-cv-01127-LPS-CJB <br> **LEAD CASE** |
| SEQUOIA TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY, <br><br> Defendant. | C.A. No: 1:18-cv-01128-LPS-CJB |
| SEQUOIA TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HITACHI LTD. and HITACHI VANTARA CORPORATION, <br><br> Defendants. | C.A. No: 1:18-cv-01129-LPS-CJB |

| | |
|---|---|
| SEQUOIA TECHNOLOGY, LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>SUPER MICRO COMPUTER, INC.,<br><br>                    Defendant. | C.A. No: 1:18-cv-01307-LPS-CJB |
| RED HAT, INC.,<br><br>                    Plaintiff,<br><br>    v.<br><br>SEQUOIA TECHNOLOGY, LLC and ELECTRONICS AND TELECOMMUNICATIONS RESEARCH INSITUTE,<br><br>                    Defendants. | C.A. No: 1:18-cv-02027-LPS-CJB |
| SEQUOIA TECHNOLOGY, LLC,<br><br>                    Counterclaim Plaintiff,<br><br>    v.<br><br>RED HAT, INC. and INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>                    Counterclaim Defendants. | C.A. No: 1:18-cv-02027-LPS-CJB |

**PLAINTIFF AND COUNTERCLAIM-PLAINTIFF SEQUOIA TECHNOLOGY, LLC'S
RESPONSES TO DEFENDANTS' AND COUNTERCLAIM-DEFENDANT'S
FIRST SET OF COMMON INTERROGATORIES (NOS. 1-10)**

Pursuant to Fed. R. Civ. Proc. 34, Plaintiff and Counterclaim-Plaintiff Sequoia Technology,

LLC ("Plaintiff" or "Sequoia") hereby serves its Responses to the First Set of Interrogatories

propounded by Counterclaim-Defendant Red Hat, Inc. ("Red Hat").  Plaintiff is not responding to Defendants Dell Inc., Dell Technologies Inc., and EMC Corporation ("Dell"); Defendant Hewlett Packard Enterprise Company ("HPE"); Defendants Hitachi, Ltd. and Hitachi Vantara Corporation ("Hitachi"); Defendant Super Micro Computer, Inc. ("Super Micro") collectively ("Customers") because of the Court Order staying those cases.  Red Hat and Customers are referenced here in individual capacity or as a group as "Defendant" or "Defendants."

## PRELIMINARY STATEMENT

The following responses and objections to Defendants' interrogatories are made on the basis of information that is presently known and available to Plaintiff and its attorneys.  Plaintiff's discovery, investigation and preparation for trial is not yet complete and is continuing as of the date of this response.  Plaintiff expressly reserves the right to continue its discovery and investigation for facts, witnesses and supplemental data that may reveal information which, if presently within its knowledge, would have been included in these responses and objections. Without obligation, Plaintiff reserves the right to change or supplement these responses as discovery continues, and as subsequent analysis of that discovery may lead to new contentions or legal theories.  Plaintiff specifically reserves the right to present additional information at trial as may be disclosed through its continuing discovery and investigation, including any information omitted from these responses as a result of mistake, error, oversight, or inadvertence.

Plaintiff reserves the right to object on appropriate grounds to the introduction into evidence of any portion of these responses.  The inclusion of any specific objection to an interrogatory is neither intended as, nor shall in any way be deemed to be, a waiver of any other specific objection made herein or asserted at a later date.  In addition, the failure to include at this

time any specific objection to an interrogatory is neither intended as, nor in any way shall be deemed to be, a waiver of Plaintiff's right to assert that or any other objection at a later date.

Except for facts explicitly admitted herein without qualification, no admission of any nature whatsoever is to be implied or inferred in the responses referenced herein. All responses must be construed as given on the basis of present knowledge and recollection. Any interrogatory deemed as continuing is objected to as oppressive, burdensome, and improper and will not be regarded as continuing in nature.

<u>**GENERAL OBJECTIONS**</u>

Plaintiff makes the following General Objections to Defendants' First Set of Interrogatories:

1.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks information protected from disclosure by any privilege or immunity including, without limitation, the attorney-client privilege, the joint-defense privilege, the self-critical analysis privilege, or the work product immunity from discovery. Inadvertent disclosure of any such information shall not constitute a waiver of any privilege or immunity and shall not waive the rights of Plaintiff to object to the use of any such information during this action.

2.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it fails to comply with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of the District of Delaware.

3.      Plaintiff objects to the definitions contained in the First Set of Interrogatories to the extent that they make one or more of the Interrogatories overly broad, unduly burdensome, harassing, and unreasonable.

4.      Plaintiff object to the definitions of the First Set of Interrogatories to the extent they purport to impose on Plaintiff an obligation to provide information for or on behalf of any person

or entity other than the Plaintiff and/or purports to seek information that is within the possession, custody, or control of Defendants, and Plaintiff expressly declines to do so.

5.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks information equally or more readily available to Defendants.

6.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories on the grounds that it is compound, overbroad, duplicative, burdensome, and/or harassing.

7.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks confidential, non-public, proprietary, trade secret, and/or commercially sensitive information.

8.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it intends to shift the burden of preparation of Defendants' case to Plaintiff.

9.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it does not adequately specify the information to be provided, and therefore forces Plaintiff to anticipate the actual nature of the information that Defendants wish to discover.

10.     Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it requires Plaintiff to provide information or documents which are claimed by Plaintiff to be privileged.

11.     Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that the documents and information are equally available, or only available, to Defendants and are contained within Defendants' own files, have been utilized for purposes of the underlying action and are thus available as court files, and are equally available to Defendants and have been for quite some time and thus demonstrates that Defendants propounded these demands purely to harass, intimidate and cause expense to Plaintiff, in a manner counterproductive to the proper purposes of

5

discovery.  Plaintiff further objects in that most of the information responsive to these Requests has already been provided to Defendants.  Therefore, most of these Requests are repetitive, duplicative, oppressive, financially detrimental and burdensome to Plaintiff.

12.     Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it exceeds the scope of the claims and defenses on file in the action or are not proportional to the needs of the case.

13.     Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it contains discrete subparts and/or subparagraphs, and in so doing, seeks improperly to expand the First Set of Interrogatories beyond the maximum number of 25 total Interrogatories.

14.     Moreover, Plaintiff is unable to search exhaustively for all information possessed by third parties whom Plaintiff does not have control or authority over.  All responses herein are based on a reasonably diligent inquiry within the four corners of Plaintiff's facilities.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

For each Asserted Claim, identify and describe in detail all factual bases for your contentions that Red Hat or its Customers infringe or have infringed the Patent-in-Suit (including literal infringement, infringement by the doctrine of equivalents, direct infringement, inducement of infringement, and contributory infringement), such contentions to include an identification of each Accused Product, and each Accused Operating System used in connection with each Accused Product so as to allegedly infringe the Patent-in-Suit, and an element-by-element identification in chart form identifying how each Accused Operating System and Accused Product meets the Asserted Claims. Such element-by-element identification shall expressly identify any differences between each Accused Operating System (including RHEL, CentOS, Ubuntu, Oracle Linux, SUSE

6

Enterprise Linux, and HP-UX) that Plaintiff contends is relevant to the practice of the Asserted Claims; if no such differences exists, your response shall state so expressly. Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your contentions, and the persons most knowledgeable about the factual bases for your contentions.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case.  Plaintiff further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order.  Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Sequoia incorporates by reference its initial disclosures and disclosures pursuant to paragraph 7(a) for Red Hat and its customers.  Sequoia will be serving its infringement contentions pursuant to paragraph 7(c) on the date proposed in the Scheduling Order in this case.  Sequoia will also be producing expert opinions and testimony on infringement on dates proposed in the Scheduling Order for experts.

**INTERROGATORY NO. 2:**

Provide all factual bases for any contentions that Red Hat or its Customers had pre-suit knowledge of the Patent-in-Suit or notice (actual or constructive) of its alleged infringement, including the date and manner in which you contend Red Hat or its Customers were first notified or became aware of the Patent-in-Suit and any facts you contend show that Red Hat or its Customers knew or should have known that they infringed the Patent-in-Suit. Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your contentions, and the persons most knowledgeable about the factual bases for your contentions.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. Plaintiff objects to this interrogatory as seeking information that is in possession of Red Hat and its Customers. Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Plaintiff incorporates by reference its factual assertions from the Operative Complaint in this action regarding pre-suit knowledge.

**INTERROGATORY NO. 3:**

Identify each product, other than the Accused Products, that embodies or that you have contended embodies or practices (either currently or in the past) any claim of the Patent-in-Suit, such identification to include the manufacturer of such product; whether such product was publicly used, sold, or offered for sale; whether such product was licensed to practice the Patent-in-Suit; and whether such product was marked with the number of the Patent-in-Suit. Your response shall

identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.   This interrogatory is overbroad, unduly burdensome, and not relevant to any asserted claim or defense or proportional to the needs of the case.

**INTERROGATORY NO. 4:**

For each Accused Product and each Asserted Claim, describe in detail your contentions as to the appropriate method of calculating damages, and identify the factual and legal bases for the damages you contend you are entitled to recover as a result of Red Hat and its Customers' alleged infringement, including whether your damages claims are based on lost profits, a reasonable royalty, or another damages theory; any royalty rate, royalty base, lost profits, disgorgements, enhanced damages, attorneys' fees, or costs that you contend are appropriate; your products that you contend compete with the Accused Products; any non-infringing alternatives; the date you contend the hypothetical negotiation would have occurred with respect to the Patent-in-Suit; and the time period for which you contend you are entitled to recover damages from Red Hat or its Customers due to any alleged infringement of the Patent-in-Suit.  Your response shall identify all

documents, witnesses, and things on which you intend to rely, or which otherwise relate to your contentions, and the persons most knowledgeable about the factual bases for your contentions.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case.  Plaintiff further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order.  Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Sequoia will seek damages in the form of a reasonable royalty.  Investigation as to the information related to the reasonable royalty rate is ongoing.  Sequoia seeks damages adequate to compensate it for infringement of the '436 patent, including any past, continuing, or future infringement up until the date such judgment is entered, together with prejudgment and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and an accounting to determine the full extent of infringement, including infringing sales, products, and services. Sequoia also seeks judgment that this case is exceptional under 35 U.S.C. § 285, and that it be awarded the attorneys' fees, costs, and expenses that it incurs in prosecuting this action.  Sequoia

also seeks any further relief at law or in equity as the Court deems just and proper. Sequoia's damages contentions and theories depend on discovery of sales discovery from Red Hat and its customers. Red Hat and its customers have not produced relevant information in this case for Sequoia to fully answer this interrogatory. Sequoia will also be producing expert opinions and testimony on damages on dates proposed in the Scheduling Order for experts.

## INTERROGATORY NO. 5:

For each Asserted Claim of the Patent-in-Suit, describe in detail all facts and circumstances relating to conception and reduction to practice of that claim, including the priority date for which you contend for each claim, the dates and locations of conception and reduction to practice, both actual and constructive, and any alleged diligence from conception to reduction to practice; identify all persons knowledgeable of such conception, diligence, and/or reduction to practice and the subject matter of each person's knowledge and the nature of each such person's participation and/or contribution. Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

## RESPONSE TO INTERROGATORY NO. 5:

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case. Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work

product privileges.  Plaintiff also objects to this Interrogatory to the extent that it seeks third-party information not within Plaintiff's possession, custody, or control.

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Sequoia incorporates by reference its initial disclosures.  Sequoia will produce documents pursuant to Federal Rule of Civil Procedure 33(d), from which responsive information regarding conception and reduction to practice can be determined.

## INTERROGATORY NO. 6:

Describe in detail any offer, discussion, negotiation, or agreement to license (in part or in whole), sell, covenant not to sue, or grant other rights in the Patent-in-Suit or related technology, or any other licensing activity for the Patent-in-Suit or related technology, including a description of the participants, dates, outcomes, and terms of such offers, discussions, negotiations, or agreements.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

## RESPONSE TO INTERROGATORY NO. 6:

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case.  Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work

product privileges.  Plaintiff also objects to this Interrogatory as overbroad, unduly burdensome, and vague and ambiguous, particularly the phrase "or related technology."

Subject to and without waiving its general and specific objections, Sequoia responds as follows:  Sequoia incorporates by reference its initial disclosures and is willing to meet and confer regarding additional information it will provide in response to this Interrogatory.

**INTERROGATORY NO. 7:**

Describe in detail the ownership or other rights to the Patent-in-Suit, including an identification of every person with any past or current financial or other interest in the Patent-in-Suit; whether you contend such person is a small entity for purposes of payment of fees to the United States Patent Office, and, if so, the basis for such contention; each instance in which the Patent-in-Suit has been assigned (for each such instance, identifying the date, assignor, assignee, and scope of assignment); the circumstances and details of any sales agreements, licenses, or royalty-sharing programs including between Plaintiff and any named inventor; and the circumstances and details of any agreements, licenses, or royalty-sharing programs including between Sequoia and ETRI.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to

the attorney-client and work product privileges.  Plaintiff also objects to this Interrogatory to the extent that it seeks third-party information not within Plaintiff's possession, custody, or control.

Subject to and without waiving its general and specific objections, Sequoia responds as follows:  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiff states that information requested in this Interrogatory may be determined from non-privileged business records, that the burden of deriving or ascertaining the same is substantially the same for either Plaintiff or Defendants, and as such Plaintiff refers to the assignment documents and related documents filed with the United States Patent and Trademark Office; and SEQUOIA000001-000382.  Sequoia also incorporates by reference its initial disclosures.

**INTERROGATORY NO. 8:**

Identify and describe in detail the current and former composition, ownership, and corporate structure of Sequoia and ETRI, including without limitation, the creation and funding of Sequoia, the relationship between Sequoia and ETRI, an identification of the directors, officers, employees, and investors of Sequoia, the positions, titles and interests of those individuals in Sequoia, and the identity of all persons and entities with any interest in any damages award or other relief that Sequoia and ETRI may obtain as a result of this lawsuit.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation,

including premature pursuant to the Scheduling Order in this case.  Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.  Plaintiff also objects to this Interrogatory to the extent that it seeks third-party information not within Plaintiff's possession, custody, or control.

Subject to and without waiving its general and specific objections, Sequoia responds as follows:  Sequoia incorporates its factual assertions regarding ownership from the Operative Complaint.  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiff further states that information requested in this Interrogatory may be determined from non-privileged business records, at Bates range SEQUOIA000001-SEQUOIA003798.  Sequoia incorporates also its initial disclosures.

**INTERROGATORY NO. 9:**

Separately for each Asserted Claim of the Patent-in-Suit, set forth all bases for any contention that the claim is not invalid, including the basis for any contentions that the prior art identified by Red Hat or its Customers does not anticipate or render obvious the claim, or that the identified reference does not qualify as prior art, the level of ordinary skill at the time of the invention, and any objective evidence or secondary considerations of nonobviousness of the Asserted Claim.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your contentions, and the persons most knowledgeable about the factual bases for your contentions.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts,

each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case.  Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Each claim of the '436 patent is presumed to be valid under 35 U.S.C. § 282, and each claim is presumed to be novel and non-obvious under 35 U.S.C. §§ 102 and 103.  Defendants bear the burden of proving their invalidity case, and their Invalidity Contentions are due pursuant to the Scheduling Order.  Should Defendants provide a basis for their invalidity position in their disclosures and Expert Reports, Sequoia will respond in its Rebuttal Expert Reports, which are incorporated herein, including all exhibits thereto and references cited therein.

**INTERROGATORY NO. 10:**

Separately for each Accused Operating System that was in public use prior to the priority date of the Patent-in-Suit (including at least Red Hat Linux versions 7.2 and earlier, SuSE Linux versions 7.3 and earlier, HP-UX versions 11i v1 and earlier), or any other operating system that used or included the Linux Logical Volume Manager, identify any differences relevant to the alleged infringement of the Patent-in-Suit between the version(s) of such operating system in use before the priority date of the Patent-in-Suit and the version(s) of such operating systems that you contend infringe the Patent-in-Suit.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your contentions, and the persons most knowledgeable about the factual bases for your contentions.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case.  Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Sequoia will be serving its infringement contentions pursuant to paragraph 7(c) on the date proposed in the Scheduling Order in this case.  Sequoia will also be producing expert opinions and testimony on infringement on dates proposed in the Scheduling Order for experts.

Dated: October 31, 2019

OF COUNSEL:                                    BAYARD, P.A.

Nate Dilger                                         */s/ Stephen B. Brauerman*
Deepali Brahmbhatt                          Stephen B. Brauerman (#4952)
One LLP                                             600 N. King Street, Suite 400
4000 MacArthur Blvd.                       Wilmington, DE 19801
East Tower, Suite 500                        (302) 655-5000
Newport Beach, CA 92660                sbrauerman@bayardlaw.com
ndilger@onellp.com
dbrahmbhatt@onellp.com                 *Attorneys for Plaintiff and Counterclaim-*
                                                          *Plaintiff Sequoia Technology, LLC.*

John Lord
One LLP
9301 Wilshire Blvd.

Penthouse Suite
Beverly Hills, CA 90210
jlord@onellp.com

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEQUOIA TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br>       v. <br><br> DELL, INC., DELL TECHNOLOGIES, INC. and its subsidiary EMC CORPORATION (AKA DELL EMC), <br><br> Defendants. | C.A. No: 18-1127-LPS-CJB <br> **LEAD CASE** |
| RED HAT, INC., <br><br>       Plaintiff, <br><br>       v. <br><br> SEQUOIA TECHNOLOGY, LLC and ELECTRONICS AND TELECOMMUNICATIONS RESEARCH INSTITUTE, <br><br> Defendants. | C.A. No: 18-2027-LPS-CJB |
| SEQUOIA TECHNOLOGY, LLC <br><br>       Counterclaim Plaintiff, <br><br>       v. <br><br> RED HAT, INC. and INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Counterclaim Defendants. | C.A. No: 18-2027-LPS-CJB |

**PLAINTIFF AND COUNTERCLAIM-PLAINTIFF SEQUOIA TECHNOLOGY, LLC'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' AND COUNTERCLAIM-DEFENDANT'S FIRST SET OF COMMON INTERROGATORIES**

Pursuant to Fed. R. Civ. Proc. 33, Plaintiff and Counterclaim-Plaintiff Sequoia Technology, LLC ("Plaintiff" or "Sequoia") hereby serves its Supplemental Responses to the First Set of Interrogatories propounded by Counterclaim-Defendant Red Hat, Inc. ("Red Hat").  Plaintiff is not responding to Defendants Dell Inc., Dell Technologies Inc., and EMC Corporation ("Dell"); Defendant Hewlett Packard Enterprise Company ("HPE"); Defendants Hitachi, Ltd. and Hitachi Vantara Corporation ("Hitachi"); Defendant Super Micro Computer, Inc. ("Super Micro") (collectively "Customers") because of the Court Order staying those cases.  Red Hat and Customers are referenced here in individual capacity or as a group as "Defendant" or "Defendants."

## PRELIMINARY STATEMENT

The following responses and objections to Defendants' interrogatories are made on the basis of information that is presently known and available to Plaintiff and its attorneys.  Plaintiff's discovery, investigation and preparation for trial is not yet complete and is continuing as of the date of this response.  Plaintiff expressly reserves the right to continue its discovery and investigation for facts, witnesses and supplemental data that may reveal information which, if presently within its knowledge, would have been included in these responses and objections. Without obligation, Plaintiff reserves the right to change or supplement these responses as discovery continues, and as subsequent analysis of that discovery may lead to new contentions or legal theories.  Plaintiff specifically reserves the right to present additional information at trial as may be disclosed through its continuing discovery and investigation, including any information omitted from these responses as a result of mistake, error, oversight, or inadvertence.

Plaintiff reserves the right to object on appropriate grounds to the introduction into evidence of any portion of these responses.  The inclusion of any specific objection to an interrogatory is neither intended as, nor shall in any way be deemed to be, a waiver of any other specific objection made herein or asserted at a later date.  In addition, the failure to include at this time any specific objection to an interrogatory is neither intended as, nor in any way shall be deemed to be, a waiver of Plaintiff's right to assert that or any other objection at a later date.

Except for facts explicitly admitted herein without qualification, no admission of any nature whatsoever is to be implied or inferred in the responses referenced herein.  All responses must be construed as given on the basis of present knowledge and recollection.  Any interrogatory deemed as continuing is objected to as oppressive, burdensome, and improper and will not be regarded as continuing in nature.

## **<u>GENERAL OBJECTIONS</u>**

Plaintiff makes the following General Objections to Defendants' First Set of Interrogatories:

1.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks information protected from disclosure by any privilege or immunity including, without limitation, the attorney-client privilege, the joint-defense privilege, the self-critical analysis privilege, or the work product immunity from discovery.  Inadvertent disclosure of any such information shall not constitute a waiver of any privilege or immunity and shall not waive the rights of Plaintiff to object to the use of any such information during this action.

2.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it fails to comply with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of the District of Delaware.

3.      Plaintiff objects to the definitions contained in the First Set of Interrogatories to the extent that they make one or more of the Interrogatories overly broad, unduly burdensome, harassing, and unreasonable.

4.      Plaintiff object to the definitions of the First Set of Interrogatories to the extent they purport to impose on Plaintiff an obligation to provide information for or on behalf of any person or entity other than the Plaintiff and/or purports to seek information that is within the possession, custody, or control of Defendants, and Plaintiff expressly declines to do so.

5.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks information equally or more readily available to Defendants.

6.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories on the grounds that it is compound, overbroad, duplicative, burdensome, and/or harassing.

7.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks confidential, non-public, proprietary, trade secret, and/or commercially sensitive information.

8.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it intends to shift the burden of preparation of Defendants' case to Plaintiff.

9.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it does not adequately specify the information to be provided, and therefore forces Plaintiff to anticipate the actual nature of the information that Defendants wish to discover.

10.     Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it requires Plaintiff to provide information or documents which are claimed by Plaintiff to be privileged.

11.     Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that the documents and information are equally available, or only available, to Defendants and are contained within Defendants' own files, have been utilized for purposes of the underlying action and are thus available as court files, and are equally available to Defendants and have been for quite some time and thus demonstrates that Defendants propounded these demands purely to harass, intimidate and cause expense to Plaintiff, in a manner counterproductive to the proper purposes of discovery.  Plaintiff further objects in that most of the information responsive to these Requests has already been provided to Defendants.   Therefore, most of these Requests are repetitive, duplicative, oppressive, financially detrimental and burdensome to Plaintiff.

12.     Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it exceeds the scope of the claims and defenses on file in the action or are not proportional to the needs of the case.

13.     Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it contains discrete subparts and/or subparagraphs, and in so doing, seeks improperly to expand the First Set of Interrogatories beyond the maximum number of 25 total Interrogatories.

14.     Moreover, Plaintiff is unable to search exhaustively for all information possessed by third parties whom Plaintiff does not have control or authority over.  All responses herein are based on a reasonably diligent inquiry within the four corners of Plaintiff's facilities.

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 2:

Provide all factual bases for any contentions that Red Hat or its Customers had pre-suit knowledge of the Patent-in-Suit or notice (actual or constructive) of its alleged infringement, including the date and manner in which you contend Red Hat or its Customers were first notified

or became aware of the Patent-in-Suit and any facts you contend show that Red Hat or its Customers knew or should have known that they infringed the Patent-in-Suit.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your contentions, and the persons most knowledgeable about the factual bases for your contentions.

## RESPONSE TO INTERROGATORY NO. 2:

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as seeking information that is in possession of Red Hat and its Customers.  Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Plaintiff incorporates by reference its factual assertions from the Operative Complaint in this action regarding pre-suit knowledge.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

Sequoia hereby incorporates its general and specific objections from its initial response. Subject to and without waiving its general and specific objections, Sequoia further responds as follows: Plaintiff incorporates by reference the allegations regarding pre-suit knowledge in its Operative Complaint in the customer cases (*See* Dell D.I. 1; HPE D.I. 1; Hitachi D.I. 1; Super Micro D.I. 1.); and the allegations regarding pre-suit knowledge in its Answer and Counterclaims to Red Hat's Operative Complaint in this matter.

//

//

**INTERROGATORY NO. 3:**

Identify each product, other than the Accused Products, that embodies or that you have contended embodies or practices (either currently or in the past) any claim of the Patent-in-Suit, such identification to include the manufacturer of such product; whether such product was publicly used, sold, or offered for sale; whether such product was licensed to practice the Patent-in-Suit; and whether such product was marked with the number of the Patent-in-Suit.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.   This interrogatory is overbroad, unduly burdensome, and not relevant to any asserted claim or defense or proportional to the needs of the case.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Sequoia hereby incorporates its general and specific objections from its initial response. Subject to and without waiving its general and specific objections, Sequoia further responds as follows: Sequoia does not contend that it practices any claims of the patent-in-suit.  Sequoia has already identified the Accused Products (subject to further supplementation) pertaining to the Customers and Red Hat.  With respect to other potential licensing and enforcement targets,

Sequoia incorporates its general and specific objections, including objecting based on the applicable privilege or protection, including the attorney-client and work product privileges.

## INTERROGATORY NO. 4:

For each Accused Product and each Asserted Claim, describe in detail your contentions as to the appropriate method of calculating damages, and identify the factual and legal bases for the damages you contend you are entitled to recover as a result of Red Hat and its Customers' alleged infringement, including whether your damages claims are based on lost profits, a reasonable royalty, or another damages theory; any royalty rate, royalty base, lost profits, disgorgements, enhanced damages, attorneys' fees, or costs that you contend are appropriate; your products that you contend compete with the Accused Products; any non-infringing alternatives; the date you contend the hypothetical negotiation would have occurred with respect to the Patent-in-Suit; and the time period for which you contend you are entitled to recover damages from Red Hat or its Customers due to any alleged infringement of the Patent-in-Suit.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your contentions, and the persons most knowledgeable about the factual bases for your contentions.

## RESPONSE TO INTERROGATORY NO. 4:

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case.  Plaintiff further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order.  Plaintiff also objects

to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Sequoia will seek damages in the form of a reasonable royalty.  Investigation as to the information related to the reasonable royalty rate is ongoing.  Sequoia seeks damages adequate to compensate it for infringement of the patent-in-suit, including any past, continuing, or future infringement up until the date such judgment is entered, together with prejudgment and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and an accounting to determine the full extent of infringement, including infringing sales, products, and services. Sequoia also seeks judgment that this case is exceptional under 35 U.S.C. § 285, and that it be awarded the attorneys' fees, costs, and expenses that it incurs in prosecuting this action.  Sequoia also seeks any further relief at law or in equity as the Court deems just and proper.  Sequoia's damages contentions and theories depend on discovery of sales discovery from Red Hat and its customers.  Red Hat and its customers have not produced relevant information in this case for Sequoia to fully answer this interrogatory.  Sequoia will also be producing expert opinions and testimony on damages on dates proposed in the Scheduling Order for experts.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:

Sequoia hereby incorporates its general and specific objections from its initial response. Subject to and without waiving its general and specific objections, Sequoia further responds as follows: Based on the evidence of which Plaintiff is currently aware, Plaintiff is seeking monetary damages in the form of a reasonable royalty.  In the absence of expert opinion (which is premature

at this time), Plaintiff has not determined which methodology or methodologies (including the hypothetical negotiation method described in *Georgia Pacific v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), the analytic method, the income method, the market method, etc., or some combination thereof) should be used in determining a reasonable royalty in this case, but as the *Georgia Pacific* factors encompass in some respects all of these methods, this response will reference the *Georgia Pacific* factors in discussing the determination of a reasonable royalty.  At this time, Plaintiff expects that the reasonable royalty in this case will take the form of a royalty rate applied to a base reflecting the benefits to Defendants and Defendants' customers from their use of the inventions described by the patents-in-suit.  The extent of use may be determined based on the number of units, revenues, number of infringing uses, or some combination thereof.

