IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEQUOIA TECHNOLOGY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1127 (LPS) (CJB) |
| | ) | (CONSOLIDATED) |
| DELL INC., DELL TECHNOLOGIES INC. and its subsidiary EMC CORPORATION (AKA DELL EMC), | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| RED HAT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-2027 (LPS) (CJB) |
| | ) | |
| SEQUOIA TECHNOLOGY, LLC and ELECTRONICS AND TELECOMMUNICATIONS RESEARCH INSTITUTE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER GRANTING JOINT MOTION FOR ENTRY OF FINAL
<u>JUDGMENT</u>**

Whereas, Sequoia Technology, LLC ("Sequoia") filed complaints for infringement of U.S. Patent No. 6,718,436 ("the '436 Patent") against Dell Inc.; Dell Technologies Inc.; and its subsidiary EMC Corporation (a/k/a Dell EMC) (C.A. No. 18-1127); Hewlett Packard Enterprise Company (C.A. No. 18-1128); Hitachi Ltd. and Hitachi Vantara Corporation (C.A. No. 18-1129); and Super Micro Computer, Inc. (C.A. No. 18-1307) (collectively, the "Initial Defendants");

Whereas, Red Hat, Inc. ("Red Hat") filed a complaint for declaratory judgment against Sequoia and later amended the complaint to add the Electronics and Telecommunications Research Institute ("ETRI") as a defendant (C.A. No. 18-2027);

Whereas, Sequoia brought a counterclaim for infringement of the '436 Patent against Red Hat and Red Hat's parent company International Business Machines Corp. ("IBM") (Sequoia, ETRI, Red Hat, IBM, and the Initial Defendants are collectively the "Parties");

Whereas, the Court stayed the cases against the Initial Defendants and IBM pending resolution of C.A. No. 18-2027;

Whereas, Sequoia served its Asserted Claims and Preliminary Infringement Contentions, in which it identified the asserted Claims 1–3 and 8 of the '436 Patent ("the Asserted Claims") and identified the products of infringing these claims as Red Hat Enterprise Linux version 4 or later ("the Accused Products").

Whereas, on October 1, 2020, Magistrate Judge Burke issued a Report and Recommendation ("R&R," D.I. 231), recommending that this Court adopt certain claim constructions (the "Claim Constructions") for disputed terms in the '436 Patent.

Whereas, on October 29, 2020, Sequoia and ETRI filed Objections to the R&R (D.I. 247), to which Red Hat responded on December 1, 2020 (D.I. 251).

Whereas, on May 20, 2021, this Court overruled Sequoia and ETRI's objections, and adopted the R&R without modification. (D.I. 253).

Whereas, in this Court's Claim Constructions, the term "disk partition" has been construed as "section of a disk that is a minimum unit of a logical volume." (D.I. 231, at 32; D.I. 253). In so holding, the Court adopted Red Hat's proposed construction and indicated agreement with Red Hat's argument "that logical volumes are not created by subsets of disk partitions, but instead from whole or entire disk partitions." (D.I. 231, at 11).The "disk partition" term appears in limitations applicable to each Asserted Claim of the '436 Patent.

Whereas the Parties stipulate that the Accused Products do not meet the claim limitations reciting "disk partition" under this Claim Construction. Specifically, the Parties stipulate that, in the Accused Products, the disk partition is not the "section of a disk that is a minimum unit of a logical volume." Rather, the Accused Products can form logical volumes utilizing units smaller than "whole" or "entire" disk partitions, such as an "extent," as a minimum unit of the alleged logical volume. Accordingly, under this Court's Claim Construction of "disk partition," the Accused Products do not infringe any Asserted Claim.

Whereas, in this Court's Claim Constructions, the term "logical volume" has been construed as "extensible union of more than one disk partition, the size of which is resized in disk partition units." (D.I. 231, at 32; D.I. 253). In so holding, the Court adopted Red Hat's proposed construction and indicated agreement with Red Hat's argument that a logical volume cannot "be formed from a sub-portion of a disk partition." (D.I. 231, at 14). The "logical volume" term appears in limitations applicable to each Asserted Claim of the '436 Patent.

Whereas the Parties stipulate that the Accused Products do not meet the claim limitations reciting "logical volume" under this Claim Construction. Specifically, the Parties stipulate that,

3

in the Accused Products, the logical volume is not the "extensible union of more than one disk partition, the size of which is resized in disk partition units." Rather, logical volumes in the Accused Products can be resized from sub-portions of a disk partition. Accordingly, under this Court's Claim Construction of "logical volume," the Accused Products do not infringe any Asserted Claim.