Any contentions regarding a reasonable royalty at this stage of the litigation must necessarily be preliminary, both because the valuation of patent damages is an issue subject to expert analysis, and because conclusions regarding a reasonable royalty requires consideration of all, or at least a substantial portion, of the relevant evidence, and Plaintiff does not yet have access to a great deal of likely highly relevant evidence.  The importance of expert analysis to the determination of a reasonable royalty is expressed, for example, in the fact that "[t]he opinion testimony of qualified experts" is expressly included in *Georgia Pacific* as Factor 14. 318 F. Supp. at 1120.  An expert opinion on damages would be premature at this point, as is recognized by the schedules proposed by the parties and adopted by the Court.  An expert opinion on damages is also premature because Defendants have to date produced very limited discovery of the evidence necessary to form such an opinion.  The importance of considering the relevant evidence as a whole in determining a reasonable royalty is reflected in the comprehensive nature of the *Georgia*

*Pacific* Factors, which require a hypothetical negotiation in which the parties are privy to all relevant information extant at the time of the negotiation, and much information occurring thereafter.  Moreover, the absence of evidence may be key to a damages analysis, and it is difficult to establish absence before the end of fact discovery. *See, e.g., ResQNet.com Inc. v. Lansa Inc.*, 594 F.3d 860, 870-72 (Fed. Cir. 2010) (evaluating reasonableness of reliance on settlement agreement based on the absence of better evidence of a reasonable rate).

Central to any determination of a reasonable royalty is the extent of use of the infringing instrumentality and methods.  To date, Defendant has resisted producing much of the evidence related to this issue.  Moreover, depositions of Defendant's witnesses will be necessary to understand financial, marketing, and other information produced and to be produced by Defendant, as well as to ensure that the base is properly allocated to the footprint of the asserted claims and the benefits of the products and methods described therein.

For the patent-in-suit, the royalty damages should run from July 2012 through the expiration of the patent, with a hypothetical negotiation date of approximately February 2005.  Plaintiff further expects that license agreements produced or to be produced by Defendant may be relevant to this Interrogatory.  Precise damages calculations will be subject to expert testimony and must await the complete disclosure and review of documents and other discovery from Defendants.  Accordingly, Plaintiff will provide its disclosure of its damages theory and supporting evidence in accordance with the schedule for disclosure of experts set forth in the Court's Scheduling Order.  Discovery in this case is ongoing, and Plaintiff reserves the right to amend or supplement this response as discovery in this case proceeds.

//

//

11

**INTERROGATORY NO. 5:**

For each Asserted Claim of the Patent-in-Suit, describe in detail all facts and circumstances relating to conception and reduction to practice of that claim, including the priority date for which you contend for each claim, the dates and locations of conception and reduction to practice, both actual and constructive, and any alleged diligence from conception to reduction to practice; identify all persons knowledgeable of such conception, diligence, and/or reduction to practice and the subject matter of each person's knowledge and the nature of each such person's participation and/or contribution.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case.  Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.  Plaintiff also objects to this Interrogatory to the extent that it seeks third-party information not within Plaintiff's possession, custody, or control.

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Sequoia incorporates by reference its initial disclosures.  Sequoia will produce documents

pursuant to Federal Rule of Civil Procedure 33(d), from which responsive information regarding conception and reduction to practice can be determined.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Sequoia hereby incorporates its general and specific objections from its initial response. Subject to and without waiving its general and specific objections, Sequoia further responds as follows:  For purposes of United States law, and based on Plaintiff's current analysis, Plaintiff claims a priority date as early as September 2000, and no later than the date of the foreign application of July 27, 2001.  Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff identifies the following documents from which responsive information can be determined: SEQUOIA005511-005749.

**INTERROGATORY NO. 7:**

Describe in detail the ownership or other rights to the Patent-in-Suit, including an identification of every person with any past or current financial or other interest in the Patent-in-Suit; whether you contend such person is a small entity for purposes of payment of fees to the United States Patent Office, and, if so, the basis for such contention; each instance in which the Patent-in-Suit has been assigned (for each such instance, identifying the date, assignor, assignee, and scope of assignment); the circumstances and details of any sales agreements, licenses, or royalty-sharing programs including between Plaintiff and any named inventor; and the circumstances and details of any agreements, licenses, or royalty-sharing programs including between Sequoia and ETRI.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

//

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.  Plaintiff also objects to this Interrogatory to the extent that it seeks third-party information not within Plaintiff's possession, custody, or control.

Subject to and without waiving its general and specific objections, Sequoia responds as follows:  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiff states that information requested in this Interrogatory may be determined from non-privileged business records, that the burden of deriving or ascertaining the same is substantially the same for either Plaintiff or Defendants, and as such Plaintiff refers to the assignment documents and related documents filed with the United States Patent and Trademark Office; and SEQUOIA000001-000382.  Sequoia also incorporates by reference its initial disclosures.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Sequoia hereby incorporates its general and specific objections from its initial response. Subject to and without waiving its general and specific objections, Sequoia further responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff identifies the following documents from which responsive information can be determined: SEQUOIA005494-005510.

**INTERROGATORY NO. 8:**

Identify and describe in detail the current and former composition, ownership, and corporate structure of Sequoia and ETRI, including without limitation, the creation and funding of

Sequoia, the relationship between Sequoia and ETRI, an identification of the directors, officers, employees, and investors of Sequoia, the positions, titles and interests of those individuals in Sequoia, and the identity of all persons and entities with any interest in any damages award or other relief that Sequoia and ETRI may obtain as a result of this lawsuit.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

## RESPONSE TO INTERROGATORY NO. 8:

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case.  Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.  Plaintiff also objects to this Interrogatory to the extent that it seeks third-party information not within Plaintiff's possession, custody, or control.

Subject to and without waiving its general and specific objections, Sequoia responds as follows:  Sequoia incorporates its factual assertions regarding ownership from the Operative Complaint.  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiff further states that information requested in this Interrogatory may be determined from non-privileged business records, at Bates range SEQUOIA000001-003798.  Sequoia incorporates also its initial disclosures.

//

//

15

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Sequoia hereby incorporates its general and specific objections from its initial response. Subject to and without waiving its general and specific objections, Sequoia further responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff identifies the following documents from which responsive information can be determined: SEQUOIA005494-005510.

Dated: December 18, 2019

OF COUNSEL:

Nate Dilger
Deepali Brahmbhatt
One LLP
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
ndilger@onellp.com
dbrahmbhatt@onellp.com

John Lord
One LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
jlord@onellp.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (#4952)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com

*Attorneys for Plaintiff and Counterclaim-Plaintiff Sequoia Technology, LLC.*

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEQUOIA TECHNOLOGY, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>DELL, INC., DELL TECHNOLOGIES, INC. and its subsidiary EMC CORPORATION (AKA DELL EMC),<br><br>      Defendants. | C.A. No: 18-1127-LPS-CJB<br>**LEAD CASE** |
| RED HAT, INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>SEQUOIA TECHNOLOGY, LLC and ELECTRONICS AND TELECOMMUNICATIONS RESEARCH INSTITUTE,<br><br>      Defendants. | C.A. No: 18-2027-LPS-CJB |
| SEQUOIA TECHNOLOGY, LLC<br><br>      Counterclaim Plaintiff,<br><br>      v.<br><br>RED HAT, INC. and INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>      Counterclaim Defendants. | C.A. No: 18-2027-LPS-CJB |

**PLAINTIFF AND COUNTERCLAIM-PLAINTIFF SEQUOIA TECHNOLOGY, LLC'S SUUPLEMENTAL RESPONSES TO COUNTERCLAIM-DEFENDANT'S FIRST SET OF COMMON INTERROGATORIES (NOS. 1-10)**

Pursuant to Fed. R. Civ. Proc. 33, Plaintiff and Counterclaim-Plaintiff Sequoia Technology, LLC ("Plaintiff" or "Sequoia") hereby serves its Supplemental Responses to the First Set of Interrogatories propounded by Counterclaim-Defendant Red Hat, Inc. ("Red Hat"). Plaintiff is not responding to Defendants Dell Inc., Dell Technologies Inc., and EMC Corporation ("Dell"); Defendant Hewlett Packard Enterprise Company ("HPE"); Defendants Hitachi, Ltd. and Hitachi Vantara Corporation ("Hitachi"); Defendant Super Micro Computer, Inc. ("Super Micro") collectively ("Customers") because of the Court Order staying those cases. Red Hat and Customers are referenced here in individual capacity or as a group as "Defendant" or "Defendants."

## PRELIMINARY STATEMENT

The following responses and objections to Defendants' interrogatories are made on the basis of information that is presently known and available to Plaintiff and his attorneys. Plaintiff's discovery, investigation and preparation for trial is not yet complete and is continuing as of the date of this response. Plaintiff expressly reserves the right to continue its discovery and investigation for facts, witnesses and supplemental data that may reveal information which, if presently within his knowledge, would have been included in these responses and objections. Without obligation, Plaintiff reserves the right to change or supplement these responses as discovery continues, and as subsequent analysis of that discovery may lead to new contentions or legal theories. Plaintiff specifically reserves the right to present additional information at trial as may be disclosed through his continuing discovery and investigation, including any information omitted from these responses as a result of mistake, error, oversight, or inadvertence.

Plaintiff reserves the right to object on appropriate grounds to the introduction into evidence of any portion of these responses. The inclusion of any specific objection to an

interrogatory is neither intended as, nor shall in any way be deemed to be, a waiver of any other specific objection made herein or asserted at a later date. In addition, the failure to include at this time any specific objection to an interrogatory is neither intended as, nor in any way shall be deemed to be, a waiver of Plaintiff's right to assert that or any other objection at a later date.

Except for facts explicitly admitted herein without qualification, no admission of any nature whatsoever is to be implied or inferred in the responses referenced herein. All responses must be construed as given on the basis of present knowledge and recollection. Any interrogatory deemed as continuing is objected to as oppressive, burdensome, and improper and will not be regarded as continuing in nature.

## **GENERAL OBJECTIONS**

Plaintiff makes the following General Objections to Defendants' First Set of Interrogatories:

1.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks information protected from disclosure by any privilege or immunity including, without limitation, the attorney-client privilege, the joint-defense privilege, the self-critical analysis privilege, or the work product immunity from discovery. Inadvertent disclosure of any such information shall not constitute a waiver of any privilege or immunity and shall not waive the rights of Plaintiff to object to the use of any such information during this action.

2.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it fails to comply with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of the District of Delaware.

3.      Plaintiff objects to the definition contained in the First Set of Interrogatories to the extent that they make one or more of the Interrogatories overly broad, unduly burdensome, harassing, and unreasonable.

4.      Plaintiff object to the definition of the First Set of Interrogatories to the extent they purport to impose on Plaintiff an obligation to provide information for or on behalf of any person or entity other than the Plaintiff and/or purports to seek information that is within the possession, custody, or control of Defendants, and Plaintiff expressly declines to do so.

5.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks information equally or more readily available to Defendants.

6.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories on the grounds that it is compound, overbroad, duplicative, burdensome, and/or harassing.

7.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks confidential, non-public, proprietary, trade secret, and/or commercially sensitive information.

8.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that the demands improperly intend to shift the burden of preparation of Defendants' case to Plaintiff.

9.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that the demands do not adequately specify the information to be provided, and therefore forces Plaintiff to anticipate the actual nature of the information that Defendants wish to discover.

10.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that the demands improperly require Plaintiff to provide certain information relating to any and all information or documents which are claimed by Plaintiff to be privileged.

11.      Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that the documents and information are equally available, or only available, to Defendants and are contained within Defendants' own files, have been utilized for purposes of the underlying action

and are thus available as court files, and are equally available to Defendants and have been for quite some time and thus demonstrates that Defendants propounded these demands purely to harass, intimidate and cause expense to Plaintiff, in a manner counterproductive to the proper purposes of discovery.  Plaintiff further objects in that most of the information responsive to these Demands has already been provided to Defendants.  Therefore, most of these demands are repetitive, duplicative, oppressive, financially detrimental and burdensome to Plaintiff.

12.     Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it exceeds the scope of the claims and defenses on file in the action or are not proportional to the needs of the case.

13.     Plaintiff objects to each Interrogatory in the First Set of Interrogatories to the extent that it contains discrete subparts and/or subparagraphs, and in so doing, seeks improperly to expand the First Set of Interrogatories beyond the maximum number of 25 total Interrogatories.

14.     Moreover, Plaintiff is unable to search exhaustively for all information possessed by third parties whom Plaintiff does not have control or authority over.  All responses herein are based on a reasonably diligent inquiry within the four corners of Plaintiff's facilities.

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 6:

Describe in detail any offer, discussion, negotiation, or agreement to license (in part or in whole), sell, covenant not to sue, or grant other rights in the Patent-in-Suit or related technology, or any other licensing activity for the Patent-in-Suit or related technology, including a description of the participants, dates, outcomes, and terms of such offers, discussions, negotiations, or agreements.  Your response shall identify all documents, witnesses, and things on which you intend

to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case.  Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges. Plaintiff also objects to this Interrogatory as overbroad, unduly burdensome, and vague and ambiguous, particularly the phrase "or related technology."

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Sequoia incorporates by reference its initial disclosures and is willing to meet and confer regarding additional information it will provide in response to this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Sequoia references documents produced pursuant to Fed. R. Civ. P. 33(d) from which responsive information can be determined at Bates Number SEQUOIA005750-SEQUOIA005778 marked Highly Confidential AEO.

Dated: February 14, 2020

OF COUNSEL:                              BAYARD, P.A.

Nate Dilger                              */s/ Stephen B. Brauerman*
Deepali Brahmbhatt                       Stephen B. Brauerman (#4952)
One LLP                                  600 N. King Street, Suite 400
4000 MacArthur Blvd.                     Wilmington, DE 19801
East Tower, Suite 500                    (302) 655-5000
Newport Beach, CA 92660                  sbrauerman@bayardlaw.com
ndilger@onellp.com
dbrahmbhatt@onellp.com                   *Attorneys for Plaintiff and Counterclaim-*
                                         *Plaintiff Sequoia Technology, LLC.*

John Lord
One LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
jlord@onellp.com

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEQUOIA TECHNOLOGY, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>DELL, INC., DELL TECHNOLOGIES, INC. and its subsidiary EMC CORPORATION (AKA DELL EMC),<br><br>          Defendants. | C.A. No: 18-1127-LPS-CJB<br>**LEAD CASE** |
| RED HAT, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>SEQUOIA TECHNOLOGY, LLC and ELECTRONICS AND TELECOMMUNICATIONS RESEARCH INSTITUTE,<br><br>          Defendants. | C.A. No: 18-2027-LPS-CJB |
| SEQUOIA TECHNOLOGY, LLC<br><br>          Counterclaim Plaintiff,<br><br>     v.<br><br>RED HAT, INC. and INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>          Counterclaim Defendants. | C.A. No: 18-2027-LPS-CJB |

**SEQUOIA TECHNOLOGY, LLC'S RESPONSES TO RED HAT'S**
**SECOND SET OF COMMON INTERROGATORIES (NOS. 11-16)**

Pursuant to Fed. R. Civ. Proc. 33, Plaintiff and Counterclaim-Plaintiff Sequoia Technology, LLC ("Plaintiff" or "Sequoia") hereby serves its Responses to the Second Set of Interrogatories propounded by Counterclaim-Defendant Red Hat, Inc. ("Red Hat"). Plaintiff is not responding to Defendants Dell Inc., Dell Technologies Inc., and EMC Corporation ("Dell"); Defendant Hewlett Packard Enterprise Company ("HPE"); Defendants Hitachi, Ltd. and Hitachi Vantara Corporation ("Hitachi"); Defendant Super Micro Computer, Inc. ("Super Micro") collectively ("Customers") because of the Court Order staying those cases. Red Hat and Customers are referenced here in individual capacity or as a group as "Defendant" or "Defendants."

## PRELIMINARY STATEMENT

The following responses and objections to Defendant's Interrogatories are made on the basis of information that is presently known and available to Plaintiff and its attorneys. Plaintiff's discovery, investigation and preparation for trial is not yet complete and is continuing as of the date of this response. Plaintiff expressly reserves the right to continue its discovery and investigation for facts, witnesses and supplemental data that may reveal information which, if presently within its knowledge, would have been included in these responses and objections. Without obligation, Plaintiff reserves the right to change or supplement these responses as discovery continues, and as subsequent analysis of that discovery may lead to new contentions or legal theories. Plaintiff specifically reserves the right to present additional information at trial as may be disclosed through its continuing discovery and investigation, including any information omitted from these responses as a result of mistake, error, oversight, or inadvertence.

Plaintiff reserves the right to object on appropriate grounds to the introduction into evidence of any portion of these responses.  The inclusion of any specific objection to an interrogatory is neither intended as, nor shall in any way be deemed to be, a waiver of any other specific objection made herein or asserted at a later date.  In addition, the failure to include at this time any specific objection to an interrogatory is neither intended as, nor in any way shall be deemed to be, a waiver of Plaintiff's right to assert that or any other objection at a later date.

Except for facts explicitly admitted herein without qualification, no admission of any nature whatsoever is to be implied or inferred in the responses referenced herein.  All responses must be construed as given on the basis of present knowledge and recollection.  Any interrogatory deemed as continuing is objected to as oppressive, burdensome, and improper and will not be regarded as continuing in nature.

## **<u>GENERAL OBJECTIONS</u>**

Plaintiff makes the following General Objections to Defendant's Second Set of Interrogatories:

1.      Plaintiff objects to each Interrogatory in the Second Set of Interrogatories to the extent that it seeks information protected from disclosure by any privilege or immunity including, without limitation, the attorney-client privilege, the joint-defense privilege, the self-critical analysis privilege, or the work product immunity from discovery.  Inadvertent disclosure of any such information shall not constitute a waiver of any privilege or immunity and shall not waive the rights of Plaintiff to object to the use of any such information during this action.

2.      Plaintiff objects to each Interrogatory in the Second Set of Interrogatories to the extent that it fails to comply with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of the District of Delaware.

-2-

3.      Plaintiff objects to the definitions contained in the Second Set of Interrogatories to the extent that they make one or more of the Interrogatories overly broad, unduly burdensome, harassing, and unreasonable.

4.      Plaintiff object to the definitions of the Second Set of Interrogatories to the extent they purport to impose on Plaintiff an obligation to provide information for or on behalf of any person or entity other than the Plaintiff and/or purports to seek information that is within the possession, custody, or control of Defendant, and Plaintiff expressly declines to do so.

5.      Plaintiff objects to each Interrogatory in the Second Set of Interrogatories to the extent that it seeks information equally or more readily available to Defendant.

6.      Plaintiff objects to each Interrogatory in the Second Set of Interrogatories on the grounds that it is compound, overbroad, duplicative, burdensome, and/or harassing.

7.      Plaintiff objects to each Interrogatory in the Second Set of Interrogatories to the extent that it seeks confidential, non-public, proprietary, trade secret, and/or commercially sensitive information.

8.      Plaintiff objects to each Interrogatory in the Second Set of Interrogatories to the extent that it intends to shift the burden of preparation of Defendant's case to Plaintiff.

9.      Plaintiff objects to each Interrogatory in the Second Set of Interrogatories to the extent that it does not adequately specify the information to be provided, and therefore forces Plaintiff to anticipate the actual nature of the information that Defendant wishes to discover.

10.     Plaintiff objects to each Interrogatory in the Second Set of Interrogatories to the extent that it requires Plaintiff to provide information or documents which are claimed by Plaintiff to be privileged.

11.     Plaintiff objects to each Interrogatory in the Second Set of Interrogatories to the extent that the documents and information are equally available, or only available, to Defendant and are contained within Defendant's own files, have been utilized for purposes of the underlying action and are thus available as court files, and are equally available to Defendant and have been for quite some time and thus demonstrates that Defendant propounded these demands purely to harass, intimidate and cause expense to Plaintiff, in a manner counterproductive to the proper purposes of discovery.  Plaintiff further objects in that most of the information responsive to these Requests has already been provided to Defendant.   Therefore, most of these Requests are repetitive, duplicative, oppressive, financially detrimental and burdensome to Plaintiff.

12.     Plaintiff objects to each Interrogatory in the Second Set of Interrogatories to the extent that it exceeds the scope of the claims and defenses on file in the action or are not proportional to the needs of the case.

13.     Plaintiff objects to each Interrogatory in the Second Set of Interrogatories to the extent that it contains discrete subparts and/or subparagraphs, and in so doing, seeks improperly to expand the Second Set of Interrogatories beyond the maximum number of 25 total Interrogatories.

14.     Moreover, Plaintiff is unable to search exhaustively for all information possessed by third parties whom Plaintiff does not have control or authority over.  All responses herein are based on a reasonably diligent inquiry within the four corners of Plaintiff's facilities.

## **RESPONSES TO INTERROGATORIES**

## **INTERROGATORY NO. 11:**

Describe in detail the ownership of ETRI and relationship between ETRI and any other past or present entity (including subsidiary, joint venture, or otherwise) in which ETRI had or has

an interest. Such entities shall include at least the ETRI USA R&D Design Center, the ETRI Open Source Center, and Intellectual Discovery.  Your response shall specifically include the nature of the relationship between ETRI and such entity; the function of such entity; the services provided by such entity; the structure and organization of such entity; identification of the directors, officers, employees, and investors of each such entity; identification of all documents, witnesses, and things which relate to Your response; and the three persons most knowledgeable about the factual bases of Your response.

## RESPONSE TO INTERROGATORY NO. 11:

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case.  Plaintiff further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order.  Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.  Plaintiff further objects to this interrogatory as overbroad in seeking information unrelated to any claims or defenses in this action.

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Pursuant to Fed. R. Civ. P. 33(d), Sequoia has produced Sequoia's exclusive licensee agreement with ETRI and two amendments produced at SEQUOIA000003-SEQUOIA000024, from which responsive information can be determined.  Sequoia incorporates by reference its

initial disclosures served in this action.  Sequoia incorporates by reference its corporate disclosure statement filed in this action.  Sequoia and ETRI are third parties in contract.  Sequoia is a wholly owned subsidiary of Golden Wave Partners Co. Ltd. that is wholly owned subsidiary of Intellectual Discovery, both of which are Korean Corporations.

## INTERROGATORY NO. 12:

Identify and describe each Linux-based product or service for which ETRI has contributed to its research, development, marketing, sales, distribution, and/or support.  Such products or services shall include at least Booyo Linux, Qplus, and N2OS, and Your response shall include an identification of all technical documents, invention or research reports, domestic and worldwide sales and distribution documents, and evidence of commercial success related to such products or services; an identification of each version of such products or services, including the date each version was released; an identification of all employees, personnel, and individuals involved in each version, along with a description of the role or contribution of each individual; an identification of all documents, witnesses, and things which relate to Your response; and an identification of the three persons most knowledgeable about the factual bases of Your response.

## RESPONSE TO INTERROGATORY NO. 12:

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case.  Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case.  Plaintiff further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order.  Plaintiff also objects

to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.  Plaintiff further objects to this interrogatory as seeking information not in its possession and custody.  Plaintiff objects to this information as seeking hearsay evidence.

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Sequoia does not have any responsive information.

**INTERROGATORY NO. 13:**

Describe in detail the contributions by ETRI to the research, development, marketing, sales, distribution, and/or support of the SANtopia system. Your response shall include at least a description of each module of the SANtopia system, including SANtopia Volume Manager, SANtopia Buffer Manager, SANtopia Lock Manager, and SANtopia File Manager; an identification of all technical documents, invention or research reports, domestic and worldwide sales and distribution documents, and evidence of commercial success related to SANtopia; an identification of each version of SANtopia, including the date each version was released, whether such version was marked with the number of any patent, and whether such version was downloaded or distributed in the United States; an identification of all employees, personnel, and individuals involved with SANtopia, along with a description of the role or contribution of each individual; an identification of all documents, witnesses, and things which relate to Your response, and the three persons most knowledgeable about the factual bases of Your response.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case.

-7-

Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case.  Plaintiff further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order.  Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Pursuant to Fed. R. Civ. P. 33(d), Sequoia has produced documents at SEQUOIA005511-SEQUOIA005749, SEQUOIA000025-SEQUOIA000380, SEQUOIA002653-SEQUOIA003798, SEQUOIA000383-SEQUOIA002652 from which responsive information can be determined.

**INTERROGATORY NO. 14:**

Describe in detail all past and present litigations or legal disputes within the United States involving ETRI, ETRI-owned or licensed patents, Sequoia, Intellectual Discovery, or Global Raid Technology, LLC.  Your response shall include at least an identification of the parties involved; the issues in dispute including any patents or patent licenses; witnesses, including experts and corporate witnesses; the resolution of the litigation; an identification of all employees, personnel, and individuals who participated, along with a description of the role or contribution of each individual; an identification of all documents, witnesses, and things which relate to Your response; and the three persons most knowledgeable about the factual bases of Your response.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts,

each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case.  Plaintiff further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order.  Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.  Plaintiff further objects to this information as requesting public information that is equally available to both parties.

Subject to and without waiving its general and specific objections, Sequoia responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Sequoia has produced documents at SEQUOIA000005-SEQUOIA000008 from which responsive information can be determined. Sequoia has had no other past, present or legal disputes within the United States involving ETRI, ETRI-owned or licensed patents, Sequoia, Intellectual Discovery, or Global Raid Technology, LLC.

**INTERROGATORY NO. 15:**

Identify and describe in detail all past and present business contacts, relationships, investments, sources of revenue (including patent licensing), and the nature of all business conducted with the United States.  Your response shall include at least an identification of the parties involved; the State; the mission and/or nature of the business or contact; an explanation of Your licensing relationship with Intellectual Discovery; witnesses, including experts and corporate witnesses; an identification of all employees, personnel, and individuals involved, along with a description of the role or contribution of each individual; an identification of all documents,

witnesses, and things which relate to Your response; and the three persons most knowledgeable about the factual bases of Your response.

## RESPONSE TO INTERROGATORY NO. 15:

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case. Plaintiff further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges. Plaintiff further objects to this information as overbroad in seeking information not relevant to any claims or defenses in this action.

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Pursuant to Fed. R. Civ. P. 33(d), Sequoia has produced documents at SEQUOIA000005-SEQUOIA000008 from which responsive information can be determined. Sequoia further states that Sequoia is a wholly owned subsidiary of Golden Wave Partners Co. Ltd. that is wholly owned subsidiary of Intellectual Discovery, both of which are Korean Corporations. Sequoia does not have knowledge or information regarding its parents licensing activities. Sequoia has not had any past revenue in the United States.

**INTERROGATORY NO. 16:**

Identify and describe in detail your knowledge of the business of Intellectual Discovery, including ownership, investments, sources of revenue, officers, directors, investors, organizational charts, and the nature of all business conducted with the United States. Your response shall specifically include the function of the business; the services provided; the corporate structure; identification of the directors, officers, employees, and investors along with a description of their role or contribution; an identification of all documents, witnesses, including experts and corporate witness, and things which relate to Your response; and the three persons most knowledgeable about the factual bases of Your response.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case. Plaintiff further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges. Plaintiff further objects to this interrogatory as seeking information not in its possession and custody. Plaintiff objects to this information as seeking hearsay evidence.

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Sequoia is willing to meet and confer to narrow the scope of this request.

-11-

Dated: April 23, 2020

OF COUNSEL:                              BAYARD, P.A.