Whereas Sequoia and ETRI intend to appeal the judgment, challenging, among other things, this Court's Claim Constructions of "disk partition" and "logical volume." Sequoia and ETRI contend that the Accused Products do infringe under the correct constructions of the '436 Patent's Asserted Claims, and that, if the Claim Constructions of "disk partition" and "logical volume" are corrected, Sequoia and ETRI will be able to maintain their allegations that the Accused Products infringe the '436 Patent. The judgment will be subject to all rights of Sequoia and/or ETRI to appeal including, without limitation, their rights to challenge the Court's Claim Constructions of "disk partition," "logical volume," "computer-readable recording medium," and any other disputed claim term on appeal.

Whereas, subject to all of Sequoia and/or ETRI's rights to appeal, the Parties acknowledge that the Court's Claim Constructions of the "disk partition" and "logical volume" terms of the '436 Patent fully resolve Sequoia's claims of infringement against the Initial Defendants, Red Hat, and IBM because the Accused Products do not infringe the Asserted Claims of the '436 Patent under the Court's Claim Constructions and the Parties' stipulations set forth above.

Whereas, Red Hat contends, that under the Court's Construction of "extent allocation table for indicating whether each extent in the disk partition is used or not used" and the Court's Construction that the preamble phrase "a method for managing a logical volume in order to support dynamic online resizing and minimizing a size of metadata" is limiting, the Accused Products do

4

not infringe the Asserted Claims. Red Hat further contends that, under the Court's Construction of "mirror data table for validating data," the Accused Products do not infringe Claim 3. Sequoia and ETRI dispute these contentions, and therefore the Parties have not stipulated to non-infringement based on these constructions.

Whereas, in this Court's Claim Constructions, the term "computer-readable recording medium" has been construed as "transitory or non-transitory computer-readable recording medium." (D.I. 231, at 32). In so holding, the Court adopted Red Hat's proposed construction and indicated that "transitory mediums" include "signals or waves," such as "carrier waves." (D.I. 231, at 28). The Federal Circuit has held "carrier waves" to be ineligible for patenting. *See Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1294 (Fed. Cir. 2017) (citing *In re Nuijten*, 500 F.3d 1346, 1355, 1357 (Fed. Cir. 2007)). Therefore, the Parties stipulate that, under this Court's Claim Construction, Claims 8 through 10 are invalid under 35 U.S.C. § 101 for encompassing unpatentable subject matter.

Whereas Sequoia and ETRI intend to appeal the judgment, challenging, among other things, this Court's Claim Construction of "computer-readable recording medium." Sequoia and ETRI contend that, under the correct constructions, Claims 8 through 10 do not encompass unpatentable subject matter and do satisfy the requirements of 35 U.S.C. § 101.

It is hereby **ORDERED** that:

1. Judgment will be entered in a separate document in accordance with Federal Rule of Civil Procedure 58, providing for judgment in favor of the following Parties on the following claims, based on the Parties' stipulations and the grounds set forth above:

    a. In favor of Red Hat Inc. on its claim for declaratory judgment of non-infringement of the '436 Patent, on its claim for declaratory judgment of invalidity of Claims 8

through 10 of the '436 Patent under 35 U.S.C. § 101, and on Sequoia's counterclaim for infringement of the '436 Patent; and dismissing, without prejudice, the remainder of Red Hat Inc.'s claim for declaratory judgment of invalidity of claims of the '436 Patent;

b. In favor of International Business Machines Corp. on Sequoia's counterclaim for infringement of the '436 Patent;

c. In favor of Dell Inc.; Dell Technologies Inc.; and its subsidiary EMC Corporation (a/k/a Dell EMC) on Sequoia's claim of infringement of the '436 Patent;

d. In favor of Hewlett Packard Enterprise Company on Sequoia's claim of infringement of the '436 Patent;

e. In favor of Hitachi, Ltd. and Hitachi Vantara LLC (formerly known as Hitachi Vantara Corporation) on Sequoia's claim of infringement of the '436 Patent; and

f. In favor of Super Micro Computer, Inc. on Sequoia's claim of infringement of the '436 Patent.

2. The Parties do not waive their rights to appeal any post-judgment orders issued by this Court.

3. The above captioned cases shall otherwise remain **STAYED** until the deadline for filing an appeal has expired or until the Federal Circuit's mandate on any appeal is issued.

4. To promote judicial efficiency and to conserve litigation costs, the deadlines for filing a bill of costs or a motion for attorney fees pursuant to Fed. R. Civ. P. 54(d) are extended until thirty days after the Federal Circuit's issuance of the mandate regarding Sequoia and/or ETRI's appeal of this Court's final judgment, or thirty days after the time to file an appeal has expired.

SO ORDERED this \_\_\_\_ day of _____ 2021.

_____
UNITED STATES DISTRICT JUDGE