Nate Dilger                              */s/ Stephen B. Brauerman*
Deepali Brahmbhatt                       Stephen B. Brauerman (#4952)
One LLP                                  600 N. King Street, Suite 400
4000 MacArthur Blvd.                     Wilmington, DE 19801
East Tower, Suite 500                    (302) 655-5000
Newport Beach, CA 92660                  sbrauerman@bayardlaw.com
ndilger@onellp.com
dbrahmbhatt@onellp.com                   *Attorneys for Plaintiff and Counterclaim-*
                                         *Plaintiff Sequoia Technology, LLC.*

John Lord
One LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
jlord@onellp.com

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEQUOIA TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>     v.<br><br>DELL, INC., DELL TECHNOLOGIES, INC.<br>and its subsidiary EMC CORPORATION<br>(AKA DELL EMC),<br><br>Defendants. | C.A. No: 18-1127-LPS-CJB<br>**LEAD CASE** |
| RED HAT, INC.,<br><br>     Plaintiff,<br><br>     v.<br><br>SEQUOIA TECHNOLOGY, LLC and<br>ELECTRONICS AND<br>TELECOMMUNICATIONS RESEARCH<br>INSTITUTE,<br><br>Defendants. | C.A. No: 18-2027-LPS-CJB |
| SEQUOIA TECHNOLOGY, LLC<br><br>     Counterclaim Plaintiff,<br><br>     v.<br><br>RED HAT, INC. and INTERNATIONAL<br>BUSINESS MACHINES CORPORATION,<br><br>Counterclaim Defendants. | C.A. No: 18-2027-LPS-CJB |

**SEQUOIA TECHNOLOGY, LLC'S SECOND SUPPLEMENTAL RESPONSES
TO RED HAT'S INTERROGATORIES (NOS. 3, 4, 5, AND 12)**

Pursuant to Fed. R. Civ. Proc. 33, Plaintiff and Counterclaim-Plaintiff Sequoia Technology, LLC ("Plaintiff" or "Sequoia") hereby serves its Second Supplemental Responses to Interrogatories propounded by Counterclaim-Defendant Red Hat, Inc. ("Red Hat"). Plaintiff is not responding to Defendants Dell Inc., Dell Technologies Inc., and EMC Corporation ("Dell"); Defendant Hewlett Packard Enterprise Company ("HPE"); Defendants Hitachi, Ltd. and Hitachi Vantara Corporation ("Hitachi"); Defendant Super Micro Computer, Inc. ("Super Micro") (collectively "Customers") because of the Court Order staying those cases. Red Hat and Customers are referenced here in individual capacity or as a group as "Defendant" or "Defendants."

## PRELIMINARY STATEMENT

The following responses and objections to Defendants' interrogatories are made on the basis of information that is presently known and available to Plaintiff and its attorneys. Plaintiff's discovery, investigation and preparation for trial is not yet complete and is continuing as of the date of this response. Plaintiff expressly reserves the right to continue its discovery and investigation for facts, witnesses and supplemental data that may reveal information which, if presently within its knowledge, would have been included in these responses and objections. Without obligation, Plaintiff reserves the right to change or supplement these responses as discovery continues, and as subsequent analysis of that discovery may lead to new contentions or legal theories. Plaintiff specifically reserves the right to present additional information at trial as may be disclosed through its continuing discovery and investigation, including any information omitted from these responses as a result of mistake, error, oversight, or inadvertence.

Plaintiff reserves the right to object on appropriate grounds to the introduction into evidence of any portion of these responses. The inclusion of any specific objection to an

interrogatory is neither intended as, nor shall in any way be deemed to be, a waiver of any other specific objection made herein or asserted at a later date.  In addition, the failure to include at this time any specific objection to an interrogatory is neither intended as, nor in any way shall be deemed to be, a waiver of Plaintiff's right to assert that or any other objection at a later date.

Except for facts explicitly admitted herein without qualification, no admission of any nature whatsoever is to be implied or inferred in the responses referenced herein.  All responses must be construed as given on the basis of present knowledge and recollection.  Any interrogatory deemed as continuing is objected to as oppressive, burdensome, and improper and will not be regarded as continuing in nature.

## <u>GENERAL OBJECTIONS</u>

Plaintiff makes the following General Objections to Defendants' Interrogatories:

1.     Plaintiff objects to each Interrogatory to the extent that it seeks information protected from disclosure by any privilege or immunity including, without limitation, the attorney-client privilege, the joint-defense privilege, the self-critical analysis privilege, or the work product immunity from discovery.  Inadvertent disclosure of any such information shall not constitute a waiver of any privilege or immunity and shall not waive the rights of Plaintiff to object to the use of any such information during this action.

2.     Plaintiff objects to each Interrogatory to the extent that it fails to comply with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of the District of Delaware.

3.     Plaintiff objects to the definitions contained in the Interrogatories to the extent that they make one or more of the Interrogatories overly broad, unduly burdensome, harassing, and unreasonable.

4.      Plaintiff object to the definitions of the Interrogatories to the extent they purport to impose on Plaintiff an obligation to provide information for or on behalf of any person or entity other than the Plaintiff and/or purports to seek information that is within the possession, custody, or control of Defendants, and Plaintiff expressly declines to do so.

5.      Plaintiff objects to each Interrogatory to the extent that it seeks information equally or more readily available to Defendants.

6.      Plaintiff objects to each Interrogatory on the grounds that it is compound, overbroad, duplicative, burdensome, and/or harassing.

7.      Plaintiff objects to each Interrogatory to the extent that it seeks confidential, non-public, proprietary, trade secret, and/or commercially sensitive information.

8.      Plaintiff objects to each Interrogatory to the extent that it intends to shift the burden of preparation of Defendants' case to Plaintiff.

9.      Plaintiff objects to each Interrogatory to the extent that it does not adequately specify the information to be provided, and therefore forces Plaintiff to anticipate the actual nature of the information that Defendants wish to discover.

10.     Plaintiff objects to each Interrogatory to the extent that it requires Plaintiff to provide information or documents which are claimed by Plaintiff to be privileged.

11.     Plaintiff objects to each Interrogatory to the extent that the documents and information are equally available, or only available, to Defendants and are contained within Defendants' own files, have been utilized for purposes of the underlying action and are thus available as court files, and are equally available to Defendants and have been for quite some time and thus demonstrates that Defendants propounded these demands purely to harass, intimidate and cause expense to Plaintiff, in a manner counterproductive to the proper purposes of discovery.

Plaintiff further objects in that most of the information responsive to these Requests has already been provided to Defendants.   Therefore, most of these Requests are repetitive, duplicative, oppressive, financially detrimental and burdensome to Plaintiff.

12.     Plaintiff objects to each Interrogatory to the extent that it exceeds the scope of the claims and defenses on file in the action or are not proportional to the needs of the case.

13.     Plaintiff objects to each Interrogatory to the extent that it contains discrete subparts and/or subparagraphs, and in so doing, seeks improperly to expand the Interrogatories beyond the maximum number of 25 total Interrogatories.

14.     Moreover, Plaintiff is unable to search exhaustively for all information possessed by third parties whom Plaintiff does not have control or authority over.   All responses herein are based on a reasonably diligent inquiry within the four corners of Plaintiff's facilities.

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 3:

Identify each product, other than the Accused Products, that embodies or that you have contended embodies or practices (either currently or in the past) any claim of the Patent-in-Suit, such identification to include the manufacturer of such product; whether such product was publicly used, sold, or offered for sale; whether such product was licensed to practice the Patent-in-Suit; and whether such product was marked with the number of the Patent-in-Suit.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

## RESPONSE TO INTERROGATORY NO. 3:

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts,

each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.   This interrogatory is overbroad, unduly burdensome, and not relevant to any asserted claim or defense or proportional to the needs of the case.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Sequoia hereby incorporates its general and specific objections from its initial response. Subject to and without waiving its general and specific objections, Sequoia further responds as follows: Sequoia does not contend that it practices any claims of the patent-in-suit.   Sequoia has already identified the Accused Products (subject to further supplementation) pertaining to the Customers and Red Hat.   With respect to other potential licensing and enforcement targets, Sequoia incorporates its general and specific objections, including objecting based on the applicable privilege or protection, including the attorney-client and work product privileges.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Sequoia hereby incorporates its general and specific objections from its initial response. Subject to and without waiving its general and specific objections, Sequoia further responds as follows:  Sequoia contends that the disclosure of the SANtopia system embodies or practices at least one of the asserted claims of the Patent-in-Suit.   Pursuant to FRCP 33(d), Sequoia has produced all non-privileged documents in its possession, custody or control regarding the SANtopia system that it is able to locate after a search that is reasonable under the circumstances.

**INTERROGATORY NO. 4:**

For each Accused Product and each Asserted Claim, describe in detail your contentions as to the appropriate method of calculating damages, and identify the factual and legal bases for the damages you contend you are entitled to recover as a result of Red Hat and its Customers' alleged infringement, including whether your damages claims are based on lost profits, a reasonable royalty, or another damages theory; any royalty rate, royalty base, lost profits, disgorgements, enhanced damages, attorneys' fees, or costs that you contend are appropriate; your products that you contend compete with the Accused Products; any non-infringing alternatives; the date you contend the hypothetical negotiation would have occurred with respect to the Patent-in-Suit; and the time period for which you contend you are entitled to recover damages from Red Hat or its Customers due to any alleged infringement of the Patent-in-Suit. Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your contentions, and the persons most knowledgeable about the factual bases for your contentions.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case. Plaintiff further objects to this interrogatory to the extent it calls for the disclosure of expert information at a time and in a manner contrary to the Federal Rules of Civil Procedure and/or the Scheduling Order. Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from

discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Sequoia will seek damages in the form of a reasonable royalty.  Investigation as to the information related to the reasonable royalty rate is ongoing.  Sequoia seeks damages adequate to compensate it for infringement of the patent-in-suit, including any past, continuing, or future infringement up until the date such judgment is entered, together with prejudgment and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and an accounting to determine the full extent of infringement, including infringing sales, products, and services. Sequoia also seeks judgment that this case is exceptional under 35 U.S.C. § 285, and that it be awarded the attorneys' fees, costs, and expenses that it incurs in prosecuting this action.  Sequoia also seeks any further relief at law or in equity as the Court deems just and proper.  Sequoia's damages contentions and theories depend on discovery of sales discovery from Red Hat and its customers.  Red Hat and its customers have not produced relevant information in this case for Sequoia to fully answer this interrogatory.  Sequoia will also be producing expert opinions and testimony on damages on dates proposed in the Scheduling Order for experts.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:

Sequoia hereby incorporates its general and specific objections from its initial response. Subject to and without waiving its general and specific objections, Sequoia further responds as follows: Based on the evidence of which Plaintiff is currently aware, Plaintiff is seeking monetary damages in the form of a reasonable royalty.  In the absence of expert opinion (which is premature at this time), Plaintiff has not determined which methodology or methodologies (including the hypothetical negotiation method described in *Georgia Pacific v. U.S. Plywood Corp.*, 318 F. Supp.

1116, 1120 (S.D.N.Y. 1970), the analytic method, the income method, the market method, etc., or some combination thereof) should be used in determining a reasonable royalty in this case, but as the *Georgia Pacific* factors encompass in some respects all of these methods, this response will reference the *Georgia Pacific* factors in discussing the determination of a reasonable royalty.  At this time, Plaintiff expects that the reasonable royalty in this case will take the form of a royalty rate applied to a base reflecting the benefits to Defendants and Defendants' customers from their use of the inventions described by the patents-in-suit.  The extent of use may be determined based on the number of units, revenues, number of infringing uses, or some combination thereof.

Any contentions regarding a reasonable royalty at this stage of the litigation must necessarily be preliminary, both because the valuation of patent damages is an issue subject to expert analysis, and because conclusions regarding a reasonable royalty requires consideration of all, or at least a substantial portion, of the relevant evidence, and Plaintiff does not yet have access to a great deal of likely highly relevant evidence.  The importance of expert analysis to the determination of a reasonable royalty is expressed, for example, in the fact that "[t]he opinion testimony of qualified experts" is expressly included in *Georgia Pacific* as Factor 14. 318 F. Supp. at 1120.  An expert opinion on damages would be premature at this point, as is recognized by the schedules proposed by the parties and adopted by the Court.  An expert opinion on damages is also premature because Defendants have to date produced very limited discovery of the evidence necessary to form such an opinion.  The importance of considering the relevant evidence as a whole in determining a reasonable royalty is reflected in the comprehensive nature of the *Georgia Pacific* Factors, which require a hypothetical negotiation in which the parties are privy to all relevant information extant at the time of the negotiation, and much information occurring thereafter.  Moreover, the absence of evidence may be key to a damages analysis, and it is difficult

to establish absence before the end of fact discovery. *See, e.g., ResQNet.com Inc. v. Lansa Inc.*, 594 F.3d 860, 870-72 (Fed. Cir. 2010) (evaluating reasonableness of reliance on settlement agreement based on the absence of better evidence of a reasonable rate).   Central to any determination of a reasonable royalty is the extent of use of the infringing instrumentality and methods.  To date, Defendant has resisted producing much of the evidence related to this issue.  Moreover, depositions of Defendant's witnesses will be necessary to understand financial, marketing, and other information produced and to be produced by Defendant, as well as to ensure that the base is properly allocated to the footprint of the asserted claims and the benefits of the products and methods described therein.

For the patent-in-suit, the royalty damages should run from July 2012 through the expiration of the patent, with a hypothetical negotiation date of approximately February 2005.  Plaintiff further expects that license agreements produced or to be produced by Defendant may be relevant to this Interrogatory.  Precise damages calculations will be subject to expert testimony and must await the complete disclosure and review of documents and other discovery from Defendants.  Accordingly, Plaintiff will provide its disclosure of its damages theory and supporting evidence in accordance with the schedule for disclosure of experts set forth in the Court's Scheduling Order.  Discovery in this case is ongoing, and Plaintiff reserves the right to amend or supplement this response as discovery in this case proceeds.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Sequoia hereby incorporates its general and specific objections from its initial response.  Subject to and without waiving its general and specific objections, Sequoia further responds as follows:  In addition to the objections set forth above, Plaintiff further objects because "[d]isclosing damages amounts and the manner in which those amounts were calculated requires too detailed of

an analysis and explanation for an interrogatory response." *Milwaukee Elec. Tool Corp. v. Chervon N. Am. Inc*., 2017 U.S. Dist. LEXIS 86515, *19-20, 2017 WL 2445845 ("Defendants have been placed on notice of the two damages theories Bosch intends to pursue. The precise details of those theories should be reserved for expert discovery.") (*quoting Robert Bosch, LLC v. Snap-On, Inc*., No. 12-11503, 2013 U.S. Dist. LEXIS 56093, 2013 WL 1703328, at *4 (E.D. Mich. Apr. 19, 2013)); *see also Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc*., No. 02 C 5893, 2004 U.S. Dist. LEXIS 18993, 2004 WL 2108410, at *2 (N.D. Ill. Sept. 21, 2004) (in complex Securities Act case, defendants were entitled to learn in a contention interrogatory the plaintiffs' "general theory of damages" and "documents demonstrating" those damages, but not "the exact damages formula"); *United States ex rel. Scott v. Humana Inc.*, 2019 U.S. Dist. LEXIS 223906, *22-23, 2019 WL 7406784 (W.D. Ky. 2019) (Distinguishing authority and denying motion to compel where the interrogatory in question "involves the calculation of damages which may necessitate expert testimony due to the complex nature of the bids at issue.")

**INTERROGATORY NO. 5:**

For each Asserted Claim of the Patent-in-Suit, describe in detail all facts and circumstances relating to conception and reduction to practice of that claim, including the priority date for which you contend for each claim, the dates and locations of conception and reduction to practice, both actual and constructive, and any alleged diligence from conception to reduction to practice; identify all persons knowledgeable of such conception, diligence, and/or reduction to practice and the subject matter of each person's knowledge and the nature of each such person's participation and/or contribution.  Your response shall identify all documents, witnesses, and things on which you intend to rely, or which otherwise relate to your response, and the persons most knowledgeable about the factual bases for your response.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Plaintiff objects to this interrogatory as having multiple sub-parts, each of which counts against the total number of interrogatories Red Hat may serve in this case. Plaintiff objects to this interrogatory to the extent that it is premature at this stage of litigation, including premature pursuant to the Scheduling Order in this case.  Plaintiff also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected from discovery by an applicable privilege or protection, including but not limited to the attorney-client and work product privileges.  Plaintiff also objects to this Interrogatory to the extent that it seeks third-party information not within Plaintiff's possession, custody, or control.

Subject to and without waiving its general and specific objections, Sequoia responds as follows: Sequoia incorporates by reference its initial disclosures.  Sequoia will produce documents pursuant to Federal Rule of Civil Procedure 33(d), from which responsive information regarding conception and reduction to practice can be determined.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Sequoia hereby incorporates its general and specific objections from its initial response. Subject to and without waiving its general and specific objections, Sequoia further responds as follows:  For purposes of United States law, and based on Plaintiff's current analysis, Plaintiff claims a priority date as early as September 2000, and no later than the date of the foreign application of July 27, 2001.  Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff identifies the following documents from which responsive information can be determined: SEQUOIA005511-005749.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Sequoia specifically incorporates the above objections and response, and further responds as follows: Both the Korean Patent Application (KR1020010045621) and the SANtopia documents disclose each element of the claimed invention.  ETRI claims a priority date as early as September 2000 based on the SANtopia disclosures based on at least the following disclosures: "managing a logical volume" at p. 8; "dynamic online resizing" at pp. 9c, 12, 15b, and 15c; "minimizing a size of metadata" at pp. 25, 29 ("Minimized metadata navigation time") and p. 70: ("minimize I/O operations on a disk"); "creating logical volumes by gathering disk partitions" at pp. 9a, 9b, 12, 13, and 15a; "in response to a request for creating the logical volume in a physical storage space" at p. 10a; "generating the metadata" at see above and disclosure of metadata; "including information of the logical volume and the disk partitions forming the logical volume" at p. 15a; "storing the metadata to the disk partitions forming the logical volume" at p. 15a; "dynamically resizing the logical volume" at pp. 9c, 10a, 12, 13, 15b, and 15c; "in response to a request for resizing" at p. 10a; "modifying the metadata on the disk partitions forming the logical volume" at Disk partitioning and disk partitions described extensively at e.g., pp. 13-18, 21-25, etc.; also, p. 68: "Modify metadata"; "calculating and returning a physical address corresponding to a logical address of the logical volume" at p. 12; "by using mapping information of the metadata containing information of the physical address corresponding to the logical address" at p. 20a; "metadata includes a disk partition table containing information of a disk partition in which the metadata is stored" at disclose of disk partitioning and also, p. 14: "The private partition maintains information about the logical partitions on the disk device.  The volume manager recognizes how logical partitions are actually set up by referring to that information and performs operations on the logical partitions."; "a logical volume table for maintaining the information of the logical

volume by" at disclosure of logical volumes and also, p. 15: "Using this specified information, the configuration manager generates a logical volume and writes information about the logical volume to the private partitions of the respective disk devices that constitute the logical volume;" "storing duplicated information of the logical volume onto all disk partitions of the logical volume" at p. 14: "In addition, information about the configuration environment of a logical volume that is built at a user's request is also stored in this area. This information is duplicated into the private partition of each disk device."; p. 21: "the mapping manager duplicates the mapping table." p. 25: "The mapping manager duplicates the current mapping table when a snapshot request is issued.  The duplicated mapping table is maintained until the ongoing backup operation is complete or the next snapshot request is issued;" "an extent allocation table for indicating whether each extent in the disk partition is used or not used; and" at p. 25: "When a change, addition, or deletion of data occurs at a user's request, a new storage space is allocated for a disk extent for that data, the data is then copied into the allocated storage space, and the data is then modified." at p. 51: "First, the units of space allocation are extents. The SANtopia file system uses extents as the units of allocation to effectively support large files and manage bitmaps. One extent is a set of data blocks and is defined in the file system." p. 55: "To this end, in the SANtopia file system, 2-bit bitmaps are used represent extents." p. 64: "Allocate a bitmap of a required size (number of extents)"; p. 68: "In order to generate an inode, bitmap information is scanned to find free extents, a corresponding bit is set, and an operation on metadata is performed to allocate an extent for the inode." p. 28: "Since allocation bitmaps are as important as mapping information for use of logical partitions, allocation bitmaps are duplicated." p. 28: "Therefore, each allocation bitmap for a corresponding logical partition is duplicated to the same the same logical partition;" "a mapping

14

table for maintaining a mapping information for a physical address space corresponding to a logical address space" at p. 20a, p. 20b, p. 21a, p. 12b, p. 22a.

## INTERROGATORY NO. 12:

Identify and describe each Linux-based product or service for which ETRI has contributed to its research, development, marketing, sales, distribution, and/or support. Such products or services shall include at least Booyo Linux, Qplus, and N2OS, and Your response shall include an identification of all technical documents, invention or research reports, domestic and worldwide sales and distribution documents, and evidence of commercial success related to such products or services; an identification of each version of such products or services, including the date each version was released; an identification of all employees, personnel, and individuals involved in each version, along with a description of the role or contribution of each individual; an identification of all documents, witnesses, and things which relate to Your response; and an identification of the three persons most knowledgeable about the factual bases of Your response.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:

Sequoia specifically incorporates the above objections and response and further responds as follows:

During the time period from approximately 2004 to 2007/08, Sequoia understands that ETRI was marginally involved in the Booyo Linux Project. This project was directed to the development of Linux desktop standard specification and technology based on the Linux Standard Base (LSB) Specification and the development of Linux server standard specification and technology to support the Carrier Grade Linux (CGL), Data Center Linux (DCL) specification and solution base technology.

15

The Korea IT Industry Promotion Agency (KIPA), one of the participants of this Booyo Linux Project, uploaded Booyo Linux Software Source code on the website which was operated by them. ETRI is unaware of the specific website but it may be http://www.oss.or.kr as indicated in the text file of Booyo Linux CD ROM.  Sequoia has no information on whether the four companies identified in section (4) in the Technology Transfer Agreement, which has been produced in this litigation, sold the Booyo Linux software or made it available in the USA. Sequoia understands that at no time did ETRI make, sell or offer to sell Booyo Linux software in the USA.

Based on our investigation, the Booyo Linux Project included several current ETRI personnel and retired individuals, whom ETRI has identified.

In addition to the information above, pursuant to Fed. R. Civ. P. 33(d), ETRI has produced documents at ETRI003961-ETRI004039, "Booyo Linux Project Report_1st year_2004;" ETRI003385-ETRI003469, "Booyo Linux Project Report_2nd year_2005;" ETRI003470-ETRI003571,  "Booyo Linux Project Report_3rd year_2006;" and ETRI003572-ETRI003676, "Booyo Linux Project Report_4th year_2007," from which responsive information can be obtained.

Dated: August 14, 2020

OF COUNSEL:                                    BAYARD, P.A.

Chris Arledge                                  */s/ Stephen B. Brauerman*
Nate Dilger                                    Stephen B. Brauerman (#4952)
Joey Liu                                       600 N. King Street, Suite 400
Deepali Brahmbhatt                             Wilmington, DE 19801
One LLP                                        (302) 655-5000
4000 MacArthur Blvd.                           sbrauerman@bayardlaw.com
East Tower, Suite 500
Newport Beach, CA 92660                        *Attorneys for Plaintiff and Counterclaim-*
carledge@onellp.com                            *Plaintiff Sequoia Technology, LLC.*
ndilger@onellp.com
jliu@onellp.com
dbrahmbhatt@onellp.com

John Lord
Jonathan Ballard
One LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
jlord@onellp.com
jballard@onellp.com

# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEQUOIA TECHNOLOGY, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DELL, INC., DELL TECHNOLOGIES, INC.<br>and its subsidiary EMC CORPORATION<br>(AKA DELL EMC),<br><br>　　　　　　　Defendants. | C.A. No: 1:18-cv-01127-LPS-CJB<br>**LEAD CASE** |
| SEQUOIA TECHNOLOGY, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>HEWLETT PACKARD ENTERPRISE<br>COMPANY,<br><br>　　　　　　　Defendant. | C.A. No: 1:18-cv-01128-LPS-CJB |
| SEQUOIA TECHNOLOGY, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>HITACHI LTD. and HITACHI VANTARA<br>CORPORATION,<br><br>　　　　　　　Defendants. | C.A. No: 1:18-cv-01129-LPS-CJB |

|  |  |
|---|---|
| SEQUOIA TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SUPER MICRO COMPUTER, INC., <br><br> Defendant. | C.A. No: 1:18-cv-01307-LPS-CJB |
| RED HAT, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEQUOIA TECHNOLOGY, LLC and ELECTRONICS AND TELECOMMUNICATIONS RESEARCH INSITUTE, <br><br> Defendants. | C.A. No: 1:18-cv-02027-LPS-CJB |
| SEQUOIA TECHNOLOGY, LLC, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> RED HAT, INC. and INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Counterclaim Defendants. | C.A. No: 1:18-cv-02027-LPS-CJB |

**PLAINTIFF AND COUNTERCLAIM-PLAINTIFF SEQUOIA TECHNOLOGY, LLC'S RESPONSES TO DEFENDANTS' AND COUNTERCLAIM-DEFENDANT'S FIRST SET OF COMMON REQUESTS FOR PRODUCTION (NOS. 1-43)**

Pursuant to Fed. R. Civ. Proc. 34, Plaintiff and Counterclaim-Plaintiff Sequoia Technology,

LLC ("Plaintiff" or "Sequoia") hereby serves its Responses to the First Set of Requests for

Production of Documents propounded by Counterclaim-Defendant Red Hat, Inc. ("Red Hat"). Plaintiff is not responding to Defendants Dell Inc., Dell Technologies Inc., and EMC Corporation ("Dell"); Defendant Hewlett Packard Enterprise Company ("HPE"); Defendants Hitachi, Ltd. and Hitachi Vantara Corporation ("Hitachi"); Defendant Super Micro Computer, Inc. ("Super Micro") collectively ("Customers") because of the Court Order staying those cases. Red Hat or Customers are referenced herein individually or collectively as "Defendant" or "Defendants."

## PRELIMINARY STATEMENT

Plaintiff has not completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. As discovery proceeds, facts, information, evidence, documents and things may be discovered that are not set forth in these Responses, but which might have been responsive to Defendant's Requests. The following Responses are based on Plaintiff's knowledge, information, and belief at this time, and are complete as to Plaintiff's best knowledge at this time. These Responses were prepared based on Plaintiff's good faith interpretation and understanding of the individual Requests and are subject to correction of inadvertent errors or omissions, if any. These Responses are provided without prejudice to subsequent revision or supplementation based upon any information, evidence, and/or documentation that hereinafter may be discovered. Plaintiff reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these Responses. Plaintiff assumes no obligation to voluntarily supplement or amend these Responses to reflect information, evidence, documents and things discovered following service of these Responses.

## GENERAL OBJECTIONS

Plaintiff objects to Defendants' Requests as a whole and to each Request contained therein, to the extent that they seek documents and communications that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to Defendants' Requests as a whole and to each Request contained therein, to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Plaintiff objects to Defendants' Requests as a whole and to each Request contained therein, to the extent they seek to require Plaintiff to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.

Plaintiff objects to all Requests and concomitant definitions and instructions to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Delaware.

Plaintiff objects to Defendants' Requests as a whole, and to each Request contained therein, to the extent they seek private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

By agreeing to search for or to produce responsive information or by producing such information, Plaintiff does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein, and specifically reserves its rights to object to the use of such information on any grounds, including irrelevance and/or inadmissibility.

Plaintiff's Responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility. Plaintiff reserves the right to amend or update its responses to the Requests with additional information pursuant to its continuing discovery.

All General Objections are incorporated by reference into each Response as though set forth fully therein.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications relating to This Litigation, including all communications between Sequoia and ETRI, to or from inventors of the Patent-in-Suit or their agents, or to or from any third party relating to This Litigation or the Patent-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request. Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity. Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search. To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to when you first learned of the alleged infringement by Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to the interpretation, scope, or construction of any term of any Asserted Claim in the Patent-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  This request is premature and seeks claim construction discovery.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia at the appropriate time pursuant to the Scheduling Order.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show your organizational structure and corporate formation, as well as the organizational structure of any Person who has or has had any ownership or financial interest in the patent-in-suit, and for each including the relationships among any divisions, parent organizations, affiliates, subsidiaries, or other related entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  This request is overbroad and vague as to "any…financial interest".

Subject to its general and specific objections, Sequoia incorporates by reference its corporate disclosure filed in this case.   Sequoia identifies documents at Bates range SEQUOIA000001-SEQUOIA003798.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show the current status of your incorporation or formation and the incorporation or formation of any Person who has or has had any ownership or financial interest in the patent-in-suit, for each identifying all investors, parent organizations, affiliates, subsidiaries, and any other related entities with the Delaware Division of Corporations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  This request is overbroad and vague as to "any…financial interest".

Sequoia further objects to this request as duplicative of request number 4 to the extent related to the Patent-in-Suit.

Subject to its general and specific objections, Sequoia incorporates by reference its corporate disclosure filed in this case.   Sequoia identifies documents at Bates range SEQUOIA000001-SEQUOIA003798.

**REQUEST FOR PRODUCTION NO. 6:**

All documents identified, relied upon, examined, or otherwise used in preparing Plaintiff's Complaints and Answer and Counterclaims in This Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.   Sequoia further objects to this Request as overbroad and unduly burdensome.   Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.   Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.   Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.   To the extent such documents have

not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

//

## REQUEST FOR PRODUCTION NO. 7:

All documents requested by, identified, relied upon, examined, or otherwise used in answering any interrogatory or request for admission served by Defendants in This Litigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request. Sequoia further objects to this Request as overbroad and unduly burdensome. Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search. To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

## REQUEST FOR PRODUCTION NO. 8:

All documents described in your Initial Disclosures under Rule 26(a)(1) and any supplemental disclosures under Rule 26(e) of the Federal Rules of Civil Procedure.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia served its first set of document production with its initial disclosures.  Discovery is ongoing and Sequoia will produce any additional documents supporting its initial disclosures.

## REQUEST FOR PRODUCTION NO. 9:

All sworn testimony, statements, declarations, or affidavits previously provided by any person identified in your initial disclosures under Rule 26(a)(1) and supplemental disclosures under Rule 26(e) of the Federal Rules of Civil Procedure.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 10:**

All licenses, agreements, and/or covenants not to sue that identify, cover, recite, or otherwise relate to the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome and vague as to "or otherwise relate to."  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary

business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 11:**

All documents produced or provided to you by any third party in connection with This Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may

be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to the negotiation of any conveyances, licenses, agreements, and/or covenants not to sue relating to the '436 Patent, regardless of whether any agreement was reached.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and things concerning any rights or ownership (past, present, or future) in the '436 Patent, any related Application, and any Related Patent, including but not limited to any agreements, assignments, offers to assign (whether past or present, in whole or in part), transfers of ownership, licenses, sublicenses, or liens of the '436 Patent, as well as any communications concerning any rights or ownership of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and things that support or refute your contention that Red Hat and/or its Customers infringes any claim of the '436 Patent, including direct infringement under 35 U.S.C. § 271(a), inducement of infringement under 35 U.S.C. § 271(b), and contributory infringement under 35 U.S.C. § 271(c).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 15:**

All documents that you believe support your contention that Red Hat and its Customers are liable for increased damages as a result of the alleged infringement of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to identify all persons and entities affiliated in any way with Plaintiff that have a financial or other interest in the outcome of this case, including documents concerning

the nature and amount of each such interest, as well as documents sufficient to identify such persons and entities providing any type of funding or other financial support related to this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad, unduly burdensome and vague, especially as to the phrase "financial or other interest in the outcome of this case." Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 17:**

All documents relating to any charge, contention, or claim by you that any entity other than Red Hat and its Customers has infringed the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 18:**

All documents that support or refute the patentability, validity, invalidity, non-obviousness, utility, enforceability, and/or unenforceability of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and things upon which you intend to rely to establish the level of ordinary skill in the art(s) to which the subject matter of the '436 Patent pertains and all documents and things concerning the state of the art and/or the level of skill in the art associated with the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly

19

burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and things tending to support or demonstrate the existence of any secondary or objective indicia of non-obviousness (such as commercial success, long-felt need, failed attempts of others to solve a problem, initial skepticism, industry recognition and praise, unexpected results or properties, licenses, and copying by others) of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or

information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and things concerning the existence of any problem that you contend has been addressed or solved by the alleged inventions claimed in the '436 Patent - including any failure by those skilled in the art to appreciate the problem.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may

be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and things that support or refute whether the '436 Patent complies with the written description and enablement requirements of 35 U.S.C § 112.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating to the preparation and/or prosecution of the application for the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have

not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify all individuals who participated in the drafting and/or prosecution of the application that led to the '436 Patent or any parents, divisionals, continuations, continuations in part, or foreign counterparts thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have

not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 25:**

The complete prosecution file from any individuals or organizations who participated in the drafting and/or prosecution of the application that led to the '436 Patent or any parents, divisionals, continuations, continuations in part, or foreign counterparts thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 26:**

All prior art to the '436 Patent of which Plaintiff is aware and that is in Plaintiff's possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 27:**

All documents relating to any prior art (including publications and systems) reviewed in connection with the preparation or prosecution of the applications that led to the '436 Patent or any parents, divisionals, continuations, continuations in part, or foreign counterparts thereof, whether or not cited to the USPTO or any foreign patent office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 28:**

All documents relating to the conception, reduction to practice or development of any alleged invention of the '436 Patent, including any documents including invention disclosures that allegedly corroborate the conception date or circumstances of the reduction to practice of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 29:**

All documents concerning each inventor of the '436 Patent, including any consulting agreements, any agreements entered into in connection with This Litigation or any other litigation, any publications authored or co-authored by any of the inventors of the '436 Patent, and any documents or communications concerning the determination of inventorship, for each inventor for the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 30:**

All curriculum vitae and/or résumés for each inventor of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product

doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 31:**

All sworn testimony, statements, declarations, or affidavits (oral or written) previously provided by any inventor of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources

equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show the first public use or first public disclosure to any person or entity of any aspect of the claimed subject matter of the '436 Patent.


**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 33:**

All textbooks, articles, journals, speeches, presentations, and other publications of any kind in Plaintiff's possession, custody, or control that refer or relate to the alleged invention(s) claimed in the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have

not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 34:**

All documents relating to any alleged damages that you are claiming in This Litigation, including all documents on which you intend to rely as evidence supporting any damages theory that you intend to assert in This Litigation - including without limitation, all documents that comprise the basis for any calculations of lost profits, price erosion, or a reasonable royalty under 35 U.S.C. § 284 (including a reasonable royalty rate and a reasonable royalty base) for the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request. Sequoia further objects to this Request as overbroad and unduly burdensome. Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search. To the extent such documents have

not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications referring or relating to any patented technologies that you have licensed or attempted to license.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request. Sequoia further objects to this Request as overbroad and unduly burdensome. Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search. To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 36:**

All documents relating to or reflecting any attempts to buy, sell, or license the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request. Sequoia further objects to this Request as overbroad and unduly burdensome. Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party. Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search. To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 37:**

All documents relating to or reflecting any valuation of the '436 Patent, whether standing alone or as part of a larger portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request. Sequoia further objects to this Request as overbroad and unduly burdensome. Sequoia further objects to this Request to the extent it seeks private, privileged,

and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and things relating to any litigation, arbitration, USPTO proceeding, or other proceeding in which the '436 Patent has been or is currently at issue, including but not limited to the following documents and things: (a) pleadings and other documents filed with a court; (b) all transcripts (in ASCII form as well as manuscript form) of depositions, hearings and/or trials, audiovisual recordings of depositions, hearings, and/or trials and exhibits marked at depositions, hearings and/or trials; (c) third-party subpoenas and any documents produced in response thereto; (d) expert reports; (e) correspondence (including email and facsimile); (f) any claim charts or other claim analysis prepared in connection with the litigation; (g) all documents served on, provided to, or received from opposing parties, including any discovery requests (e.g., document requests, interrogatories, requests for admission) and responses thereto (including documents produced in

response to document requests); (h) all documents you provided or intend to provide to an expert or consultant retained for the purpose of This Litigation; (i) any technical standard(s) implicated by the '436 Patent; and (j) all rulings regarding claim construction, validity, infringement, license defense, enforceability, or any other defenses raised in any such litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 39:**

All documents provided to or reviewed by any experts in This Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia additionally objects to this Request to the extent that it seeks documents and things not discoverable per the Protective Order.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and things that you produced, or intend to produce, in any litigation or administrative proceeding involving the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or

control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and things that concern or include revenue or expenditures relating to (a) the '436 Patent, (b) any of the alleged inventions claimed in the '436 Patent, or (c) any third party which You contend has infringed the '436 Patent, including minutes, agendas, transcripts, and notes for any call or meeting involving analysts, auditors, investors, or your board of directors or any other governing or advisory organization.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or

control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 42:**

All documents related to or reflecting Plaintiff's efforts to monitor, evaluate, or analyze the technologies, products, or business activities of its competitors, including, without limitation, Red Hat and its Customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

**REQUEST FOR PRODUCTION NO. 43:**

All documents that relate to or constitute opinions, analyses, studies, or evaluations of each version of the accused products (including RHEL, CentOS, Ubuntu, Oracle Linux, SUSE Linux, or HP-UX) you allege infringes one or more claims of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this Request.  Sequoia further objects to this Request as overbroad and unduly burdensome.  Sequoia further objects to this Request to the extent it seeks private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Sequoia further objects to this Request to the extent it seeks to require Sequoia to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.  Sequoia additionally objects to this Request to the extent that it seeks documents and things outside of Sequoia's custody, possession or control.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by November 20, 2019.

Dated: October 31, 2019

OF COUNSEL:                               BAYARD, P.A.

Nate Dilger                               */s/ Stephen B. Brauerman*
Deepali Brahmbhatt                        Stephen B. Brauerman (#4952)
One LLP                                   600 N. King Street, Suite 400
4000 MacArthur Blvd.                      Wilmington, DE 19801
East Tower, Suite 500                     (302) 655-5000
Newport Beach, CA 92660                   sbrauerman@bayardlaw.com
ndilger@onellp.com
dbrahmbhatt@onellp.com                    *Attorneys for Plaintiff and Counterclaim-*
                                          *Plaintiff Sequoia Technology, LLC.*

John Lord
One LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
jlord@onellp.com

# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEQUOIA TECHNOLOGY, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>DELL, INC., DELL TECHNOLOGIES, INC.<br>and its subsidiary EMC CORPORATION<br>(AKA DELL EMC),<br><br>        Defendants. | C.A. No: 18-1127-LPS-CJB<br>**LEAD CASE** |
| RED HAT, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>SEQUOIA TECHNOLOGY, LLC and<br>ELECTRONICS AND<br>TELECOMMUNICATIONS RESEARCH<br>INSTITUTE,<br><br>        Defendants. | C.A. No: 18-2027-LPS-CJB |
| SEQUOIA TECHNOLOGY, LLC<br><br>        Counterclaim Plaintiff,<br><br>    v.<br><br>RED HAT, INC. and INTERNATIONAL<br>BUSINESS MACHINES CORPORATION,<br><br>        Counterclaim Defendants. | C.A. No: 18-2027-LPS-CJB |

## SEQUOIA TECHNOLOGY, LLC'S RESPONSES TO RED HAT'S SECOND SET OF COMMON REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 44-75)

Pursuant to Fed. R. Civ. Proc. 34, Plaintiff and Counterclaim-Plaintiff Sequoia Technology, LLC ("Plaintiff" or "Sequoia") hereby serves its Responses to the Second Set of Requests for Production of Documents propounded by Counterclaim-Defendant Red Hat, Inc. ("Red Hat"). Plaintiff is not responding to Defendants Dell Inc., Dell Technologies Inc., and EMC Corporation ("Dell"); Defendant Hewlett Packard Enterprise Company ("HPE"); Defendants Hitachi, Ltd. and Hitachi Vantara Corporation ("Hitachi"); Defendant Super Micro Computer, Inc. ("Super Micro") collectively ("Customers") because of the Court Order staying those cases. Red Hat or Customers are referenced herein individually or collectively as "Defendant" or "Defendants."

## PRELIMINARY STATEMENT

Plaintiff has not completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. As discovery proceeds, facts, information, evidence, documents and things may be discovered that are not set forth in these Responses, but which might have been responsive to Defendant's Requests. The following Responses are based on Plaintiff's knowledge, information, and belief at this time, and are complete as to Plaintiff's best knowledge at this time. These Responses were prepared based on Plaintiff's good faith interpretation and understanding of the individual Requests and are subject to correction of inadvertent errors or omissions, if any. These Responses are provided without prejudice to subsequent revision or supplementation based upon any information, evidence, and/or documentation that hereinafter may be discovered. Plaintiff reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any facts, evidence, documents and things developed during the course of discovery and trial preparation,

-1-

notwithstanding the reference to facts, evidence, documents and things in these Responses. Plaintiff assumes no obligation to voluntarily supplement or amend these Responses to reflect information, evidence, documents and things discovered following service of these Responses.

## GENERAL OBJECTIONS

Plaintiff objects to Defendant's Requests as a whole and to each Request contained therein, to the extent that they seek documents and communications that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to Defendant's Requests as a whole and to each Request contained therein, to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

Plaintiff objects to Defendant's Requests as a whole and to each Request contained therein, to the extent they seek to require Plaintiff to provide information other than that which may be obtained through a reasonably diligent search of its records or that is obtainable from sources equally available to the requesting party.

Plaintiff objects to all Requests and concomitant definitions and instructions to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Delaware.

Plaintiff objects to Defendant's Requests as a whole, and to each Request contained therein, to the extent they seek private, privileged, and/or confidential commercial, financial, and/or proprietary business information, and/or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

By agreeing to search for or to produce responsive information or by producing such information, Plaintiff does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein, and specifically reserves its rights to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Plaintiff's Responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility.  Plaintiff reserves the right to amend or update its responses to the Requests with additional information pursuant to its continuing discovery.

All General Objections are incorporated by reference into each Response as though set forth fully therein.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 44:

All documents and things relating to Your involvement with, support for, development of, use of, or distribution of open-source software, including that which relates to or utilizes the Linux kernel.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or

control of Sequoia, and are located after a reasonable search. To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and things relating to Your involvement with, interaction with, and support for the Linux Foundation, including any communications with the Linux Foundation or any of its officers, members, or employees, including its President Jim Zemlin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request. Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity. Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search. To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and things relating to Your involvement with, interaction with, and support for Open Source Development Labs (OSDL), including any communications with the Linux Foundation or any of its officers, members, or employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and things relating to Your involvement with, interaction with, and support for any standards-setting organization (including the Telecommunications Technology Association, or "TTA"), related to open-source software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and things relating to any standards related to open-source software, including the Linux Server Specification issued by TTA as TTAS.KO-05.0037 (and later versions) and the Linux Desktop Specification issued by TTA as TTAS.KO-05.0038 (and later versions).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request. Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and things relating to any Linux distribution that You have developed, sponsored, contributed to, or distributed, including Booyo Linux, Qplus, and N2OS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and things relating to Booyo Linux, including download lists of "Buyo" from IgetLinux (via its website, http://www.igentlinux.com).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity. Sequoia objects to this request to the extent

it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 51:**

A copy of each version of Booyo Linux (including source code), including every version that was distributed to the public or to persons outside of ETRI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity. Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and things relating to Qplus.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 53:**

A copy of each version of Qplus (including source code), including every version that was distributed to the public or to persons outside of ETRI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent

it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search. To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 54:**

All documents and things relating to N2OS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request. Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity. Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search. To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 55:**

A copy of each version of N2OS (including source code), including every version that was distributed to the public or to persons outside of ETRI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request. Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity. Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search. To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 56:**

All documents and things relating to SANtopia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request. Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity. Sequoia objects to this request to the extent

it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 57:**

A copy of each version of SANtopia (including source code), including every version that was distributed to the public or to persons outside of ETRI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 58:**

All documents and things that relate to or constitute opinions, analyses, studies, or evaluations of open source software, including those which utilize the Linux kernel, Booyo Linux, Qplus, N2OS, and/or SANtopia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 59:**

All documents and things relating to Booyo Linux Installation CDs and/or live CDs, including all websites from which they were available, including distribution lists of the 1000 copies of Linux boot solution 'Live CD' produced by IgetLinux and distribution list of the 3000 copies of 'Buyo' based Linux OS distributed by Samsung Electronics, Cinetia Information & Communication, Iget Linux, Woori Linux, POSDATA, LG NSYS, NTC Cube, and Clonix at Soft

Expo held on December 1, 2005, and the related product descriptions. See http://www.clunix.com/company04/4021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 60:**

All documents and things relating to ETRI's involvement in, support for, development of, or relation to open source governance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent

it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search. To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 61:**

All documents and things relating to ETRI's utilization of or participation in the open source software community worldwide.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request. Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity. Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search. To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and things relating to ETRI's formation, business contacts, relationships, and/or involvement in the formation, governance, or business of any subsidiaries, related entities, controlled entities, and agents, including but not limited those within the United States (including the ETRI USA R&D Center).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 63:**

All documents and things related to the ETRI Open Source Center ("OSC"), established at least as of June 2017, and sufficient to show the funding of the ETRI OSC, open source governance by ETRI OSC (including ETRI OSC's responses to open source), and role of ETRI OSC (including license patent dispute support, policy and strategy establishment, and license inspection support).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 64:**

All documents and things relating to Your business contacts, relationships, and any business conducted within the United States, including within the State of Delaware.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 65:**

All documents and things relating to Your sources of revenue, including patent licensing, within the United States and South Korea.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 66:**

All documents and things sufficient to identify all litigations and legal disputes involving You within the United States, including disputes over any patents owned or licensed by You.

-18-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 67:**

All documents and things sufficient to show any relationships, involvement, investments, or support by You in any entities involved in the formation or business of Sequoia, including those related to Global Raid, LLC and Intellectual Discovery.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 68:**

All documents and things relating to Your licensing relationship with Intellectual Discovery or any other third-party entity within the United States or South Korea.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 69:**

All documents and things referring or relating to any meetings, conferences, corporate or business events, trade shows, lectures, or seminars attended by You or Your representatives in the United States since 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request. Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity. Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search. To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and things referring or relating to Intellectual Discovery or any of its owners, officers, employees, personnel, or agents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request. Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product

doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 71:**

All documents and things evidencing or otherwise related to the named inventors' knowledge of, use of, or familiarity with (either before or after the date of purported invention of the '436 Patent) any logical volume manager, including the Linux Logical Volume Manager, the HP-UX Logical Volume Manager, and the AIX Logical Volume Manager.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have

not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 72:**

All communications from or to any of the named inventors or any other person employed by or otherwise associated with You or Intellectual Discovery, and all documents authored by, reviewed by, or in the possession of any such persons, that mentions, discusses, analyzes, or otherwise relates to any logical volume manager, including the Linux Logical Volume Manager, the HP-UX Logical Volume Manager, and the AIX Logical Volume Manager.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request. Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity. Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search. To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 73:**

All communications, including to or from the named inventors or any other person employed by or otherwise associated with You or Intellectual Discovery, mentioning or otherwise related to the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request. Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity. Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search. To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 74:**

All communications, including to or from the named inventors or any other person employed by or otherwise associated with You or Intellectual Discovery, and all documents authored by, reviewed by, or in the possession of any such persons, related to the opinion, belief, or question that any other person or product infringed any claim of the '436 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.

**REQUEST FOR PRODUCTION NO. 75:**

A copy of all publications by the named inventors or any other person employed by or otherwise associated with You or Intellectual Discovery that mentions, discusses, analyzes, or otherwise relates to any logical volume manager, including the Linux Logical Volume Manager, the HP-UX Logical Volume Manager, and the AIX Logical Volume Manager.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Sequoia specifically incorporates its general objections herein as if fully set forth in response to this request.  Sequoia objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or immunity.  Sequoia objects to this request to the extent

it seeks documents "from inventors of the Patent-in-Suit or their agents" that are not in custody or control of Sequoia.

Subject to its general and specific objections, Sequoia will produce relevant, responsive, nonprivileged documents to the extent such documents exist, are in the possession, custody, or control of Sequoia, and are located after a reasonable search.  To the extent such documents have not previously been produced, Sequoia expects to begin producing such documents as PDF files (or, alternatively, TIFF images) by May 7, 2020.


Dated: April 23, 2020

OF COUNSEL:                                    BAYARD, P.A.

Nate Dilger                                    */s/ Stephen B. Brauerman*
Deepali Brahmbhatt                             Stephen B. Brauerman (#4952)
One LLP                                        600 N. King Street, Suite 400
4000 MacArthur Blvd.                           Wilmington, DE 19801
East Tower, Suite 500                          (302) 655-5000
Newport Beach, CA 92660                        sbrauerman@bayardlaw.com
ndilger@onellp.com
dbrahmbhatt@onellp.com                         *Attorneys for Plaintiff and Counterclaim-*
                                               *Plaintiff Sequoia Technology, LLC.*

John Lord
One LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
jlord@onellp.com

# EXHIBITS J-M
# REDACTED IN THEIR ENTIRETY

# EXHIBIT N

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Anders P. Fjellstedt
To Call Writer Directly:
+1 202 389 5985
anders.fjellstedt@kirkland.com

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Facsimile:
+1 202 389 5200

August 2, 2020

**Via E-mail**

One LLP
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210

Re: *Sequoia Technology, LLC v. Dell, Inc. et al.*, C.A. No. 18-cv-01127-LPS-CJB (D. Del.), and consolidated cases

Dear John,

I write regarding issues with the discovery provided by ETRI and Sequoia in this litigation, which we have attempted to resolve with you numerous times in prior correspondence and meet and confers. We have therefore drafted joint discovery letters to the Court pursuant to the Scheduling Order paragraph 8(g)(ii)—one letter with ETRI and one with Sequoia. We accept your request to meet and confer early this week, so we propose Monday at 4:30 pm ET. Please be prepared to stay on the phone for as long as is necessary to discuss each issue. For that reason, we propose to also reserve Tuesday at 3:00 pm ET for any potential remaining conversation. If that is necessary. On both of the most recent meet and confers (June 17 and July 23), you ended the calls because you either had another commitment, or you said you were not prepared to talk about issues Red Hat had raised. Such delay by ETRI and Sequoia continues to prejudice Red Hat, waste time, and create unnecessary expense. To the extent ETRI and Sequoia are not prepared to address the issues on the meet and confer, or do not have sufficient information to assure Red Hat that they will remedy the issues, then Red Hat may need to so notify the Court.

As I noted above, we have corresponded in depth regarding the issues in the draft joint discovery letters. For instance, please see my letters and emails of May 26; June 2, 8, 10 and 15; July 2, 7, 10, 13, 24, 27 and 28; and my other letter of August 2. The issues noted in the draft joint letters are as follows:

## ETRI Discovery Issues

1. ETRI's initial disclosures pursuant to FRCP 26(a) and disclosures pursuant to Delaware Default Standard for Discovery, including paragraph 3(b) identifying custodial and non-custodial data sources; and paragraphs 5(b) and 5(e). ETRI's compliance with the Default Standard should include disclosure of ETRI's search methodology including search terms, and for ETRI to preserve and provide the metadata of its produced documents, including custodian, file path, email subject, from, to, cc, bcc, date sent, time sent, date received, time received, filename, author, date created, date modified, and other information required under paragraph 5(e).

Beijing   Boston   Chicago   Dallas   Hong Kong   Houston   London   Los Angeles   Munich   New York   Palo Alto   Paris   San Francisco   Shanghai

## KIRKLAND & ELLIS LLP

John Lord
August 2, 2020
Page 2

2.  ETRI's supplementation of its production of documents responsive to RFP Nos. 1, 2, 10, 11-13, 16-17, 18, 26-29, 32-37 and 41-75, including document requests nos. 2, 26, 33, 35, 44-55-56, 58-61, 63-66, 70 and 75, for which ETRI has not agreed to produce documents.

3.  The deposition of ETRI pursuant to FRCP 30(b)(6) and Red Hat's notice dated May 26, 2020. Relatedly, Red Hat seeks to obtain ETRI's corporate testimony regarding Topics 4, 6-8, 13-14, 17-18, 20-23, 25, 30-31, 33, 36-39 and 43-44 for which ETRI is not designating a witness.

4.  ETRI's supplementation of its responses to interrogatories nos. 3, 5-8 and 10-16.

**Sequoia Discovery Issues**

1.  The continuation of the 30(b)(6) deposition of Sequoia and the Rule 30(b)(1) deposition of its employee Wooseok Yang.  This includes Sequoia's corporate testimony regarding Topic Nos. 4, 6-8, 13, 18, 20, 22-23, 33 and 36-39, for which Sequoia is not designating a witness, and regarding Topic Nos. 2, 5, 9-12, 14-17, 19, 24, 26-29, 32, 34, and 35, for which Sequoia's witness was not adequately prepared.

2.  The duration and timing of depositions.  This includes the present disputes regarding regarding the 30(b)(6) deposition of Sequoia and 30(b)(1) deposition Wooseok Yang mentioned in the above issue, and the deposition of Mr. Chang-Soo Kim scheduled to begin on August 31. Regarding the 30(b)(6) deposition of Sequoia and 30(b)(1) deposition Wooseok Yang, Red Hat contends that the combined length of the two depositions would be 14 hours in English or 28 hours in Korean.  Regarding the deposition of Mr. Chang-Soo Kim, Red Hat contends that it may last 14 hours in English or 28 hours in Korean.  As a related issue, due to the pandemic and the necessity to conduct depositions remotely in different time zones, Red Hat contends that the parties may schedule Korean depositions by allocating their allowable hours over multiple mutually agreeable days (for instance, a translated 14 hour deposition may occur over three days, and not necessarily sequential).

3.  Sequoia's disclosures pursuant to Delaware Default Standard for Discovery paragraph 3(b) identifying non-custodial data sources; and paragraphs 5(b) and 5(e).  Sequoia's compliance with the Default Standard should include disclosure of Sequoia's search methodology including search terms, and for Sequoia to preserve and provide the metadata to preserve and provide the metadata of its produced documents, including custodian, file path, email subject, from, to, cc, bcc, date sent, time sent, date received, time received, filename, author, date created, date modified, and other information required under paragraph 5(e).

4.  Sequoia's supplement of its production of documents responsive to RFP Nos. 1, 2, 4-5, 10-13, 16-17, 28-29, 32-37, 41-43, 65, 67-68, 70 and 72-74.

5.  Sequoia's search for the documents of custodians including Farshad Farjami, Samsoo Kim, and employees of Intellectual Discovery.

6.  Sequoia's supplementation of its responses to interrogatories nos. 1 and 3-16.

## KIRKLAND & ELLIS LLP

John Lord
August 2, 2020
Page 3

7.  Sequoia's claims of privilege and its production of a privilege log of withheld documents.

As for ETRI issue #4 and Sequoia issue #6, your email of July 24 indicates that Sequoia and ETRI will supplement their responses to Interrogatory Nos. 3, 4, 5, and 12, but you note some caveats.  In order to resolve this issue without burdening the Court, please confirm the following specifics as to what information you will provide in your August 14 supplemental response:

Interrogatory No. 3 generally seeks information regarding any product "that embodies or that you have contended embodies or practices (either currently or in the past) any claim of the Patent-in-Suit."  Sequoia and ETRI shall supplement their responses to include who designed and made such product; whether such product was publicly used, sold, or offered for sale; whether such product was licensed to practice the Patent-in-Suit; whether such product was marked with the number of the Patent-in-Suit; the identity of all related documents; and the identity of persons most knowledgeable about the factual bases for your response.

Interrogatory No. 4 generally seeks information regarding alleged damages.  Sequoia will supplement its response to describe  the appropriate method of calculating damages it seeks in this case including any royalty base and rate; the date you contend the hypothetical negotiation would have occurred with respect to the Patent-in-Suit; the time period for which you contend you are entitled to recover damages from Red Hat due to any alleged infringement of the Patent-in-Suit; the identity of all related documents; and the persons most knowledgeable about the factual bases for your contentions.  If Sequoia contends it may obtain pre-suit damages, provide explain the basis for that contention including addressing Booyo Linux and SANtopia Volume Manager in view of the burden on Sequoia as set forth in *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017).

Interrogatory No. 5 seeks information "relating to conception and reduction to practice" of the '436 patent, including the "priority date for which you contend for each claim, the dates and locations of conception and reduction to practice, both actual and constructive, and any alleged diligence from conception to reduction to practice."  Sequoia's response consists solely of a citation to 238 pages of documents, mostly in Korean, and Sequoia provides no accompanying explanation.  Sequoia and ETRI should supplement their responses to specify a priority date and provide a claim chart that identifies, on a claim by claim basis, the document or other information you contend establishes that priority date.

Interrogatory No. 12 seeks information about "each Linux-based product or service for which ETRI has contributed to its research, development, marketing, sales, distribution, and/or support."  Sequoia and ETRI should supplement their responses to address at least Booyo Linux, Qplus, and N2OS, and include an identification of all technical documents, invention or research reports, domestic and worldwide sales and distribution documents, and evidence of commercial success related to such products or services; an identification of each version of such products or services, including the date each version was released; an identification of all employees, personnel, and individuals involved in each version, along

## KIRKLAND & ELLIS LLP

John Lord
August 2, 2020
Page 4

with a description of the role or contribution of each individual; and an identification of the three persons most knowledgeable about the factual bases for your response.

I look forward to meeting and conferring with you on these issues tomorrow.  Please do not hesitate to reach out with any questions in the meantime.

Sincerely,

Anders P. Fjellstedt

# EXHIBIT O

| | |
|---|---|
| **From:** | Fjellstedt, Anders P. |
| **To:** | jlord@onellp.com; nlichtenberger@onellp.com; dbrahmbhatt@onellp.com; SBrauerman@bayardlaw.com; ndilger@onellp.com; carledge@onellp.com; jballard@onellp.com; jliu@onellp.com |
| **Cc:** | #Kirkland_Service_Sequoia; Egan, Brian P.; *JBlumenfeld@MNAT.com |
| **Subject:** | Red Hat v. Sequoia: Delaware Default Disclosures by ETRI/Sequoia/ID |
| **Date:** | Sunday, August 23, 2020 3:07:54 PM |

Nate and John,

ETRI and Sequoia/ID's supplemental ESI disclosures, including search terms, are facially deficient, and our review of Sequoia's August 14th production of "ETRI" documents further confirms it.  For instance, Sequoia's and ETRI's witnesses testify in Korean, but the proposed search terms are often English words without the Korean counterparts.  We have therefore identified counterpart Korean words and phrases that ETRI/Sequoia/ID should have included as part of its proposed searches.  In addition, we have included terms that ETRI/Sequoia/ID should have included in the searches.  Please immediately confirm that ETRI/Sequoia/ID will include these terms in their ESI searches, along with appropriate Korean translations, so that the parties can possibly reduce the issues for adjudication by the Court in the upcoming hearing.  ___

-

**Korean counterpart words that should have been included for ETRI:**
1. 세코야 [Sequoia]
2. "글로벌레이드 테크놀로지" [Global Raid Technology]
3. "논리 볼륨"  [Logical Volume]
4. "산토피아" [SANTopia]
5. "인텔렉추얼 디스커버리" [Intellectual Discovery]
6. 김창수 [Chang-Soo Kim]
7. 김경배 [Gyoung Bae Kim]
8. 신범수 [Bum Joo Shin]

**Terms for ETRI**
1. "Linux Foundation" OR "리눅스 파운데이션"
2. "open source" OR "오픈소스" OR "OSS" OR "공개 소프트웨어" OR "공개SW"
3. Wooseok Yang OR "양우석"
4.  "Farshad Farjami" OR "Farshad" OR "Farjami"
5.  "Samsoo Kim" OR "김삼수"
6.  "Golden Wave Partners" OR "Golden Wave" OR "골든 웨이브 파트너"  OR "골든 웨이브"
7.  "SAN-based Data Repository System" OR "SAN 기반 데이터 저장 시스템" OR "SDRS"
8.  Storage Area Network" OR "SAN" OR "저장 영역 네트워크"
9.  ("Intellectual Discovery" OR "인텔렉추얼 디스커버리") AND (patent OR 특허)
10. ("Korea IT Industry Promotion Agency" OR "Korea Invention Promotion Agency" OR "KIPA" OR "oss.or.kr" OR "한국발명진흥외" OR "키파") AND Linux
11. ("Telecommunications Technology Association" OR "TTA" OR "한국정보통신기술협회") AND Linux
12. "Red Hat" OR "RHEL" OR "레드햇"
13. "Fedora" OR "페도라"
14. "CentOS" OR "Community Enterprise Operating System" OR "센트오에스"

**Korean counterpart words that should have been included for Sequoia/ID:**

1. 세코야 [Sequoia]
2. "글로벌레이드 테크놀로지" [Global Raid Technology]
3. "논리 볼륨" [Logical Volume]
4. "산토피아" [SANTopia]
5. "인텔렉추얼 디스커버리" [Intellectual Discovery]
6. 김창수 [Chang-Soo Kim]
7. 김경배 [Gyoung Bae Kim]
8. 신범수 [Bum Joo Shin]
9. 리눅스 [Linux]
10. "볼륨 매니저" [Volume Manager]
11. 부요 [Booyo]

**Terms for Sequoia/ID:**

1. "Linux Foundation" OR "리눅스 파운데이션"
2. ETRI OR "Electronics and Telecommunications Research Institution" OR "한국전자통신연구원"
3. "Farshad Farjami" OR "Farshad" OR "Farjami"
4. "Golden Wave Partners" OR "Golden Wave" OR "골든 웨이브 파트너" OR "골든웨이브"
5. "SAN-based Data Repository System" OR "SDRS" OR "SAN 기반 데이터 저장 시스템"
6. "Storage Area Network" OR "SAN" OR "저장 영역 네트워크"
7. ("Intellectual Discovery" OR "인텔렉추얼 디스커버리") AND (license OR 라이센스)
8. "Red Hat" OR "RHEL" OR "레드햇"
9. "Fedora" OR "페도라"
10. "CentOS" OR "Community Enterprise Operating System" OR "센트오에스"

Best regards,

Anders P. Fjellstedt

------------------------------------------------

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
**T** +1 202 389 5985  **M** +1 703 350 6473
**F** +1 202 389 5200

------------------------------------------------

anders.fjellstedt@kirkland.com

---

**From:** McIntee, Matt <matt.mcintee@kirkland.com>
**Sent:** Monday, August 17, 2020 12:00 AM
**To:** jlord@onellp.com; nlichtenberger@onellp.com; dbrahmbhatt@onellp.com; SBrauerman@bayardlaw.com; ndilger@onellp.com; carledge@onellp.com; jballard@onellp.com; jliu@onellp.com
**Cc:** #Kirkland_Service_Sequoia <Kirkland_Service_Sequoia@kirkland.com>; Egan, Brian P. <began@MNAT.com>; *JBlumenfeld@MNAT.COM <JBlumenfeld@MNAT.com>
**Subject:** Red Hat v. Sequoia: Correspondence

Counsel,

Please see the attached letter from Anders Fjellstedt.

Regards,

**Matt McIntee**

--------------------------------------------------------

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
**T** +1 202 389 5230  **M** +1 240 418 9304
**F** +1 202 389 5200

--------------------------------------------------------

matt.mcintee@kirkland.com

# EXHIBIT P

| From: | Deepali A. Brahmbhatt |
| To: | Fjellstedt, Anders P. |
| Cc: | John Lord; Nate Lichtenberger; Nate Dilger; sbrauerman; #Kirkland_Service_Sequoia; Egan, Brian P.; *JBlumenfeld@MNAT.com |
| Subject: | RE: Sequoia -- Mr. Kim Deposition |
| Date: | Wednesday, August 26, 2020 9:27:30 PM |



Anders,

　　　We are on the same page with respect to deposition scheduling practices, in light of the pandemic and overseas witnesses in this case. With respect to your proposal, our edits are below:

　　The Parties are to cooperate in good faith to schedule depositions reasonably accommodating the time zones of all participants, particularly in view of the commonplace remote depositions during the present pandemic.  To facilitate reasonable accommodation, parties may break depositions over multiple days so that they occur during the participants' normal waking hours, to the extent possible.  <u>That said, the convenience of the witness takes precedence over the convenience of the attorneys. Additionally, any deposition lasting two days or more shall not be subject to the rule that the defending attorney cannot speak with witness.</u> [Otherwise, its presents an unfair advantage to the deposing party.]

At the same time, to avoid depositions lasting only a few hours over many days, each day of the deposition shall last at least 5 hours on the record, or until the limit of the deposition is exhausted.

The following clarifies the duration of depositions, but does not displace any provisions in the Scheduling Order (D.I. 61).   Under Paragraph 8(e)(i) of the Scheduling Order, the parties are entitled to 7 hours per deposition.  ~~This means that a Rule 30(b)(1) may last up to 7 hours, and a Rule 30(b)(6) may last up to 7 hours.  In the event a party designates multiple witnesses to provide testimony under Rule 30(b)(6), then those 7 hours may be allocated among them, in addition to the time limit set for each of their individual Rule 30(b)(1) depositions.  Each inventor may be deposed for fourteen 14 hours.~~  [For the reasons we have discussed previously] Deposition time limits are doubled if requiring translation from a foreign language.  No single deposition of any one witness can exceed two consecutive business days, except by mutual agreement.  If continuation past two consecutive business days is necessary to complete a deposition, and the parties do not agree to extend to the next consecutive business day, then the parties may schedule the deposition for the next available non-consecutive business day.

　　Red Hat's request to depose the inventor for 14/28 hours has no basis and is contrary to the parties understanding and express agreement, as we have discussed previously.  This is a single patent with 4 claims. 7/14 hours is more than sufficient to depose the inventor.  Red Hat has failed to explain the basis for your additional hours request.

　　With respect to Mr. Kim, we propose that the deposition last 3 days, with 5 hours the first day beginning at 8am Korean time August 31; 5 hours the second day, and four hours the third day.  This offer is subject to the waiver from the rule that the defending attorney cannot speak with witness during the pendency of the deposition.  We have spoken to the witness and the earliest time he feels comfortable starting will be 8 am Korean time (4 pm PST, 7 pm EST).

Also note that we offered 3 additional hours for Sequoia's 30b6 deposition testimony that Red Hat has not responded to.

Best regards,
Deepali

Deepali Brahmbhatt
Partner - Intellectual Property & Privacy,
One LLP,
Palo Alto, CA 94303.
(650) 600-1298
dbrahmbhatt@onellp.com
http://onellp.com/attorney/deepali-brahmbhatt/
www.linkedin.com/in/deepali-brahmbhatt-88b367

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Fjellstedt, Anders P. <afjellstedt@kirkland.com>
**Sent:** Wednesday, August 26, 2020 10:56 AM
**To:** Deepali A. Brahmbhatt <dbrahmbhatt@onellp.com>
**Cc:** John Lord <jlord@onellp.com>; Nate Lichtenberger <nlichtenberger@onellp.com>; Nate Dilger <ndilger@onellp.com>; sbrauerman <sbrauerman@bayardlaw.com>; #Kirkland_Service_Sequoia <Kirkland_Service_Sequoia@kirkland.com>; Egan, Brian P. <began@mnat.com>; *JBlumenfeld@MNAT.com <JBlumenfeld@MNAT.com>
**Subject:** RE: Sequoia -- Mr. Kim Deposition

Deepali,

As you know, Red Hat is seeking the Court's relief regarding Sequoia/ETRI's deposition scheduling practices, including the abridgment of depositions, and the timing.  We are simply asking that Sequoia/ETRI abide by the Federal Rules and Scheduling Order in terms of the deposition duration, and cooperate in good faith to schedule depositions reasonably accommodating the time zones of all participants, particularly in view of the commonplace remote depositions during the present pandemic.  For instance, Mr. Yang was required under the Scheduling Order to testify in the United States, but we accommodated his timezone by scheduling the deposition to start in the evening eastern time.  During the August 11 meet and confer, we discussed these issues with your colleagues Nate Dilger, John Lord, Jonathan Ballard, and Joey Liu.  Although no agreement was reached, given that the deposition of Mr. Chang-Soo Kim is scheduled to start August 31 @ 8:00 am (Korean) and our brief is due tomorrow, we wanted to take this final opportunity to seek Sequoia/ETRI's agreement and spare the Court the dispute.  Please let us know today if Sequoia/ETRI agrees to the following:

The Parties are to cooperate in good faith to schedule depositions reasonably accommodating the time zones of all participants, particularly in view of the commonplace

remote depositions during the present pandemic.  To facilitate reasonable accommodation, parties may break depositions over multiple days so that they occur during the participants' normal waking hours, to the extent possible.  At the same time, to avoid depositions lasting only a few hours over many days, each day of the deposition shall last at least 5 hours on the record, or until the limit of the deposition is exhausted.

The following clarifies the duration of depositions, but does not displace any provisions in the Scheduling Order (D.I. 61).  Under Paragraph 8(e)(i) of the Scheduling Order, the parties are entitled to 7 hours per deposition.  This means that a Rule 30(b)(1) may last up to 7 hours, and a Rule 30(b)(6) may last up to 7 hours.  In the event a party designates multiple witnesses to provide testimony under Rule 30(b)(6), then those 7 hours may be allocated among them, in addition to the time limit set for each of their individual Rule 30(b)(1) depositions.  Each inventor may be deposed for fourteen 14 hours.  Deposition time limits are doubled if requiring translation from a foreign language.  No single deposition of any one witness can exceed two consecutive business days, except by mutual agreement.  If continuation past two consecutive business days is necessary to complete a deposition, and the parties do not agree to extend to the next consecutive business day, then the parties may schedule the deposition for the next available non-consecutive business day.

Best regards,

**Anders P. Fjellstedt**

-----------------------------------------------
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
**T** +1 202 389 5985  **M** +1 703 350 6473
**F** +1 202 389 5200
-----------------------------------------------
anders.fjellstedt@kirkland.com

**From:** Deepali A. Brahmbhatt <dbrahmbhatt@onellp.com>
**Sent:** Thursday, July 30, 2020 4:39 PM
**To:** Fjellstedt, Anders P. <afjellstedt@kirkland.com>
**Cc:** John Lord <jlord@onellp.com>; Nate Lichtenberger <nlichtenberger@onellp.com>; Nate Dilger <ndilger@onellp.com>; sbrauerman <sbrauerman@bayardlaw.com>; #Kirkland_Service_Sequoia <Kirkland_Service_Sequoia@kirkland.com>; Egan, Brian P. <began@mnat.com>; *JBlumenfeld@MNAT.com <JBlumenfeld@MNAT.com>
**Subject:** RE: Sequoia -- Mr. Kim Deposition

Anders:

Your email does not address our prior arguments on this issue regarding the length of the inventor depositions.  We are repeating what we have said earlier.  Regarding the length of the deposition, please note that the Scheduling Order states that "No single deposition of any one witness can exceed two consecutive business days, except by mutual agreement." Red Hat has argued that the preceding sentence regarding translations doubles the length to four days. That is not consistent with the parties negotiations. During the parties negotiations, the parties

directly addressed this issue and confirmed that the doubling for translated depositions related to the hourly limits set forth in the paragraph, not to the consecutive day limit. The attached emails confirm this. As shown in the attached emails, Defendants and Red Hat proposed a red line edit to this sentence to state "with the exception of a translated inventor deposition." Red Hat's counsel then stated on Sept. 18 at 12:45 that "In paragraph 8(e), we removed our proposal that translated inventor depositions could extend past two consecutive business days." This edit confirms that Defendants and Red Hat did not intend for the consecutive day limit to apply for all translated depositions, or else there would be no need to exempt a translated inventor deposition.  Red Hat is now trying to back away from its prior position.

We cannot offer Mr. Kim for more than two consecutive days (and as mentioned earlier we do not believe there is any such need given the single patent and four asserted claims at issue).  We can offer Mr. Kim on Aug. 31 starting at 8 am Korean time.  The witness has expressed the comfort level of starting only at 9 am Korean time, but we convinced him to start at 8am Korean time.  He does not feel comfortable starting earlier.  Thus, we have offered this concession for an 8am start time.

Best regards,
Deepali


Deepali Brahmbhatt
Partner - Intellectual Property & Privacy,
One LLP,
Palo Alto, CA 94303.
(650) 600-1298
dbrahmbhatt@onellp.com
http://onellp.com/attorney/deepali-brahmbhatt/
www.linkedin.com/in/deepali-brahmbhatt-88b367

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Fjellstedt, Anders P. <afjellstedt@kirkland.com>
**Sent:** Tuesday, July 28, 2020 6:26 AM
**To:** Deepali A. Brahmbhatt <dbrahmbhatt@onellp.com>
**Cc:** John Lord <jlord@onellp.com>; Nate Lichtenberger <nlichtenberger@onellp.com>; Nate Dilger <ndilger@onellp.com>; sbrauerman <sbrauerman@bayardlaw.com>; #Kirkland_Service_Sequoia <Kirkland_Service_Sequoia@kirkland.com>; Egan, Brian P. <began@mnat.com>; *JBlumenfeld@MNAT.com <JBlumenfeld@MNAT.com>
**Subject:** RE: Sequoia -- Mr. Kim Deposition

Deepali,

We ask again for you and Sequoia to conduct depositions according to the Federal Rules, the Local Rules, and the Scheduling Order, and to accept reasonable proposals regarding the timing for depositions in this case, which often span half the globe.  There is no valid reason for Sequoia to

fight these issues, and it ultimately wastes the parties' time and resources.  Sequoia unilaterally concluded the deposition of Mr. Yang and Sequoia far short of the allotted time, and now Sequoia is attempting to abridge Mr. Chang-Soo Kim's deposition before it even starts -- thus further demonstrating a pattern of withholding discovery from Red Hat that we may soon need to bring to the Court's attention.  Your email below simply ignores the plain language of the Scheduling Order.

Your position that Sequoia will withhold Mr. Kim's deposition unless Red Hat agrees to a limited duration deposition (in contravention of the Scheduling Order) is unreasonable.  Indeed, such a position unnecessarily forces disputes to the Court prematurely.  It makes much more sense for Sequoia to allow Red Hat to question Mr. Kim for the duration that Sequoia allows, and you apparently believe that "7 hours (14 hours translated) more than suffices," despite that the Scheduling Order prescribes more.  After questioning Mr. Kim for the time allowed by Sequoia, Red Hat could reserve the right to seek the Court's relief to obtain the balance of time as allotted by the Scheduling Order (up to another 7 hours, then doubled for translation).  As I'm sure you'd agree, at that point the parties would have a better sense as to whether a dispute remains.  As for the timing, we again request to start on August 31 (Korean) at a compromise time such as 7:00 am Korean / 6:00 pm ET, or at 7:00 pm Korean / 6:00 am ET, and last for approximately 5 hours of record time each session, until Sequoia imposes its unilateral limit (of 14 hours total due to translation).  Please let us know immediately if Sequoia agrees.

Finally, your accusations about Red Hat's questioning of Mr. Yang are wrong and not helpful to this discussion.  The transcript speaks for itself and demonstrates that the questioning of Mr. Yang was proper.

Best regards,

**Anders P. Fjellstedt**

-----------------------------------------------

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
**T** +1 202 389 5985  **M** +1 703 350 6473
**F** +1 202 389 5200

-----------------------------------------------

anders.fjellstedt@kirkland.com


**From:** Deepali A. Brahmbhatt <dbrahmbhatt@onellp.com>
**Sent:** Sunday, July 19, 2020 11:04 PM
**To:** Fjellstedt, Anders P. <afjellstedt@kirkland.com>
**Cc:** John Lord <jlord@onellp.com>; Nate Lichtenberger <nlichtenberger@onellp.com>; Nate Dilger <ndilger@onellp.com>; sbrauerman <sbrauerman@bayardlaw.com>; #Kirkland_Service_Sequoia <Kirkland_Service_Sequoia@kirkland.com>; Egan, Brian P. <began@mnat.com>; *JBlumenfeld@MNAT.com <JBlumenfeld@MNAT.com>
**Subject:** Re: Sequoia -- Mr. Kim Deposition


Anders:

This case involves a single patent with 4 asserted claims. 7 hours (14 hours translated) more than suffices. We saw from Mr. Yang's deposition that Red Hat uses its deposition time improperly and inefficiently -- repeatedly asking the same question over and over again in an attempt to intimidate the deponent.  The parties also agreed that no deposition will last two days, and Red Hat specifically asked to exclude inventor depositions to allow it to last 14 hours, but removed that restriction when arguing to the Court. And as explained in FN2, there is only one Defendant Group asking the questions, and so there is no need for additional time to allow other Defendants to question the witness. We will not proceed unless there is agreement that the deposition will not last 7 hours /14 translated hours.

Subject to agreement as to the duration, we confirm August 31st (Korea time) for Dr. Kim's deposition.

On Jul 17, 2020, at 10:28 AM, Fjellstedt, Anders P. <afjellstedt@kirkland.com> wrote:

Deepali,

Regarding Mr. Chang Soo Kim's deposition, we agree to start on August 31.  Per the Scheduling Order, we are allowed 14 hours of testimony on the record, and that is doubled since you request that it be translated.  Regarding the start time of the deposition, your request to start at 9:00 am Korean time ignores all of Red Hat's consistent attempts to compromise and distribute the time-zone inconvenience over all the parties.  I.e., we've previously proposed timing that would require one party to get up a few hours early (Sequoia) and other to stay up a few hours late (Red Hat), and the accommodation was balanced.  To make that even more convenient for the parties and come closer to your proposed time, we could start Mr. Kim's deposition at 8:00 am Korean time and break it into sessions of roughly 5 hours each.  The days need not be sequential, and presently we could accommodate each of the days you proposed.

I also note that your continued insistence that "At no time did Red Hat respond as to whether August 10, 11, or 12 works. Still today, Red Hat has not responded." is plainly contrary to fact.  In my June 28th email I directly responded -- accepting Mr. Kim's deposition to start on August 12th and requesting a specific start time: "We would then agree to take his deposition starting at 4:00 am on August 12th Korean time (and we note that it may extend to the subsequent days, likely due to translation)."  You, however, did not respond regarding Mr. Kim's deposition until, weeks later, you unilaterally canceled the deposition.  I note your misrepresentation because it has already prejudiced Red Hat.

Best regards,

Anders P. Fjellstedt
-------------------------------------------------------------
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
T +1 202 389 5985   M +1 703 350 6473
F +1 202 389 5200
-------------------------------------------------------------
anders.fjellstedt@kirkland.com


**From:** Deepali A. Brahmbhatt <dbrahmbhatt@onellp.com>

**Sent:** Thursday, July 16, 2020 2:17 PM
**To:** Fjellstedt, Anders P. <afjellstedt@kirkland.com>
**Cc:** John Lord <jlord@onellp.com>; #Kirkland_Service_Sequoia
<Kirkland_Service_Sequoia@kirkland.com>; Nate Lichtenberger <nlichtenberger@onellp.com>; Nate
Dilger <ndilger@onellp.com>; sbrauerman <sbrauerman@bayardlaw.com>; Egan, Brian P.
<began@MNAT.com>; *JBlumenfeld@MNAT.com <JBlumenfeld@MNAT.com>
**Subject:** Re: Sequoia -- Mr. Kim Deposition

Anders,

Your email confirms our point. At no time did Red Hat respond as to whether August 10, 11,
or 12 works. Still today, Red Hat has not responded.  In any event, as we indicated those days
no longer work. Sequoia can offer Mr. Kim for deposition on Sept. 1, 2, or 3 (local Korea
time) to take place by video. You requested days in August, and we can confirm that Aug. 31
can also work.

We note that Sequoia has been more than reasonable in scheduling deposition dates.  For
example, Red Hat served its first depo notice on May 26, 2020, and Sequoia promptly
produced its witness on July 14-16  in response to this notice. Similarly, Red Hat served its
depo notice for Mr. Kim on May 12, 2020, and Sequoia offered August 10, 11, or 12, and now
without hearing back form Red Hat has offered dates three weeks later.  This stands in stark
contrast to Red Hat, who has delayed producing a witness.  Sequoia first served its depo notice
on January 22, 2020, and after months of asking for dates, Red Hat produced Mr. McGrath on
June 19, 2020, and then for only one topic.  Red Hat still has not produced witnesses for many
of the topics from this January notice. Please advise as soon as possible whether one day from
Aug. 31-Sept. 3 work for you.  The deposition will require a translator and the inventor has
indicated that the earliest start time can be 9 am local Korea time.

Best regards,
Deepali

---

**From:** Fjellstedt, Anders P. <afjellstedt@kirkland.com>
**Sent:** Tuesday, July 14, 2020 1:34 PM
**To:** Deepali A. Brahmbhatt <dbrahmbhatt@onellp.com>; John Lord <jlord@onellp.com>
**Cc:** #Kirkland_Service_Sequoia <Kirkland_Service_Sequoia@kirkland.com>; Nate Lichtenberger
<nlichtenberger@onellp.com>; Nate Dilger <ndilger@onellp.com>; sbrauerman
<sbrauerman@bayardlaw.com>; *JBlumenfeld@MNAT.com <JBlumenfeld@MNAT.com>; Egan,
Brian P. <began@MNAT.com>
**Subject:** RE: Sequoia -- Mr. Kim Deposition

Deepali,

Your allegation that "Red Hat did not respond" to your June 26th email regarding Mr. Kim's
deposition is incorrect.  I responded on June 28th, and we have been waiting for you to confirm at
what time of day Mr. Kim could be available on the days you proposed.  Therefore, your unilateral
attempt to reschedule Mr. Kim's deposition and blame us for it is improper.  Specifically, you ignore
the email thread on which we discussed Mr. Kim's deposition and exchanged over a dozen emails

regarding the scheduling of various depositions (titled "Red Hat v. Sequoia: deposition scheduling").
In a July 7th email where we were discussing Mr. Kim's and Mr. Yang's deposition, I proposed:

> "another compromise -- the parties could agree to continue each deposition over several days as needed.  That way the (Red Hat) attorney on eastern time can adjourn a deposition at a manageable time (e.g., 11pm, midnight, or later if the attorney is up for going later into the night).  This would mean that a deposition may go for only a few hours each day, given the start times you mention in your email.  Please confirm whether this works for you and the witnesses.  This arrangement could also provide the flexibility of conducting blocks of the depositions in the morning eastern time which would be the evening Korean time.  Please also confirm Mr. Kim's start time, whether Messrs. Yang and Kim require translation services (which would also affect the duration of the depositions), and that Mr. Yang as Sequoia's 30(b)(6) witness will be prepared to testify to topics 1-3, 5, 9-12, 14-17, 19, 21, 24-32, 34, 35, 40-50."

You later responded for Mr. Yang's timing and that both witnesses would require translation, but we have been awaiting your response on Mr. Kim's timing.  (correspondence attached for your convenience).  In view of the full record of correspondence regarding Mr. Kim's deposition, please confirm he is available for deposition on the same or other dates in August, and provide us the proposed start time we requested a week ago.

Best regards,

**Anders P. Fjellstedt**

------------------------------------------------
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
**T** +1 202 389 5985  **M** +1 703 350 6473
**F** +1 202 389 5200
------------------------------------------------
anders.fjellstedt@kirkland.com

**From:** Deepali A. Brahmbhatt <dbrahmbhatt@onellp.com>
**Sent:** Tuesday, July 14, 2020 1:00 PM
**To:** John Lord <jlord@onellp.com>; Fjellstedt, Anders P. <afjellstedt@kirkland.com>; DeCoro, Christopher <christopher.decoro@kirkland.com>
**Cc:** #Kirkland_Service_Sequoia <Kirkland_Service_Sequoia@kirkland.com>; Nate Lichtenberger <nlichtenberger@onellp.com>; Nate Dilger <ndilger@onellp.com>; sbrauerman <sbrauerman@bayardlaw.com>; *JBlumenfeld@MNAT.com <JBlumenfeld@MNAT.com>
**Subject:** RE: Sequoia -- Mr. Kim Deposition


On June 26, 2020, Sequoia offered dates for Mr. Kim's deposition and asked that Red Hat advise us which days it prefers. Red Hat did not respond.  Those days are now not available.  Sequoia can offer Mr. Kim for deposition on Sept. 1, 2, or 3 (local Korea time) to take place by video.  Please let us know if one of these days work for you.

Deepali Brahmbhatt
Partner - Intellectual Property & Privacy,
One LLP,
Palo Alto, CA 94303.
(650) 600-1298
dbrahmbhatt@onellp.com
http://onellp.com/attorney/deepali-brahmbhatt/
www.linkedin.com/in/deepali-brahmbhatt-88b367

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** John Lord <jlord@onellp.com>
**Sent:** Friday, June 26, 2020 7:56 AM
**To:** Anders Søborg Olsen - Patrade <aso@patrade.dk>; DeCoro, Christopher <christopher.decoro@kirkland.com>
**Cc:** #Kirkland_Service_Sequoia <Kirkland_Service_Sequoia@kirkland.com>; Deepali A. Brahmbhatt <dbrahmbhatt@onellp.com>; Nate Lichtenberger <nlichtenberger@onellp.com>; Nate Dilger <ndilger@onellp.com>; sbrauerman <sbrauerman@bayardlaw.com>; Blumenfeld, Jack <JBlumenfeld@MNAT.com>
**Subject:** Sequoia -- Mr. Kim Deposition

Counsel,

    In response to the 30(b)(1) deposition notice for Mr. Chang-Soo Kim, he can be available for deposition on August 10, 11, or 12, during local Korean business hours.  Given the pandemic and mandatory 14 day quarantine in South Korea, the deposition will proceed by video, unless circumstances change.  Please confirm that one of these days work for you.

Regards,

John

--
John E. Lord
**One LLP**
9301 Wilshire Blvd., PH
Beverly Hills, CA  90210
310-954-9497
jlord@onellp.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email

to [postmaster@kirkland.com](mailto:postmaster@kirkland.com), and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to [postmaster@kirkland.com](mailto:postmaster@kirkland.com), and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to [postmaster@kirkland.com](mailto:postmaster@kirkland.com), and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to [postmaster@kirkland.com](mailto:postmaster@kirkland.com), and destroy this communication and all copies thereof, including all attachments.

# EXHIBIT Q

**Red Hat Enterprise Linux Products Infringement of US Patent No. 6,718,436**

Red Hat, Inc. makes, uses, sells or offers for sale in the United States products operating the Red Hat Enterprise Linux (RHEL) operating system that allows users to configure and dynamically expand logical volumes ("Red Hat Enterprise Linux Products"). Red Hat, Inc. infringes one or more claims of US Patent No. 6,718,436.  Nothing in this claim chart should be interpreted as an acquiescence to or assertion of a particular claim construction by Sequoia Technology LLC.  The cited evidence discloses each claim limitation as a whole and specific citations are exemplary only.

| | US Patent No. 6,718,436 | Red Hat Enterprise Linux 8 (representative version of version 4 or later) |
|---|---|---|
| 1 | 1. A method for managing a logical volume in order to support dynamic online resizing and minimizing a size of metadata, said method comprising steps of: | Red Hat Enterprise Linux Products include a method for managing a logical volume in order to support dynamic online resizing and minimizing a size of metadata. Red Hat Enterprise Linux Products include Logical Volume Manager (LVM) which performs volume management. "Volume management creates a layer of abstraction over physical storage, allowing you to create logical storage volumes… the hardware storage configuration is hidden from the software so it can be resized and moved without stopping applications or unmounting file systems." <br> Red Hat Enterprise Linux is sold as software that is downloaded with subscription or evaluation license. https://access.redhat.com/downloads. <br><br> Red Hat Enterprise Linux is also sold as factory-installed on computer readable medium with computer hardware sold by Red Hat Customers.  *See, e.g.,* https://www.dell.com/en-us/work/shop/overview/cp/linuxsystems; https://techlibrary.hpe.com/us/en/enterprise/servers/supportmatrix/redhat_linux.aspx; https://access.redhat.com/ecosystem/hardware/3466681; https://www.supermicro.com/support/resources/OS/C612_X10.cfm. <br><br> Such factory installation is also be pre-configured with software RAID logical volume configurations.  *Id*; Dell quotation of Linux server preloaded with Red Hat Linux and pre-configured with Software Raid; *see also, e.g.*, https://i.dell.com/sites/csdocuments/Product_Docs/en/dell-emc-poweredge-t140-spec-sheet.pdf. <br><br><br> Red Hat Enterprise Linux 8: Configuring and managing logical volumes, p. 6 |

**Red Hat Enterprise Linux Products Infringement of US Patent No. 6,718,436**

| | US Patent No. 6,718,436 | Red Hat Enterprise Linux 8 (representative version of version 4 or later) |
|---|---|---|
| | | |
| 1F | a disk partition table containing information of a disk partition in which the metadata is stored; | Red Hat Enterprise Linux Products include metadata that includes a disk partition table containing information of a disk partition in which the metadata is stored. For example, the metadata includes a table of physical volumes.<br><br>https://access.redhat.com/documentation/en-us/red_hat_enterprise_linux/7/html/logical_volume_manager_administration/logical_volumes<br><br>The volume group information contains:<br><br>• Name and unique id<br><br>• A version number which is incremented whenever the metadata gets updated<br><br>• Any properties, such as: read/write or resizable<br><br>• Any administrative limit on the number of physical volumes and logical volumes it may contain<br><br>• The extent size (in units of sectors which are defined as 512 bytes)<br><br>• An unordered list of physical volumes making up the volume group, each with:<br><br>  ○ Its UUID, used to determine the block device containing it<br><br>  ○ Any properties, such as whether the physical volume is allocatable<br><br>  ○ The offset to the start of the first extent within the physical volume (in sectors)<br><br>  ○ The number of extents<br><br>• An unordered list of logical volumes, each consisting of<br><br>  ○ An ordered list of logical volume segments. For each segment the metadata includes a mapping applied to an ordered list of physical volume segments or logical volume segments |

**Red Hat Enterprise Linux Products Infringement of US Patent No. 6,718,436**

| US Patent No. 6,718,436 | Red Hat Enterprise Linux 8 (representative version of version 4 or later) |
|---|---|
| | An excerpt of the metadata stored on the /dev/sde2 partition of a Dell PowerEdge T140 Tower server running Red Hat Enterprise Linux 8 illustrates a table of physical volumes, including "information of a disk partition in which the metadata is stored," namely, sde2. |

```
 1   rhel {
 2   id = "rYDH1E-sLo0-Xo0O-f2Vg-xDqD-PGOQ-46a9JL"
 3   seqno = 6
 4   format = "lvm2"
 5   status = ["RESIZEABLE", "READ", "WRITE"]
 6   flags = []
 7   extent_size = 8192
 8   max_lv = 0
 9   max_pv = 0
10   metadata_copies = 0
11
12   physical_volumes {
13
14   pv0 {
15   id = "7kyQA9-fNil-o5vl-6prl-ElBt-JWLj-EDzJmf"
16   device = "/dev/sde6"
17
18   status = ["ALLOCATABLE"]
19   flags = []
20   dev_size = 412250112
21   pe_start = 2048
22   pe_count = 50323
23   }
24
25   pv1 {
26   id = "8kWQCY-xFtt-iVmT-Fc5K-hl6u-NJJM-cPieES"
27   device = "/dev/sde2"
28
29   status = ["ALLOCATABLE"]
30   flags = []
31   dev_size = 52428800
32   pe_start = 2048
33   pe_count = 6399
34   }
35   }
```

**Red Hat Enterprise Linux Products Infringement of US Patent No. 6,718,436**

| US Patent No. 6,718,436 | Red Hat Enterprise Linux 8 (representative version of version 4 or later) |
|---|---|
|  | <br>```
134  00001a00  72 68 65 6c 20 7b 0a 69  64 20 3d 20 22 72 59 44  |rhel {.id = "rYD|
135  00001a10  48 6c 45 2d 73 4c 6f 30  2d 58 6f 30 4f 2d 66 32  |HlE-sLo0-Xo0O-f2|
136  00001a20  56 67 2d 78 44 71 44 2d  50 47 4f 51 2d 34 36 61  |Vg-xDqD-PGOQ-46a|
137  00001a30  39 4a 4c 22 0a 73 65 71  6e 6f 20 3d 20 36 0a 66  |9JL".seqno = 6.f|
138  00001a40  6f 72 6d 61 74 20 3d 20  22 6c 76 6d 32 22 0a 73  |ormat = "lvm2".s|
139  00001a50  74 61 74 75 73 20 3d 20  5b 22 52 45 53 49 5a 45  |tatus = ["RESIZE|
140  00001a60  41 42 4c 45 22 2c 20 22  52 45 41 44 22 2c 20 22  |ABLE", "READ", "|
141  00001a70  57 52 49 54 45 22 5d 20  0a 66 6c 61 67 73 20 3d  |WRITE"].flags = |
142  00001a80  5b 5d 0a 65 78 74 65 6e  74 5f 73 69 7a 65 20 3d  |[].extent_size =|
143  00001a90  20 38 31 39 32 0a 6d 61  78 5f 6c 76 20 3d 20 30  | 8192.max_lv = 0|
144  00001aa0  0a 6d 61 78 5f 70 76 20  3d 20 30 0a 6d 65 74 61  |.max_pv = 0.meta|
145  00001ab0  64 61 74 61 5f 63 6f 70  69 65 73 20 3d 20 30 0a  |data_copies = 0.|
146  00001ac0  0a 70 68 79 73 69 63 61  6c 5f 76 6f 6c 75 6d 65  |.physical_volume|
147  00001ad0  73 20 7b 0a 0a 70 76 30  20 7b 0a 69 64 20 3d 20  |s {..pv0 {.id = |
148  00001ae0  22 37 6b 79 51 41 39 2d  66 4e 69 6c 2d 6f 35 76  |"7kyQA9-fNil-o5v|
149  00001af0  6c 2d 36 70 72 6c 2d 45  31 42 74 2d 4a 57 4c 6a  |l-6prl-E1Bt-JWLj|
150  00001b00  2d 45 44 7a 4a 6d 66 22  0a 64 65 76 69 63 65 20  |-EDzJmf".device |
151  00001b10  3d 20 22 2f 64 65 76 2f  73 64 65 36 22 0a 0a 73  |= "/dev/sde6"..s|
152  00001b20  74 61 74 75 73 20 3d 20  5b 22 41 4c 4c 4f 43 41  |tatus = ["ALLOCA|
153  00001b30  54 41 42 4c 45 22 5d 0a  66 6c 61 67 73 20 3d 20  |TABLE"].flags = |
154  00001b40  5b 5d 0a 64 65 76 5f 73  69 7a 65 20 3d 20 34 31  |[].dev_size = 41|
155  00001b50  32 32 35 30 31 31 32 0a  70 65 5f 73 74 61 72 74  |2250112.pe_start|
156  00001b60  20 3d 20 32 30 34 38 0a  70 65 5f 63 6f 75 6e 74  | = 2048.pe_count|
157  00001b70  20 3d 20 35 30 33 32 33  0a 7d 0a 0a 70 76 31 20  | = 50323.}..pv1 |
158  00001b80  7b 0a 69 64 20 3d 20 22  38 6b 57 51 43 59 2d 78  |{.id = "8kWQCY-x|
159  00001b90  46 74 74 2d 69 56 6d 54  2d 46 63 35 4b 2d 68 6c  |Ftt-iVmT-Fc5K-hl|
160  00001ba0  36 75 2d 4e 4a 4a 4d 2d  50 69 65 45 53 22 0a     |6u-NJJM-PieES".|
161  00001bb0  64 65 76 69 63 65 20 3d  20 22 2f 64 65 76 2f 73  |device = "/dev/s|
162  00001bc0  64 65 32 22 0a 0a 73 74  61 74 75 73 20 3d 20 5b  |de2"..status = [|
163  00001bd0  22 41 4c 4c 4f 43 41 54  41 42 4c 45 22 5d 0a 66  |"ALLOCATABLE"].f|
164  00001be0  6c 61 67 73 20 3d 20 5b  5d 0a 64 65 76 5f 73 69  |lags = [].dev_si|
165  00001bf0  7a 65 20 3d 20 35 32 34  32 38 38 30 30 0a 70 65  |ze = 52428800.pe|
166  00001c00  5f 73 74 61 72 74 20 3d  20 32 30 34 38 0a 70 65  |_start = 2048.pe|
167  00001c10  5f 63 6f 75 6e 74 20 3d  20 36 33 39 39 0a 7d 0a  |_count = 6399.}.|
``` |

**Red Hat Enterprise Linux Products Infringement of US Patent No. 6,718,436**

| US Patent No. 6,718,436 | Red Hat Enterprise Linux 8 (representative version of version 4 or later) |
|---|---|
| | <pre>37  logical_volumes {
38
39  home {
40  id = "asF20Q-1aJU-7CRk-PyKa-Bz8e-EASc-uRAgq1"
41  status = ["READ", "WRITE", "VISIBLE"]
42  flags = []
43  creation_time = 1571153251
44  creation_host = "localhost"
45  segment_count = 2
46
47  segment1 {
48  start_extent = 0
49  extent_count = 24168
50
51  type = "striped"
52  stripe_count = 1
53
54  stripes = [
55  "pv0", 0
56  ]
57  }
58  segment2 {
59  start_extent = 24168
60  extent_count = 6399
61
62  type = "striped"
63  stripe_count = 1
64
65  stripes = [
66  "pv1", 0
67  ]
68  }
69  }</pre> |

**Red Hat Enterprise Linux Products Infringement of US Patent No. 6,718,436**

| US Patent No. 6,718,436 | Red Hat Enterprise Linux 8 (representative version of version 4 or later) |
|---|---|
| | ```
168  00001c20  7d 0a 0a 6c 6f 67 69 63  61 6c 5f 76 6f 6c 75 6d  |}..logical_volum|
169  00001c30  65 73 20 7b 0a 0a 68 6f  6d 65 20 7b 0a 69 64 20  |es {..home {.id |
170  00001c40  3d 20 22 61 73 46 32 30  51 2d 6c 61 4a 55 2d 37  |= "asF20Q-laJU-7|
171  00001c50  43 52 6b 2d 50 79 4b 61  2d 42 7a 38 65 2d 45 41  |CRk-PyKa-Bz8e-EA|
172  00001c60  53 63 2d 75 52 41 67 71  31 22 0a 73 74 61 74 75  |Sc-uRAgq1".statu|
173  00001c70  73 20 3d 20 5b 22 52 45  41 44 22 2c 20 22 57 52  |s = ["READ", "WR|
174  00001c80  49 54 45 22 2c 20 22 56  49 53 49 42 4c 45 22 5d  |ITE", "VISIBLE"]|
175  00001c90  0a 66 6c 61 67 73 20 3d  20 5b 5d 0a 63 72 65 61  |.flags = [].crea|
176  00001ca0  74 69 6f 6e 5f 74 69 6d  65 20 3d 20 31 35 37 31  |tion_time = 1571|
177  00001cb0  31 35 33 32 35 31 0a 63  72 65 61 74 69 6f 6e 5f  |153251.creation_|
178  00001cc0  68 6f 73 74 20 3d 20 22  6c 6f 63 61 6c 68 6f 73  |host = "localhos|
179  00001cd0  74 22 0a 73 65 67 6d 65  6e 74 5f 63 6f 75 6e 74  |t".segment_count|
180  00001ce0  20 3d 20 32 0a 73 65 67  6d 65 6e 74 31 20 7b  = | = 2..segment1 {|
181  00001cf0  0a 73 74 61 72 74 5f 65  78 74 65 6e 74 20 3d 20  |.start_extent = |
182  00001d00  30 0a 65 78 74 65 6e 74  5f 63 6f 75 6e 74 20 3d  |0.extent_count =|
183  00001d10  20 32 34 31 36 38 0a 0a  74 79 70 65 20 3d 20 22  | 24168..type = "|
184  00001d20  73 74 72 69 70 65 64 22  0a 73 74 72 69 70 65 5f  |striped".stripe_|
185  00001d30  63 6f 75 6e 74 20 3d 20  31 0a 0a 73 74 72 69 70  |count = 1..strip|
186  00001d40  65 73 20 3d 20 5b 0a 22  70 76 30 22 2c 20 30 0a  |es = [."pv0", 0.|
187  00001d50  5d 0a 7d 0a 73 65 67 6d  65 6e 74 32 20 7b 0a 73  |].}.segment2 {.s|
188  00001d60  74 61 72 74 5f 65 78 74  65 6e 74 20 3d 20 32 34  |tart_extent = 24|
189  00001d70  31 36 38 0a 65 78 74 65  6e 74 5f 63 6f 75 6e 74  |168.extent_count|
190  00001d80  20 3d 20 36 33 39 39 0a  0a 74 79 70 65 20 3d 20  | = 6399..type = |
191  00001d90  22 73 74 72 69 70 65 64  22 0a 73 74 72 69 70 65  |"striped".stripe|
192  00001da0  5f 63 6f 75 6e 74 20 3d  20 31 0a 0a 73 74 72 69  |_count = 1..stri|
193  00001db0  70 65 73 20 3d 20 5b 0a  22 70 76 31 22 2c 20 30  |pes = [."pv1", 0|
194  00001dc0  0a 5d 0a 7d 0a 7d 0a 0a  72 6f 6f 74 20 7b 0a 69  |.].}.}..root {.i|
``` |
| | For example, the `physical_volume` and `volume_group` data structures include information of a disk partition.

/lvm2/lib/metadata/pv.h

```
25  struct physical_volume {
26      struct id id;
27      struct id old_id;      /* Set during pvchange -u. */
28      struct device *dev;
29      const char *device_hint;   /* primary name last time metadata was written */
30      const struct format_type *fmt;
31      struct format_instance *fid;
```

/lvm2/lib/metadata/vg.h |

**Red Hat Enterprise Linux Products Infringement of US Patent No. 6,718,436**

| US Patent No. 6,718,436 | Red Hat Enterprise Linux 8 (representative version of version 4 or later) |
|---|---|
|  | <br>```
37  struct volume_group {
38      struct cmd_context *cmd;
39      struct dm_pool *vgmem;
40      struct format_instance *fid;
41      const struct format_type *original_fmt; /* Set when processing backup files */
42      struct lvmcache_vginfo *vginfo;
43      uint32_t seqno;     /* Metadata sequence number */
44      unsigned skip_validate_lock_args : 1;
45      uint32_t write_count; /* count the number of vg_write calls */
46
47      /*
48       * The parsed committed (on-disk) copy of this VG; is NULL if this VG is committed
49       * version (i.e. vg_committed == NULL *implies* this is the committed copy,
50       * there is no guarantee that if this VG is the same as the committed one
51       * this will be NULL). The pointer is maintained by calls to
52       * _vg_update_vg_committed.
53       */
54      struct volume_group *vg_committed;
55      struct volume_group *vg_precommitted;
```<br><br>/lvm2/lib/metadata/vg.h<br><br>```
86      /*
87       * logical volumes
88       * The following relationship should always hold:
89       * dm_list_size(lvs) = user visible lv_count + snapshot_count + other invisible LVs
90       *
91       * Snapshots consist of 2 instances of "struct logical_volume":
92       * - cow (lv_name is visible to the user)
93       * - snapshot (lv_name is 'snapshotN')
94       *
95       * Mirrors consist of multiple instances of "struct logical_volume":
96       * - one for the mirror log
97       * - one for each mirror leg
98       * - one for the user-visible mirror LV
99       */
100     struct dm_list lvs;
``` |

**Red Hat Enterprise Linux Products Infringement of US Patent No. 6,718,436**

| | US Patent No. 6,718,436 | Red Hat Enterprise Linux 8 (representative version of version 4 or later) |
|---|---|---|
| | | ```
24  struct logical_volume {
25      union lvid lvid;
26      const char *name;
27
28      struct volume_group *vg;
29
30      uint64_t status;
31      alloc_policy_t alloc;
32      struct profile *profile;
33      uint32_t read_ahead;
34      int32_t major;
35      int32_t minor;
36
37      uint64_t size;      /* Sectors visible */
38      uint32_t le_count;  /* Logical extents visible */
39
40      uint32_t origin_count;
41      uint32_t external_count;
42      struct dm_list snapshot_segs;
43      struct lv_segment *snapshot;
44
45      struct dm_list segments;
46      struct dm_list tags;
47      struct dm_list segs_using_this_lv;
48      struct dm_list indirect_glvs; /* For keeping track of historical LVs in ancestry chain */
49
50      /*
51       * this_glv variable is used as a helper for handling historical LVs.
52       * If this LVs has no role at all in keeping track of historical LVs,
53       * the this_glv variable is NULL. See also comments for struct
54       * generic_logical_volume and struct historical_logical_volume below.
55       */
56      struct generic_logical_volume *this_glv;
57
58      uint64_t timestamp;
59      unsigned new_lock_args:1;
60      const char *hostname;
61      const char *lock_args;
62  };
``` |
| 1H | an extent allocation table for indicating | Red Hat Enterprise Linux Products include metadata that includes an extent allocation table for indicating whether each extent in the disk partition is used or not used. For example, the metadata includes a table of physical volumes, each with "the offset to the start of the first extent within the physical volume (in sectors)" and "the number of extents," and a table of logical volume segments, each with "a mapping applied to an |

**Red Hat Enterprise Linux Products Infringement of US Patent No. 6,718,436**

| US Patent No. 6,718,436 | Red Hat Enterprise Linux 8 (representative version of version 4 or later) |
|---|---|
| whether each extent in the disk partition is used or not used; and | ordered list of physical segments or logical volume segments." |
| | https://access.redhat.com/documentation/en-us/red_hat_enterprise_linux/7/html/logical_volume_manager_administration/logical_volumes |
| | The volume group information contains: |
| | • Name and unique id |
| | • A version number which is incremented whenever the metadata gets updated |
| | • Any properties, such as: read/write or resizable |
| | • Any administrative limit on the number of physical volumes and logical volumes it may contain |
| | • The extent size (in units of sectors which are defined as 512 bytes) |
| | • An unordered list of physical volumes making up the volume group, each with: |
| | ○ Its UUID, used to determine the block device containing it |
| | ○ Any properties, such as whether the physical volume is allocatable |
| | ○ The offset to the start of the first extent within the physical volume (in sectors) |
| | ○ The number of extents |
| | • An unordered list of logical volumes, each consisting of |
| | ○ An ordered list of logical volume segments. For each segment the metadata includes a mapping applied to an ordered list of physical volume segments or logical volume segments |
| | An excerpt of the metadata stored on the /dev/sde2 partition of a Dell PowerEdge T140 Tower server running Red Hat Enterprise Linux 8 illustrates a table of physical volumes, each with "the offset to the start of the first |

**Red Hat Enterprise Linux Products Infringement of US Patent No. 6,718,436**

| US Patent No. 6,718,436 | Red Hat Enterprise Linux 8 (representative version of version 4 or later) |
|---|---|
| | extent within the physical volume (in sectors)" and "the number of extents": |

```
1   rhel {
2   id = "rYDH1E-sLo0-Xo0O-f2Vg-xDqD-PGOQ-46a9JL"
3   seqno = 6
4   format = "lvm2"
5   status = ["RESIZEABLE", "READ", "WRITE"]
6   flags = []
7   extent_size = 8192
8   max_lv = 0
9   max_pv = 0
10  metadata_copies = 0
11
12  physical_volumes {
13
14  pv0 {
15  id = "7kyQA9-fNil-o5v1-6pr1-E1Bt-JWLj-EDzJmf"
16  device = "/dev/sde6"
17
18  status = ["ALLOCATABLE"]
19  flags = []
20  dev_size = 412250112
21  pe_start = 2048
22  pe_count = 50323
23  }
24
25  pv1 {
26  id = "8kWQCY-xFtt-iVmT-Fc5K-h16u-NJJM-cPieES"
27  device = "/dev/sde2"
28
29  status = ["ALLOCATABLE"]
30  flags = []
31  dev_size = 52428800
32  pe_start = 2048
33  pe_count = 6399
34  }
35  }
```

**Red Hat Enterprise Linux Products Infringement of US Patent No. 6,718,436**

| US Patent No. 6,718,436 | Red Hat Enterprise Linux 8 (representative version of version 4 or later) |
|---|---|
| | 134  00001a00  72 68 65 6c 20 7b 0a 69  64 20 3d 20 22 72 59 44  \|rhel {.id = "rYD\|
135  00001a10  48 6c 45 2d 73 6c 6f 30  2d 58 6f 4f 2d 4f 6c 6c  \|HlE-sLo0-Xo0O-f2\|
136  00001a20  56 67 2d 78 44 71 44 2d  50 47 4f 51 34 36 61  \|Vg-xDqD-PGOQ-46a\|
137  00001a30  39 4a 4c 22 0a 73 65 71  6e 6f 20 3d 20 36 0a 66  \|9JL".seqno = 6.f\|
138  00001a40  6f 72 6d 61 74 20 3d 20  22 6c 76 6d 32 22 0a 73  \|ormat = "lvm2".s\|
139  00001a50  74 61 74 75 73 20 3d 20  5b 22 52 45 53 49 5a 45  \|tatus = ["RESIZE\|
140  00001a60  41 42 4c 45 22 2c 20 22  52 45 41 44 22 2c 20 22  \|ABLE", "READ", "\|
141  00001a70  57 52 49 54 45 22 5d 0a  66 6c 61 67 73 20 3d 20  \|WRITE"].flags = \|
142  00001a80  5b 5d 0a 65 78 74 65 6e  74 5f 73 69 7a 65 20 3d  \|[].extent_size =\|
143  00001a90  20 38 31 39 32 0a 6d 61  78 5f 6c 76 20 3d 20 30  \| 8192.max_lv = 0\|
144  00001aa0  0a 6d 61 78 5f 70 76 20  3d 20 30 0a 6d 65 74 61  \|.max_pv = 0.meta\|
145  00001ab0  64 61 74 61 5f 63 6f 70  69 65 73 20 3d 20 30 0a  \|data_copies = 0.\|
146  00001ac0  0a 70 68 79 73 69 63 61  6c 5f 76 6f 6c 75 6d 65  \|.physical_volume\|
147  00001ad0  73 20 7b 0a 0a 70 76 30  20 7b 0a 69 64 20 3d 20  \|s {..pv0 {.id = \|
148  00001ae0  22 37 6b 79 51 41 39 2d  66 4e 69 6c 2d 6f 35 76  \|"7kyQA9-fNil-o5v\|
149  00001af0  6c 2d 6f 35 76 72 6c 2d  31 2d 36 70 72 6c 2d 45  \|l-6prl-ElBt-JWL\|
150  00001b00  2d 45 44 72 4a 6d 66 20  3d 22 2f 64 65 76 2f 73  \|-EDrJmf".device \|
151  00001b10  3d 20 22 2f 64 65 76 2f  73 64 65 22 0a 0a 73  \|= "/dev/sde6"..s\|
152  00001b20  74 61 74 75 73 20 3d 20  5b 22 41 4c 4c 4f 43 41  \|tatus = ["ALLOCA\|
153  00001b30  54 41 42 4c 45 22 5d 0a  66 6c 61 67 73 20 3d 20  \|TABLE"].flags = \|
154  00001b40  5b 5d 0a 64 65 76 5f 73  69 7a 65 20 3d 20 34 31  \|[].dev_size = 41\|
155  00001b50  32 32 35 30 31 31 32 0a  70 65 5f 73 74 61 72 74  \|2250112.pe_start\|
156  00001b60  20 3d 20 32 30 34 38 0a  70 65 5f 63 6f 75 6e 74  \| = 2048.pe_count\|
157  00001b70  20 3d 20 35 30 33 32 33  0a 7d 0a 0a 70 76 31 20  \| = 50323.}..pv1\|
158  00001b80  7b 0a 69 64 20 3d 20 22  38 6b 57 51 43 59 2d 78  \|{.id = "8kWQCY-x\|
159  00001b90  46 74 74 2d 69 56 6d 54  2d 46 63 35 4b 2d 68 6c  \|Ftt-iVmT-Fc5K-hl\|
160  00001ba0  36 75 2d 4e 4a 4a 4d 2d  63 50 69 65 53 22 0a  \|6u-NJJM-cPieS".\|
161  00001bb0  64 65 76 69 63 65 20 3d  20 22 2f 64 65 76 2f 73  \|device = "/dev/s\|
162  00001bc0  64 65 32 22 0a 0a 73 74  61 74 75 73 20 3d 20 5b  \|de2"..status = [\|
163  00001bd0  22 41 4c 4c 4f 43 41 54  41 42 4c 45 22 5d 0a 66  \|"ALLOCATABLE"].f\|
164  00001be0  6c 61 67 73 20 3d 20 5b  5d 0a 64 65 76 5f 73 69  \|lags = [].dev_si\|
165  00001bf0  7a 65 20 3d 20 35 32 34  32 38 38 30 30 0a 70 65  \|ze = 52428800.pe\|
166  00001c00  5f 73 74 61 72 74 20 3d  20 32 30 34 38 0a 70 65  \|_start = 2048.pe\|
167  00001c10  5f 63 6f 75 6e 74 20 3d  20 36 33 39 39 0a 7d 0a  \|_count = 6399.}.\|

An excerpt of the metadata stored on the /dev/sde2 partition of a Dell PowerEdge T140 Tower server running Red Hat Enterprise Linux 8 illustrates a table of logical volume segments, each with "a mapping applied to an ordered list of physical segments or logical volume segments." |

**Red Hat Enterprise Linux Products Infringement of US Patent No. 6,718,436**

| US Patent No. 6,718,436 | Red Hat Enterprise Linux 8 (representative version of version 4 or later) |
|---|---|
| | ```
37  logical_volumes {
38
39  home {
40  id = "asF20Q-1aJU-7CRk-PyKa-Bz8e-EASc-uRAgq1"
41  status = ["READ", "WRITE", "VISIBLE"]
42  flags = []
43  creation_time = 1571153251
44  creation_host = "localhost"
45  segment_count = 2
46
47  segment1 {
48  start_extent = 0
49  extent_count = 24168
50
51  type = "striped"
52  stripe_count = 1
53
54  stripes = [
55  "pv0", 0
56  ]
57  }
58  segment2 {
59  start_extent = 24168
60  extent_count = 6399
61
62  type = "striped"
63  stripe_count = 1
64
65  stripes = [
66  "pv1", 0
67  ]
68  }
69  }
``` |

**Red Hat Enterprise Linux Products Infringement of US Patent No. 6,718,436**

| US Patent No. 6,718,436 | Red Hat Enterprise Linux 8 (representative version of version 4 or later) |
|---|---|
| |  |

```
168  00001c20  7d 0a 0a 6c 6f 67 69 63  61 6c 5f 76 6f 6c 75 6d  |}..logical_volum|
169  00001c30  65 73 20 7b 0a 0a 68 6f  6d 65 20 7b 0a 69 64 20  |es {..home {.id |
170  00001c40  3d 20 22 61 73 46 32 30  51 2d 6c 61 4a 55 2d 37  |= "asF20Q-laJU-7|
171  00001c50  43 52 6b 2d 50 79 4b 61  2d 42 7a 38 65 2d 45 41  |CRk-PyKa-Bz8e-EA|
172  00001c60  53 63 2d 75 52 41 67 71  31 22 0a 73 74 61 74 75  |Sc-uRAgql".statu|
173  00001c70  73 20 3d 20 5b 22 52 45  41 44 22 2c 20 22 57 52  |s = ["READ", "WR|
174  00001c80  49 54 45 22 2c 20 22 56  49 53 49 42 4c 45 22 5d  |ITE", "VISIBLE"]|
175  00001c90  0a 66 6c 61 67 73 20 3d  20 5b 5d 0a 63 72 65 61  |.flags = [].crea|
176  00001ca0  74 69 6f 6e 5f 74 69 6d  65 20 3d 20 31 35 37 31  |tion_time = 1571|
177  00001cb0  31 35 33 32 35 31 0a 63  72 65 61 74 69 6f 6e 5f  |153251.creation_|
178  00001cc0  68 6f 73 74 20 3d 20 22  6c 6f 63 61 6c 68 6f 73  |host = "localhos|
179  00001cd0  74 22 0a 73 65 67 6d 65  6e 74 5f 63 6f 75 6e 74  |t".segment_count|
180  00001ce0  20 3d 20 32 0a 0a 73 65  67 6d 65 6e 74 31 20 7b  | = 2..segment1 {|
181  00001cf0  0a 73 74 61 72 74 5f 65  78 74 65 6e 74 20 3d 20  |.start_extent = |
182  00001d00  30 0a 65 78 74 65 6e 74  5f 63 6f 75 6e 74 20 3d  |0.extent_count =|
183  00001d10  20 32 34 31 36 38 0a 0a  74 79 70 65 20 3d 20 22  | 24168..type = "|
184  00001d20  73 74 72 69 70 65 64 22  0a 73 74 72 69 70 65 5f  |striped".stripe_|
185  00001d30  63 6f 75 6e 74 20 3d 20  31 0a 0a 73 74 72 69 70  |count = 1..strip|
186  00001d40  65 73 20 3d 20 5b 0a 22  70 76 30 22 2c 20 30 0a  |es = [."pv0", 0.|
187  00001d50  5d 0a 7d 0a 73 65 67 6d  65 6e 74 32 20 7b 0a 73  |]..}.segment2 {.s|
188  00001d60  74 61 72 74 5f 65 78 74  65 6e 74 20 3d 20 32 34  |tart_extent = 24|
189  00001d70  31 36 38 0a 65 78 74 65  6e 74 5f 63 6f 75 6e 74  |168.extent_count|
190  00001d80  20 3d 20 36 33 39 39 0a  0a 74 79 70 65 20 3d 20  | = 6399..type = |
191  00001d90  22 73 74 72 69 70 65 64  22 0a 73 74 72 69 70 65  |"striped".stripe|
192  00001da0  5f 63 6f 75 6e 74 20 3d  20 31 0a 0a 73 74 72 69  |_count = 1..stri|
193  00001db0  70 65 73 20 3d 20 5b 0a  22 70 76 31 22 2c 20 30  |pes = [."pv1", 0|
194  00001dc0  0a 5d 0a 7d 0a 7d 0a 0a  72 6f 6f 74 20 7b 0a 69  |.].}.}..root {.i|
```

LVM displays examples of information indicating whether each extent in the disk partition is used or not used when the user enters the pvdisplay command.

```
 1   --- Physical volume ---
 2   PV Name               /dev/sde2
 3   VG Name               rhel
 4   PV Size               25.00 GiB / not usable 4.00 MiB
 5   Allocatable           yes (but full)
 6   PE Size               4.00 MiB
 7   Total PE              6399
 8   Free PE               0
 9   Allocated PE          6399
10   PV UUID               8kWQCY-xFtt-iVmT-Fc5K-h16u-NJJM-cPieES
11
12   --- Physical Segments ---
13   Physical extent 0 to 6398:
14     Logical volume  /dev/rhel/home
15     Logical extents 24168 to 30566
```

**Red Hat Enterprise Linux Products Infringement of US Patent No. 6,718,436**

| US Patent No. 6,718,436 | Red Hat Enterprise Linux 8 (representative version of version 4 or later) |
|---|---|
|  | ```
1    --- Physical volume ---
2    PV Name               /dev/sde6
3    VG Name               rhel
4    PV Size               <196.58 GiB / not usable 2.00 MiB
5    Allocatable           yes (but full)
6    PE Size               4.00 MiB
7    Total PE              50323
8    Free PE               0
9    Allocated PE          50323
10   PV UUID               7kyQA9-fNil-o5vl-6prl-ElBt-JWLj-EDzJmf
11
12   --- Physical Segments ---
13   Physical extent 0 to 24167:
14     Logical volume  /dev/rhel/home
15     Logical extents 0 to 24167
16   Physical extent 24168 to 48334:
17     Logical volume  /dev/rhel/root
18     Logical extents 0 to 24166
19   Physical extent 48335 to 50322:
20     Logical volume  /dev/rhel/swap
21     Logical extents 0 to 1987
```<br><br>For example, the **physical_volume** data structure and **pv_segment** data structure include information indicating whether each extent in the disk partition is used or not used<br><br>\lvm2\lib\metadata\pv.h<br>```
53       /* physical extents */
54   uint32_t pe_size;
55   uint64_t pe_start;
56   uint32_t pe_count;
57   uint32_t pe_alloc_count;
58   uint64_t pe_align;
59   uint64_t pe_align_offset;
```<br><br>/lvm2/lib/metadata/pv.h<br>```
68       struct dm_list segments;    /* Ordered pv_segments covering complete PV */
```<br><br>/lvm2/lib/metadata/metadata-exported.h |

**Red Hat Enterprise Linux Products Infringement of US Patent No. 6,718,436**

| | US Patent No. 6,718,436 | Red Hat Enterprise Linux 8 (representative version of version 4 or later) |
|---|---|---|
| | | ```
363  struct pv_segment {
364      struct dm_list list;    /* Member of pv->segments: ordered list
365                              * covering entire data area on this PV */
366
367      struct physical_volume *pv;
368      uint32_t pe;
369      uint32_t len;
370
371      struct lv_segment *lvseg;   /* NULL if free space */
372      uint32_t lv_area;   /* Index to area in LV segment */
373  };
``` |
| 1I | a mapping table for maintaining a mapping information for a physical address space corresponding to a logical address space which is a continuous address space equal in size of storage space to an entirety of said logical volume. | Red Hat Enterprise Linux Products include metadata that includes a mapping table for maintaining a mapping information for a physical address space corresponding to a logical address space which is a continuous address space equal in size of storage space to an entirety of said logical volume. For example, the metadata includes a table of logical volume segments, each with "a mapping applied to an ordered list of physical segments or logical volume segments." <br><br> https://access.redhat.com/documentation/en-us/red_hat_enterprise_linux/7/html/logical_volume_manager_administration/logical_volumes |

# EXHIBIT R

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

Anders P. Fjellstedt
To Call Writer Directly:
+1 202 389 5985
anders.fjellstedt@kirkland.com

+1 202 389 5000

www.kirkland.com

Facsimile:
+1 202 389 5200

June 2, 2020

**Via E-mail**

One LLP
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210

Re: *Sequoia Technology, LLC v. Dell, Inc. et al.*, C.A. No. 18-cv-01127-
LPS-CJB (D. Del.), and consolidated cases

Dear John and Deepali,

I write regarding Sequoia and ETRI's responses to Red Hat's interrogatories.
**Interrogatory No. 3** generally seeks information regarding any product "that embodies or that
you have contended embodies or practices (either currently or in the past) any claim of the Patent-
in-Suit."  **Interrogatory No. 4** generally seeks information regarding alleged damages.  Nowhere
in these interrogatories does Sequoia address SANtopia Volume Manager and Booyo Linux,
despite that Red Hat has brought up these embodiments several times in this litigation.  *See Arctic
Cat Inc. v. Bombardier Recreational Prod. Inc.,* 876 F.3d 1350, 1366 (Fed. Cir. 2017).

Although a further proffer by Red Hat is not necessary on this score, to advance the issue,
Red Hat provides the following summary.  ETRI distributed articles in the United States that (under
Sequoia's apparent interpretation of the '436 patent) embody claims of the '436 patent, including
at least claim 8.  On information and belief, these articles included the SANtopia Volume Manager
and the accused Linux Logical Volume Manager version 2 and later versions, which was included
as a component of various distributions of Linux from ETRI, including Booyo Linux.  It appears
that Sequoia failed to mark those articles with the number of the '436 patent (or otherwise comply
with the marking requirements of § 285 in any other manner, such as virtual marking).  "If a
patentee who makes, sells, offers for sale, or imports his patented articles has not 'given notice of
his right' by marking his articles pursuant to the marking statute, he is not entitled to damages
before the date of actual notice."  *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.,* 876 F.3d
1350, 1366 (Fed. Cir. 2017).  At the very least, ETRI and Sequoia have failed to meet their burden
of proving either that SANtopia Volume Manager and Booyo Linux were in fact marked, or were
not required to be marked:

[A]n alleged infringer who challenges the patentee's compliance with § 287 bears
an initial burden of production to articulate the products it believes are unmarked
"patented articles" subject to § 287. To be clear, this is a low bar. The alleged

# KIRKLAND & ELLIS LLP

Sequoia & ETRI
June 2, 2020
Page 2

> infringer need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent. The alleged infringer's burden is a burden of production, not one of persuasion or proof.... Once the alleged infringer meets its burden of production, however, the patentee bears the burden to prove the products identified do not practice the patented invention.

*Arctic Cat*, 876 F.3d at 1368.

SANtopia Volume Manager purportedly was a product that the named inventors developed at ETRI during their work that led to the application from which the '436 patent issued. SANtopia Volume Manager is described in two papers authored by the named inventors cited on the face of the patent, *SANtopia Volume Manager in SAN Environments* [hereinafter "*SANtopia Volume Manager*"], D.I. 113-6 (SEQUOIA000170-SEQUOIA000173), and *Volume Management in SAN Environment*, D.I. 113-7 (SEQUOIA000176-SEQUOIA000181). The disclosure of the two papers bears substantial similarities to that of the '436 patent, including many of the same figures. *Compare* the '436 patent at Fig. 2 *with* Fig. 2 in *SANtopia Volume Manager*, SEQUOIA000171 *and* Fig. 2 in *Volume Management in SAN Environment*, SEQUOIA000178. SANtopia Volume Manager is also cited in additional papers published by the named inventors, as well as other authors associated with ETRI. *See* C. Kim, et al., *Linux Cluster Volume Manager for SAN Environments*, Korea Inst. of Comm. Sci., 184-187 (Apr. 2001); C. Kim, et al., *Volume Management in SAN Environment*, *Proc. of the Eighth Int'l Conf. on Parallel and Distributed Sys.*, Inst. of Electrical and Electronics Eng'r (IEEE), (Jan. 2001); S. Kim, et al., *Metadata Management of SAN-Based Linux Cluster File System*, Korea Info. Processing Soc'y, 367-374 (Dec. 2001); K. Rim, *et al.*, *Design and Implementation of a Performance Monitoring and Configuration Management Tool for SANtopia*, Korea Society for Internet Information, 53-63 (Feb. 2003); G. Kim, *et al.*, *Design and Development of File System for Storage Area Networks*, Int'l Conf. on Computational Sci. and Its Applications, 812-824 (2005); C. Kim, *et al.*, C. Kim, *A Method for Enhancing the Snapshot Performance in SAN Volume Manager*, *The 6th Int'l Conf. on Advanced Comm. Techn.*, Inst. of Electrical and Electronics Eng'r (IEEE) (Feb. 2004). During the prosecution of the '436 patent, the examiner rejected the as-filed claims as anticipated by *SANtopia Volume Manager*; that is, the examiner determined that the SANtopia system disclosed in these patents embodied each and every element of the claims under consideration (including all elements of what would become the asserted claims). *See* SEQUOIA000252-SEQUOIA000254. The patentee did not contest the examiner's finding, but instead argued successfully that the papers were not available as prior art. *See* SEQUOIA000276-SEQUOIA000277. Accordingly, the patentee conceded that SANtopia embodies the '436 patent, and moreover that the patentee is barred through the doctrine of prosecution history estoppel from arguing that the papers do not disclose an embodiment of the '436 patent.

# KIRKLAND & ELLIS LLP

Sequoia & ETRI
June 2, 2020
Page 3

The aforementioned papers regarding the SANtopia Volume Manager (both those cited on the face of the patent, and other published subsequently) indicate that ETRI distributed the SANtopia Volume Manager to the general public, such as to other researchers in the field of computer science.  On information and belief, computer-readable recording media containing the instructions of the SANtopia Volume Manager were distributed in, made in, or imported to the United States, including after the issue date of the '436 patent on April 6, 2004, and any such media was not marked with the number of the '436 patent.  Because such computer-readable recording media containing the SANtopia Volume Manager embodied claim 8 of the '436 patent (under Sequoia's interpretation of that claim), and was an unmarked article distributed in the United States, ETRI and Sequoia are barred from pre-suit damages.

Another omission from Sequoia's responses to these interrogatories is Booyo Linux, which is a Linux distribution that was developed and distributed by ETRI starting in 2004.  In the free and open source software community, a "distribution" of Linux refers to a specific collection of the free and open source Linux kernel (which is the core of the operating system, but which is not readily usable by an end user) together with other free and open source software packages, such as user interfaces, installation programs, and application software, that form a complete system that may be installed and used by an end user.  Because of the permissive copyright licenses under which open source software is distributed, organizations may copy an existing Linux distribution (referred to as the "upstream distribution"), modify it, and then redistribute their modified Linux distribution (referred to as the "downstream distribution").  Relevant here, Booyo Linux is based on (*i.e.*, is a downstream distribution of) the freely available Fedora distribution, which is sponsored by Red Hat.  D.I. 130, Ex. 10 ("BOOYO is a localized version of the Fedora project promoted by Red Hat....").  When ETRI built Booyo Linux, it copied software packages from Fedora into its own software.  Fedora contains the "lvm2" software package, which is the same Logical Volume Manager version 2 and later that Sequoia and ETRI now accuse of embodying and thus infringing the '436 patent.  *See* https://docs.fedoraproject.org/en-US/Fedora/14/html/ Storage_Administration_Guide/ch-lvm.html.  On information and belief, Booyo Linux contained the lvm2 package, and therefore was an embodiment of the '436 patent.  D.I. 130-9 ('BOOYO' is "[t]he Linux operating system (OS) based on the Korean standard Linux platform"); D.I. 130-8 ("The domestic companies and KIPA and ETRI collaborated to develop the domestic standard first, and developed BOOYO, a standard open SW computing environment that meets the standard and does not degrade performance and functions compared to foreign products."); TTAS.KO-05.0037 (RH-SEQ-00305735 to RH-SEQ-00305799) and TTAS.KO-05.0038 (RH-SEQ-00305800 to RH-SEQ-00305864) (and later versions); B. An, *et al.*, *Booyo: The Art of Open-Source Based Linux Operating System*, The Korea Inst. of Info. Scientists and Eng'r, 34-41 (Jun. 2006).  ETRI additionally licensed and encouraged other Korea-based software developers (including WOWLINUX and IGETLINUX) to develop and distribute their own downstream distributions based on Booyo (such as "e-bazy" and "dicco") https://m.etnews.com/200507030043.  On information and belief, these distributions also included the lvm2 package and were embodiments of the '436 patent.

# KIRKLAND & ELLIS LLP

Sequoia & ETRI
June 2, 2020
Page 4

ETRI (and its licensees, including WOWLINUX and IGETLINUX) distributed Booyo and Booyo-based distributions to the general public.  D.I. 130-9.  Although intended for Korean-speaking users, distribution of Booyo and Booyo-based distributions were by no means limited to Korea, and on information and belief, computer-readable recording media containing the instructions of the Booyo-based distributions (including the accused lvm2 package) were distributed in, made in, or imported to the United States, including after the issue date of the '436 patent on April 6, 2004.  On information and belief, such media was not marked with the number of the '436 patent.  Because such computer-readable recording media embodied claim 8 of the '436 patent (under Sequoia's interpretation of that claim), and was an unmarked article distributed in the United States, ETRI and Sequoia are barred from pre-suit damages, even if distribution ceased at some point subsequent to the issue date of the '436 patent.

Discovery in this case is ongoing, and Red Hat continues to seek discovery regarding these issues.  In particular, ETRI and Sequoia have currently failed to provide any meaningful discovery directed to SANtopia and Booyo Linux, and have refused to respond to discovery regarding embodiments of the '436 patent, despite that such discovery is uniquely within ETRI and Sequoia's custody and control.  Sequoia's and ETRI's failure to address this issue means that Sequoia has no legitimate basis to seek discovery regarding pre-suit damages.

Sequoia's response to Interrogatory No. 4 is further deficient in that it fails to provide any actual analysis of facts pertinent to damages.  Sequoia has obtained discovery relating to damages but not included any of it in its interrogatory response, such as Red Hat's sales information.  If Sequoia continues to fail to articulate its damages theory based on the facts of this case, then Sequoia may not continue to burden Red Hat and the Customer Defendants with discovery requests having no clear connection to relevant damages discovery.  For instance, Sequoia is currently seeking discovery from HPE, a Customer Defendant, and claiming that it relates to damages but providing no basis for the discovery, as we discussed in the May 12, 2020 Meet and Confer.  Sequoia's response also fails to identify "the persons most knowledgeable about the factual bases for your contentions."  Please immediately supplement your responses to address the full scope of these interrogatories.  Please also produce copies of all versions of Booyo and SANtopia, and all documents in ETRI's possession concerning Booyo or SANtopia.

**Interrogatory No. 5** seeks information "relating to conception and reduction to practice" of the '436 patent, including the "priority date for which you contend for each claim, the dates and locations of conception and reduction to practice, both actual and constructive, and any alleged diligence from conception to reduction to practice."  Sequoia's response consists solely of a citation to 238 pages of documents, mostly in Korean, and Sequoia provides no accompanying explanation.  *See* SEQUOIA005511-005749.  Sequoia fails to allege any priority dates earlier than the patent filing.  If Sequoia subsequently alleges a priority date earlier or later than the filing of the patent application that led to the '436 patent, that tardy allegation will severely prejudice Red Hat at least on account of the need for Red Hat to identify prior art.  Sequoia's response also fails

**KIRKLAND & ELLIS LLP**

Sequoia & ETRI
June 2, 2020
Page 5

to identify "the persons most knowledgeable" about the facts related to the interrogatory, and their respective roles. Please immediately supplement your response to address these deficiencies and the full scope of the interrogatory, including your contentions as to the priority date of each asserted claim, and a claim chart that identifies, on an element-by-element basis, the evidence on which you intend to rely to establish that priority date.

**Interrogatory No. 6** generally seeks information related to "any offer, discussion, negotiation, or agreement to license (in part or in whole), sell, covenant not to sue, or grant other rights in the Patent-in-Suit or related technology, or any other licensing activity for the Patent-in-Suit or related technology." Sequoia's response consists solely of a citation to 28 pages (SEQUOIA005750-SEQUOIA005778), half of which are the '436 patent, most of the rest are claim charts, and the remaining is a 1.5 page cease and desist letter. Sequoia provides no explanation about the documents. Please confirm whether this letter is the only responsive event and non-privileged document, and immediately supplement your response to address the full scope of the interrogatory, including a narrative explanation and identification of knowledgeable people.

**Interrogatory No. 7** generally seeks information about the "ownership or other rights to the Patent-in-Suit." Sequoia's response cites, without explanation, to "SEQUOIA000001-000382," and otherwise simply notes that patent assignment records are available at the USPTO. This response is deficient and omits highly relevant information. For instance, Sequoia fails to explain "the circumstances and details of any agreements, licenses, or royalty-sharing programs including between Sequoia and ETRI," or identify knowledgeable people. Please immediately supplement your response to address the full scope of the interrogatory.

**Interrogatory No. 8** generally seeks information about "the current and former composition, ownership, and corporate structure of Sequoia and ETRI." Sequoia's response is limited to incorporating its "factual assertions regarding ownership from the Operative Complaint" and an unexplained citation to "SEQUOIA000001-SEQUOIA003798." As an initial matter, Sequoia has not filed a "Complaint" in the Red Hat action. In Sequoia's complaints of patent infringement against the Customer Defendants, Sequoia does not provide the information sought by this interrogatory. The unexplained citation to 3,798 pages also does not provide the information sought, and instead consists mostly of the patent and file history. Please immediately supplement your response to address the full scope of the interrogatory.

**Interrogatory No. 9** generally seeks Red Hat's validity contentions. Sequoia's response merely states that "Each claim of the '436 patent is presumed to be valid under 35 U.S.C. § 282, and each claim is presumed to be novel and non-obvious under 35 U.S.C. §§ 102 and 103." If Sequoia intends to only argue at trial the applicability of a presumption of validity under section 282, then Sequoia need say no more. If Sequoia intends to argue other grounds of validity, then please immediately supplement your response to address the interrogatory. Your supplement should include, without limitation, your contentions as to whether any prior art reference identified

# KIRKLAND & ELLIS LLP

Sequoia & ETRI
June 2, 2020
Page 6

in Red Hat's Invalidity Contentions are in fact not available as prior art, an identification of any element that you contend is not met by any identified prior art reference, and an identification of any objective indicia or secondary considerations of non-obviousness on which you intend to rely.

**Interrogatory No. 10:** Sequoia's response to this interrogatory relies on "its infringement contentions pursuant to paragraph 7(c)" and future undisclosed "expert opinions and testimony." This interrogatory, however, seeks information regarding the differences between Accused Operating Systems and operating systems in use before the priority date of the '436 patent—not simply Sequoia's infringement contentions— so, Sequoia's response is incomplete.  Please immediately supplement your response to address the full scope of the interrogatory.

**Interrogatory Nos. 11-16** seek information about the ownership, structure, products, business, and activities of Sequoia, ETRI, Intellectual Discovery, and related entities.  Sequoia's responses are either completely non-substantive or sparse at best.  The lack of meaningful responses from Sequoia demonstrates that it is attempting to take advantage of being an alter-ego for ETRI, who ostensibly has much of the information sought, and that ploy is not proper.  For example, in response to Interrogatory No. 12 which touches on the Booyo products discussed above, Sequoia claims that "Sequoia does not have any responsive information."  That is demonstrably false since Sequoia has access to ETRI's information when it sees fit, including in response to Interrogatory No. 5 where it cites to ETRI documents it produced.  Sequoia must immediately supplement its responses to address the full scope of the interrogatories.

Sequoia's responses to other interrogatories, including Interrogatory Nos. 1 and 2 are also deficient and will be addressed under separate cover.  ETRI's responses to all discovery requests are completely deficient, since ETRI has not provided any substantive responses whatsoever.  Per the Court's May 22, 2020 order, ETRI is subject to discovery and must supplement its responses immediately.  *See* May 26, 2020 Fjellstedt Letter to Sequoia and ETRI.

We request to meet and confer regarding Sequoia's and ETRI's deficient interrogatory responses, and propose June 4th at 5:00 pm eastern time.  If Sequoia and ETRI are willing to provide supplemental responses to the aforementioned interrogatories by June 9th, then we can table the meet and confer until after the supplemental responses.

Sincerely,

Anders P. Fjellstedt

# EXHIBIT S

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEQUOIA TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DELL INC., DELL TECHNOLOGIES INC. and its subsidiary EMC CORPORATION (AKA DELL EMC), <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    C.A. No. 18-1127 (LPS) (CJB) <br>    (CONSOLIDATED) |
| RED HAT, INC. <br><br> Plaintiff, <br><br> v. <br><br> SEQUOIA TECHNOLOGY, LLC and ELECTRONICS AND TELECOMMUNICATIONS RESEARCH INSTITUTE, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )    C.A. No. 18-2027 (LPS) (CJB) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF RED HAT, INC.'S OBJECTIONS AND RESPONSES
TO SEQUOIA'S SECOND SET OF COMMON INTERROGATORIES (NOS. 14-23)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff and Counterclaim Defendant Red Hat, Inc. ("Red Hat") hereby submits its responses and objections to Sequoia Technology, LLC's ("Sequoia") Second Set of Common Interrogatories (Nos. 14-23). Red Hat's investigation in this matter is continuing, and Red Hat reserves the right to supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## GENERAL OBJECTIONS

Red Hat makes the following general objections to Sequoia's Common Interrogatories, which apply to each interrogatory regardless of whether the general objections are specifically incorporated into any of the specific responses and objections.

1.      Red Hat incorporates by reference its objections to Sequoia's First Set of Interrogatories, Sequoia's First Set of Requests for Production, and Sequoia's First Notice of Rule 30(b)(6) Deposition as if fully set forth herein.

2.      Red Hat objects to each interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, and/or any other applicable privilege, immunity, doctrine, or protection, including without limitation in connection with the common interest doctrine (collectively, as used herein, "privileged").  Nothing contained in these objections and responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine, including in connection with the common interest doctrine.  Red Hat does not intend to produce documents or responses that would divulge any privileged information.  Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

3.      Red Hat objects to each interrogatory to the extent it seeks to impose upon Red Hat duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this Court, or any stipulation or agreement of the parties.

4.      Red Hat objects to Sequoia's definitions and instructions to the extent they seek to impose upon Red Hat duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of

2

this Court, or any stipulation or agreement of the parties.  Red Hat further objects to Sequoia's definitions and instructions to the extent they purport to alter the plain meaning and/or scope of any specific interrogatory, on the ground that such alteration renders the request vague, ambiguous, overbroad, and uncertain.  Red Hat's responses to such interrogatories shall not be construed as an admission, agreement or acquiescence in such a definition.  To the extent Red Hat uses a word defined by Sequoia in its responses to Sequoia's interrogatories, Red Hat uses the word according to the ordinary meaning of the word and consistent with the objections set forth herein.

5.     Red Hat objects to the definitions of "Plaintiffs" and "You" to the extent that the definitions are overly broad and purport to require Red Hat to provide information that is not within the possession, custody, or control of Red Hat. Red Hat objects to each of these definitions as overbroad, unduly burdensome, legally incorrect, and irrelevant to the extent it purports to include within its scope all employees or other agents of Red Hat. Red Hat responds only on its own behalf.

6.     Red Hat objects to Sequoia's definition of "Accused Product, System and/or Service" as being vague, ambiguous, overbroad, and unduly burdensome, and calling for information not relevant to any issue in this case or not proportional to the needs of the case.

7.     Red Hat objects to Sequoia's definition of "Accused Functionality" as being vague, ambiguous, overbroad, and unduly burdensome, and calling for information not relevant to any issue in this case or not proportional to the needs of the case.

8.     Red Hat objects to each interrogatory to the extent it seeks information, documents, and things not in the possession, custody, or control of Red Hat.

9.      Red Hat objects to each interrogatory to the extent it seeks discovery not in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this Court, or any stipulation or agreement of the parties, or any Protective Order entered in this case.

10.     Red Hat objects to each interrogatory to the extent it calls for confidential and/or proprietary documents or information of any individual or entity that is not a party to this action.

11.     Red Hat objects to each interrogatory to the extent that it seeks information that is subject to existing or continuing confidentiality agreements or obligations with third parties that Red Hat is not permitted to disclose or information that would be illegal for Red Hat to disclose pursuant to any applicable laws.

12.     Red Hat objects to each interrogatory to the extent it is unduly burdensome, overbroad, or calls for information not relevant to any issue in this case or not proportional to the needs of the case. Red Hat's production of any information or responses to these interrogatories shall not be an admission of the relevance of any such information.

13.     Red Hat objects to each interrogatory to the extent that it might be interpreted as requiring Red Hat to concede the relevance, materiality, authenticity, privilege, or admissibility of documents and information sought by the interrogatory, or otherwise concede Red Hat's right to object to the use of any of Red Hat's responses or documents in this or any other proceeding.

14.     Red Hat objects to each interrogatory to the extent it seeks information unrelated to the relevant temporal or geographic limits of this matter.

15.   Red Hat objects to each interrogatory to the extent that it is premature at this stage of litigation.

16.   Red Hat objects to each interrogatory to the extent it seeks information already known to Sequoia or available to Sequoia in its own files, from public sources, or is at least as readily available to Sequoia as it is to Red Hat.

17.   Red Hat objects to each interrogatory to the extent it is vague, ambiguous, confusing, fails to adequately define terms or fails to describe the documents or information sought with reasonable particularity.  Subject to and without waiver of its other objections, Red Hat will answer only to the extent that Red Hat understands the interrogatory.  Red Hat further objects to each interrogatory to the extent it purports to attribute any special or unusual meaning to any terms or phrases.

18.   Red Hat objects to each interrogatory to the extent it is cumulative or duplicative.

19.   Red Hat objects to each interrogatory to the extent it calls for legal conclusions, presents questions of pure law, or exceeds the permissible number of interrogatories, including all parts and subparts.

20.   Red Hat objects to each interrogatory to the extent it assumes disputed facts or legal conclusions in defining the information requested.  In responding to each interrogatory, Red Hat neither admits nor denies any such disputed facts or legal conclusions.

21.   Red Hat's enumeration of specific objections in response to Sequoia's interrogatories is not, and should not be construed to be, a waiver of objections not so specified.

22.   Red Hat reserves the right to supplement its responses to the interrogatories under Fed. R. Civ. P. 26(e).  Red Hat's discovery and investigation in connection with this case are continuing.  As a result, Red Hat's responses are limited to information obtained and

reviewed to date, and are given without prejudice to Red Hat's right to amend or supplement its responses after considering information obtained or reviewed through further discovery or investigation.

## SPECIFIC RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 14:

For each response to Sequoia's Requests for Admission Nos. 1 to 50 that is other than an unqualified admission or a statement that You do not have sufficient knowledge or information to either admit or deny, State the reason why You cannot admit, or the reason for any qualification.

### RESPONSE TO INTERROGATORY NO. 14:

Red Hat specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Red Hat objects to this request as vague and ambiguous, including with regard to the phrase "Sequoia's Requests for Admission Nos. 1 to 50 that is other than an unqualified admission or a statement" because Sequoia has only served 16 requests for admission to-date.  Red Hat understands the phrase "Sequoia's Requests for Admissions Nos. 1 to 50" to refer to "Sequoia's Admissions Nos. 1 to 16."  To the extent that any other understanding is intended, Red Hat objects to the request as being not relevant to any party's claims or defenses and not proportional to the needs of the case.  Red Hat further objects to this interrogatory as improper in seeking to avoid the limits on interrogatories.  Each interrogatory must be directed to a single request for admission.  Thus, this interrogatory has 16 independent subparts at present, each of which counts as a separate interrogatory towards the total number of interrogatories Sequoia may serve in this case, and therefore exceed Sequoia's limit under the Scheduling Order.

Subject to and without waiving its general and specific objections, Red Hat responds as follows:

6

Red Hat is willing to meet and confer regarding this interrogatory.

**INTERROGATORY NO. 15:**

Identify when You contend the damages period begins in this action, and State the factual basis for your contention and identify all fact witnesses who are knowledgeable about the bases.

**RESPONSE TO INTERROGATORY NO. 15:**

Red Hat specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Red Hat objects to this interrogatory to the extent it is premature as fact discovery is ongoing and Sequoia has not yet identified its contentions for damages, on which issue Sequoia bears the burden of proof.  Red Hat objects to this interrogatory to the extent it requires expert opinion.  Red Hat objects to this interrogatory to the extent it assumes liability and purports to put the burden of proof for damages on Red Hat.  Red Hat objects to this interrogatory as overly broad, unduly burdensome, and not reasonable calculated to the discovery of admissible evidence to the extent it calls for "all fact witnesses who are knowledgeable about the bases."  Red Hat objects to this interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving its general and specific objections, Red Hat responds as follows:

Red Hat incorporates by reference its response to Interrogatory No. 18.

Red Hat denies that any damages are owed in this case or any liability exists.  Based on Red Hat's investigation to date, Red Hat contends any alleged damages period begins on August 23, 2019, when Sequoia filed its Counterclaims to Red Hat's Complaint for Declaratory Judgment in Case No. 18-cv-2027 (D. Del).  Sequoia cannot obtain damages from Red Hat for alleged infringement arising prior to Sequoia's filing of its counterclaim of infringement against

Red Hat, at least because ETRI provided no actual or constructive notice.  Notice is required because a licensed product that practices the patent, Booyo Linux, was distributed in the United States by ETRI.  ETRI failed to comply with 35 U.S.C. §287(a) by internationally distributing Booyo Linux, an unmarked patented article, including in the U.S.  *See WiAV Solutions LLC v. Motorola, Inc.*, 2010 WL 3199706, *7 (E.D. Va. 2010).

The marking requirement applies to "[p]atentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States"  35 U.S.C. §287(a).  "In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.  Filing of an action for infringement shall constitute such notice."  *Id.*  Having failed to provide constructive notice to Red Hat through marking, Sequoia is not entitled to damages prior to Sequoia providing actual notice to Red Hat of its allegations of infringement.  Sequoia did not provide pre-suit notice of its infringement allegations to Red Hat.  *See* Yang Dep. 179:11-16, July 16, 2020.  Accordingly, the first actual notice received by Red Hat was the service of Sequoia's counterclaims alleging infringement on August 23, 2019.

Booyo Linux is a "patented article" under Sequoia's interpretation of the '436 patent, because Booyo Linux contains the accused LVM package from Fedora.  *See* D.I. No. 165-1, Ex. 3 at RH-SEQ-0087577–RH-SEQ-00875778 (Booyo Server Release Notes noting LVM2, "The full set of LVM2 commands is now installed … The following packages have been added to Booyo Server 1.0 ... lvm2 -- Logical Volume Management (LVM) tools"); RH-SEQ-00875719–RH-SEQ-00875840 (Booyo Linux code package).

ETRI made Booyo Linux available via the Internet so that customers could access and download Booyo Linux globally, including in the U.S.  D.I. No. 165-1, Ex. 4 at RH-SEQ-00875761,  RH-SEQ-00875759–RH-SEQ-00875761;  RH-SEQ-00875720–RH-SEQ-00875721 (end user license agreement for Booyo Linux is "governed by the laws of the State of North Carolina and of the United States" and subject to the export control laws of the United States); ETRI001068 (same); D.I. No. 169 Declaration of Courtney Caldwell (testifying that he downloaded and used Booyo Linux in the U.S. in and around 2006-2007).

Discovery in this case is ongoing, and Red Hat explicitly reserves the right to supplement or amend its response to this interrogatory as discovery and Red Hat's investigation in this case proceeds.

**INTERROGATORY NO. 16:**

State the legal, factual, and evidentiary bases for Your pleading of Your Eighth Affirmative Defense (that "Sequoia's Counterclaim is barred or its claim for recovery is limited under the doctrines of waiver, estoppel, acquiescence, and/or other applicable equitable defenses"), including the identity of all fact witnesses who are knowledgeable about the bases."

**RESPONSE TO INTERROGATORY NO. 16:**

Red Hat specifically incorporates its general objections herein as if fully set forth in response to this interrogatory.  Red Hat objects to this interrogatory to the extent it is premature as fact discovery is ongoing.  Red Hat objects to this interrogatory to the extent it requires expert opinion.  Red Hat objects to this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for "the legal, factual, and evidentiary bases for Your pleading of Your Eighth Affirmative Defense …including the identity of all fact witnesses who are knowledgeable about the bases."  Red Hat objects to this interrogatory to the extent it seeks information protected from discovery by the

In accordance with Fed. R. Civ. P. 33(d), Red Hat identifies documents produced at the following Bates numbers as responsive to this Interrogatory: RH-SEQ-00875719–RH-SEQ-00875840 (Booyo Linux code package); D.I. 131, Ex. 8-10, 21 to Red Hat's Opposition to ETRI's Motion for Protective Order; Case No. 18-1127 (D. Del), D.I. 169 Declaration of Courtney Caldwell.

Discovery in this case is ongoing, and Red Hat explicitly reserves the right to supplement or amend its response to this interrogatory as discovery and Red Hat's investigation in this case proceeds.

**INTERROGATORY NO. 18:**

To the extent You contend that Sequoia and/or ETRI has failed to comply with the requirements of 35 U.S.C. §287, State the legal, factual, and evidentiary bases for this contention, including the identity of all fact witnesses who are knowledgeable about the bases.

**RESPONSE TO INTERROGATORY NO. 18:**

Red Hat specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. Red Hat objects to this interrogatory to the extent it is premature as fact discovery is ongoing. Red Hat objects to this interrogatory to the extent it requires expert opinion. Red Hat objects to this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for "the legal, factual, and evidentiary bases for this contention, including the identity of all fact witnesses who are knowledgeable about the bases." Red Hat objects to this interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Red Hat objects to this request to the extent it is duplicative of other requests.

Subject to and without waiving its general and specific objections, Red Hat responds as follows:

13

Red Hat incorporates by reference its response to Interrogatory No. 15.

Under Sequoia's interpretation of the '436 patent, any failure to mark Booyo Linux with the '436 Patent pursuant to 35 U.S.C. § 287 would eliminate pre-suit damages.

In accordance with Fed. R. Civ. P. 33(d), Red Hat identifies documents produced at the following Bates numbers as responsive to this Interrogatory: RH-SEQ-00875719–RH-SEQ-00875840 (Booyo Linux code package); Case No. 18-1127 (D. Del), D.I. 131, Ex. 8-10 to Red Hat's Opposition to ETRI's Motion for Protective Order; Case No. 18-1127 (D. Del), D.I. 169 Declaration of Courtney Caldwell.

Discovery in this case is ongoing, and Red Hat explicitly reserves the right to supplement or amend its response to this interrogatory as discovery and Red Hat's investigation in this case proceeds.

**INTERROGATORY NO. 19:**

After Your first awareness of the Patent-In-Suit, State all facts and information regarding Your efforts, if any, to design around the Patent-In-Suit, whether or not such efforts were ever completed, including but not limited to, any proposed or completed design changes, source code changes, revisions, updates or any other amendments or changes to any existing or proposed products by You.

**RESPONSE TO INTERROGATORY NO. 19:**

Red Hat specifically incorporates its general objections herein as if fully set forth in response to this interrogatory. Red Hat objects to this request as vague and ambiguous, including with regard to the phrase "awareness." Red Hat objects to this interrogatory to the extent that it is overly broad and unduly burdensome, in regards to "all facts and information." Red Hat objects to this interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Red Hat objects to this request to the extent it is duplicative of other requests. Red Hat further objects to this interrogatory to the extent it seeks information that is publicly

14

# EXHIBITS T-V
# REDACTED IN THEIR ENTIRETY

# EXHIBIT W

| From: | Deepali A. Brahmbhatt |
|---|---|
| To: | Fjellstedt, Anders P. |
| Cc: | John Lord; Nate Lichtenberger; Nate Dilger; sbrauerman; #Kirkland_Service_Sequoia; Egan, Brian P.; *JBlumenfeld@MNAT.com |
| Subject: | RE: Sequoia -- Mr. Kim Deposition |
| Date: | Thursday, July 30, 2020 4:40:27 PM |
| Attachments: | RE Sequoia Meet and Confer - Red Hat Consolidation updated CMC Statement.msg<br>RE Sequoia Meet and Confer - Red Hat Consolidation updated CMC Statement.msg<br>RE Red Hat v. Sequoia deposition scheduling.msg |



Anders:

Your email does not address our prior arguments on this issue regarding the length of the inventor depositions.  We are repeating what we have said earlier.  Regarding the length of the deposition, please note that the Scheduling Order states that "No single deposition of any one witness can exceed two consecutive business days, except by mutual agreement." Red Hat has argued that the preceding sentence regarding translations doubles the length to four days. That is not consistent with the parties negotiations. During the parties negotiations, the parties directly addressed this issue and confirmed that the doubling for translated depositions related to the hourly limits set forth in the paragraph, not to the consecutive day limit. The attached emails confirm this. As shown in the attached emails, Defendants and Red Hat proposed a red line edit to this sentence to state "with the exception of a translated inventor deposition." Red Hat's counsel then stated on Sept. 18 at 12:45 that "In paragraph 8(e), we removed our proposal that translated inventor depositions could extend past two consecutive business days." This edit confirms that Defendants and Red Hat did not intend for the consecutive day limit to apply for all translated depositions, or else there would be no need to exempt a translated inventor deposition.  Red Hat is now trying to back away from its prior position.

We cannot offer Mr. Kim for more than two consecutive days (and as mentioned earlier we do not believe there is any such need given the single patent and four asserted claims at issue).  We can offer Mr. Kim on Aug. 31 starting at 8 am Korean time.  The witness has expressed the comfort level of starting only at 9 am Korean time, but we convinced him to start at 8am Korean time.  He does not feel comfortable starting earlier.  Thus, we have offered this concession for an 8am start time.

Best regards,
Deepali


Deepali Brahmbhatt
Partner - Intellectual Property & Privacy,
One LLP,
Palo Alto, CA 94303.
(650) 600-1298
dbrahmbhatt@onellp.com
http://onellp.com/attorney/deepali-brahmbhatt/
www.linkedin.com/in/deepali-brahmbhatt-88b367

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission

and delete the message without copying or disclosing it.

---

**From:** Fjellstedt, Anders P. <afjellstedt@kirkland.com>
**Sent:** Tuesday, July 28, 2020 6:26 AM
**To:** Deepali A. Brahmbhatt <dbrahmbhatt@onellp.com>
**Cc:** John Lord <jlord@onellp.com>; Nate Lichtenberger <nlichtenberger@onellp.com>; Nate Dilger <ndilger@onellp.com>; sbrauerman <sbrauerman@bayardlaw.com>; #Kirkland_Service_Sequoia <Kirkland_Service_Sequoia@kirkland.com>; Egan, Brian P. <began@mnat.com>; *JBlumenfeld@MNAT.com <JBlumenfeld@MNAT.com>
**Subject:** RE: Sequoia -- Mr. Kim Deposition

Deepali,

We ask again for you and Sequoia to conduct depositions according to the Federal Rules, the Local Rules, and the Scheduling Order, and to accept reasonable proposals regarding the timing for depositions in this case, which often span half the globe.  There is no valid reason for Sequoia to fight these issues, and it ultimately wastes the parties' time and resources.  Sequoia unilaterally concluded the deposition of Mr. Yang and Sequoia far short of the allotted time, and now Sequoia is attempting to abridge Mr. Chang-Soo Kim's deposition before it even starts -- thus further demonstrating a pattern of withholding discovery from Red Hat that we may soon need to bring to the Court's attention.  Your email below simply ignores the plain language of the Scheduling Order.

Your position that Sequoia will withhold Mr. Kim's deposition unless Red Hat agrees to a limited duration deposition (in contravention of the Scheduling Order) is unreasonable.  Indeed, such a position unnecessarily forces disputes to the Court prematurely.  It makes much more sense for Sequoia to allow Red Hat to question Mr. Kim for the duration that Sequoia allows, and you apparently believe that "7 hours (14 hours translated) more than suffices," despite that the Scheduling Order prescribes more.  After questioning Mr. Kim for the time allowed by Sequoia, Red Hat could reserve the right to seek the Court's relief to obtain the balance of time as allotted by the Scheduling Order (up to another 7 hours, then doubled for translation).  As I'm sure you'd agree, at that point the parties would have a better sense as to whether a dispute remains.  As for the timing, we again request to start on August 31 (Korean) at a compromise time such as 7:00 am Korean / 6:00 pm ET, or at 7:00 pm Korean / 6:00 am ET, and last for approximately 5 hours of record time each session, until Sequoia imposes its unilateral limit (of 14 hours total due to translation).  Please let us know immediately if Sequoia agrees.

Finally, your accusations about Red Hat's questioning of Mr. Yang are wrong and not helpful to this discussion.  The transcript speaks for itself and demonstrates that the questioning of Mr. Yang was proper.

Best regards,

**Anders P. Fjellstedt**
--------------------------------------------------------
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004

**T** +1 202 389 5985  **M** +1 703 350 6473
**F** +1 202 389 5200

---------------------------------------------------------------

anders.fjellstedt@kirkland.com

**From:** Deepali A. Brahmbhatt <dbrahmbhatt@onellp.com>
**Sent:** Sunday, July 19, 2020 11:04 PM
**To:** Fjellstedt, Anders P. <afjellstedt@kirkland.com>
**Cc:** John Lord <jlord@onellp.com>; Nate Lichtenberger <nlichtenberger@onellp.com>; Nate Dilger <ndilger@onellp.com>; sbrauerman <sbrauerman@bayardlaw.com>; #Kirkland_Service_Sequoia <Kirkland_Service_Sequoia@kirkland.com>; Egan, Brian P. <began@mnat.com>; *JBlumenfeld@MNAT.com <JBlumenfeld@MNAT.com>
**Subject:** Re: Sequoia -- Mr. Kim Deposition


Anders:

This case involves a single patent with 4 asserted claims. 7 hours (14 hours translated) more than suffices. We saw from Mr. Yang's deposition that Red Hat uses its deposition time improperly and inefficiently -- repeatedly asking the same question over and over again in an attempt to intimidate the deponent.  The parties also agreed that no deposition will last two days, and Red Hat specifically asked to exclude inventor depositions to allow it to last 14 hours, but removed that restriction when arguing to the Court. And as explained in FN2, there is only one Defendant Group asking the questions, and so there is no need for additional time to allow other Defendants to question the witness. We will not proceed unless there is agreement that the deposition will not last 7 hours /14 translated hours.

Subject to agreement as to the duration, we confirm August 31st (Korea time) for Dr. Kim's deposition.

On Jul 17, 2020, at 10:28 AM, Fjellstedt, Anders P. <afjellstedt@kirkland.com> wrote:


Deepali,

Regarding Mr. Chang Soo Kim's deposition, we agree to start on August 31.  Per the Scheduling Order, we are allowed 14 hours of testimony on the record, and that is doubled since you request that it be translated.  Regarding the start time of the deposition, your request to start at 9:00 am Korean time ignores all of Red Hat's consistent attempts to compromise and distribute the time-zone inconvenience over all the parties.  I.e., we've previously proposed timing that would require one party to get up a few hours early (Sequoia) and other to stay up a few hours late (Red Hat), and the accommodation was balanced.  To make that even more convenient for the parties and come closer to your proposed time, we could start Mr. Kim's deposition at 8:00 am Korean time and break it into sessions of roughly 5 hours each.  The days need not be sequential, and presently we could accommodate each of the days you proposed.

I also note that your continued insistence that "At no time did Red Hat respond as to whether August 10, 11, or 12 works. Still today, Red Hat has not responded." is plainly contrary to fact.  In my June 28th email I directly responded -- accepting Mr. Kim's deposition to start on August 12th and

requesting a specific start time: "We would then agree to take his deposition starting at 4:00 am on August 12th Korean time (and we note that it may extend to the subsequent days, likely due to translation)."  You, however, did not respond regarding Mr. Kim's deposition until, weeks later, you unilaterally canceled the deposition.  I note your misrepresentation because it has already prejudiced Red Hat.

Best regards,

**Anders P. Fjellstedt**

‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
**T** +1 202 389 5985  **M** +1 703 350 6473
**F** +1 202 389 5200
‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑

anders.fjellstedt@kirkland.com


**From:** Deepali A. Brahmbhatt <dbrahmbhatt@onellp.com>
**Sent:** Thursday, July 16, 2020 2:17 PM
**To:** Fjellstedt, Anders P. <afjellstedt@kirkland.com>
**Cc:** John Lord <jlord@onellp.com>; #Kirkland_Service_Sequoia <Kirkland_Service_Sequoia@kirkland.com>; Nate Lichtenberger <nlichtenberger@onellp.com>; Nate Dilger <ndilger@onellp.com>; sbrauerman <sbrauerman@bayardlaw.com>; Egan, Brian P. <began@MNAT.com>; *JBlumenfeld@MNAT.com <JBlumenfeld@MNAT.com>
**Subject:** Re: Sequoia -- Mr. Kim Deposition

Anders,

Your email confirms our point. At no time did Red Hat respond as to whether August 10, 11, or 12 works. Still today, Red Hat has not responded.  In any event, as we indicated those days no longer work. Sequoia can offer Mr. Kim for deposition on Sept. 1, 2, or 3 (local Korea time) to take place by video. You requested days in August, and we can confirm that Aug. 31 can also work.

We note that Sequoia has been more than reasonable in scheduling deposition dates.  For example, Red Hat served its first depo notice on May 26, 2020, and Sequoia promptly produced its witness on July 14-16  in response to this notice. Similarly, Red Hat served its depo notice for Mr. Kim on May 12, 2020, and Sequoia offered August 10, 11, or 12, and now without hearing back form Red Hat has offered dates three weeks later.  This stands in stark contrast to Red Hat, who has delayed producing a witness.  Sequoia first served its depo notice on January 22, 2020, and after months of asking for dates, Red Hat produced Mr. McGrath on June 19, 2020, and then for only one topic.  Red Hat still has not produced witnesses for many of the topics from this January notice. Please advise as soon as possible whether one day from Aug. 31-Sept. 3 work for you.  The deposition will require a translator and the inventor has indicated that the earliest start time can be 9 am local Korea time.

Best regards,
Deepali

**From:** Fjellstedt, Anders P. <afjellstedt@kirkland.com>
**Sent:** Tuesday, July 14, 2020 1:34 PM
**To:** Deepali A. Brahmbhatt <dbrahmbhatt@onellp.com>; John Lord <jlord@onellp.com>
**Cc:** #Kirkland_Service_Sequoia <Kirkland_Service_Sequoia@kirkland.com>; Nate Lichtenberger <nlichtenberger@onellp.com>; Nate Dilger <ndilger@onellp.com>; sbrauerman <sbrauerman@bayardlaw.com>; *JBlumenfeld@MNAT.com <JBlumenfeld@MNAT.com>; Egan, Brian P. <began@MNAT.com>
**Subject:** RE: Sequoia -- Mr. Kim Deposition

Deepali,

Your allegation that "Red Hat did not respond" to your June 26th email regarding Mr. Kim's deposition is incorrect.  I responded on June 28th, and we have been waiting for you to confirm at what time of day Mr. Kim could be available on the days you proposed.  Therefore, your unilateral attempt to reschedule Mr. Kim's deposition and blame us for it is improper.  Specifically, you ignore the email thread on which we discussed Mr. Kim's deposition and exchanged over a dozen emails regarding the scheduling of various depositions (titled "Red Hat v. Sequoia: deposition scheduling").  In a July 7th email where we were discussing Mr. Kim's and Mr. Yang's deposition, I proposed:

> "another compromise -- the parties could agree to continue each deposition over several days as needed.  That way the (Red Hat) attorney on eastern time can adjourn a deposition at a manageable time (e.g., 11pm, midnight, or later if the attorney is up for going later into the night).  This would mean that a deposition may go for only a few hours each day, given the start times you mention in your email.  Please confirm whether this works for you and the witnesses.  This arrangement could also provide the flexibility of conducting blocks of the depositions in the morning eastern time which would be the evening Korean time.  Please also confirm Mr. Kim's start time, whether Messrs. Yang and Kim require translation services (which would also affect the duration of the depositions), and that Mr. Yang as Sequoia's 30(b)(6) witness will be prepared to testify to topics 1-3, 5, 9-12, 14-17, 19, 21, 24-32, 34, 35, 40-50."

You later responded for Mr. Yang's timing and that both witnesses would require translation, but we have been awaiting your response on Mr. Kim's timing.  (correspondence attached for your convenience).  In view of the full record of correspondence regarding Mr. Kim's deposition, please confirm he is available for deposition on the same or other dates in August, and provide us the proposed start time we requested a week ago.

Best regards,

**Anders P. Fjellstedt**

-------------------------------------------------
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
**T** +1 202 389 5985   **M** +1 703 350 6473
**F** +1 202 389 5200
-------------------------------------------------

anders.fjellstedt@kirkland.com

**From:** Deepali A. Brahmbhatt <dbrahmbhatt@onellp.com>
**Sent:** Tuesday, July 14, 2020 1:00 PM
**To:** John Lord <jlord@onellp.com>; Fjellstedt, Anders P. <afjellstedt@kirkland.com>; DeCoro, Christopher <christopher.decoro@kirkland.com>
**Cc:** #Kirkland_Service_Sequoia <Kirkland_Service_Sequoia@kirkland.com>; Nate Lichtenberger <nlichtenberger@onellp.com>; Nate Dilger <ndilger@onellp.com>; sbrauerman <sbrauerman@bayardlaw.com>; *JBlumenfeld@MNAT.com <JBlumenfeld@MNAT.com>
**Subject:** RE: Sequoia -- Mr. Kim Deposition

On June 26, 2020, Sequoia offered dates for Mr. Kim's deposition and asked that Red Hat advise us which days it prefers. Red Hat did not respond.  Those days are now not available.  Sequoia can offer Mr. Kim for deposition on Sept. 1, 2, or 3 (local Korea time) to take place by video.  Please let us know if one of these days work for you.

Deepali Brahmbhatt
Partner - Intellectual Property & Privacy,
One LLP,
Palo Alto, CA 94303.
(650) 600-1298
dbrahmbhatt@onellp.com
http://onellp.com/attorney/deepali-brahmbhatt/
www.linkedin.com/in/deepali-brahmbhatt-88b367

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** John Lord <jlord@onellp.com>
**Sent:** Friday, June 26, 2020 7:56 AM
**To:** Anders Søborg Olsen - Patrade <aso@patrade.dk>; DeCoro, Christopher <christopher.decoro@kirkland.com>
**Cc:** #Kirkland_Service_Sequoia <Kirkland_Service_Sequoia@kirkland.com>; Deepali A. Brahmbhatt <dbrahmbhatt@onellp.com>; Nate Lichtenberger <nlichtenberger@onellp.com>; Nate Dilger <ndilger@onellp.com>; sbrauerman <sbrauerman@bayardlaw.com>; Blumenfeld, Jack <JBlumenfeld@MNAT.com>
**Subject:** Sequoia -- Mr. Kim Deposition

Counsel,

In response to the 30(b)(1) deposition notice for Mr. Chang-Soo Kim, he can be available for deposition on August 10, 11, or 12, during local Korean business hours.  Given the pandemic and mandatory 14 day quarantine in South Korea, the deposition will proceed by video, unless circumstances change.  Please confirm that one of these days work for you.

Regards,

John

--
John E. Lord
**One LLP**
9301 Wilshire Blvd., PH
Beverly Hills, CA  90210
310-954-9497
jlord@onellp.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.